Kevin G. Little, SBN 149818
Michelle L. Tostenrude, SBN 290121
Law Office of Kevin G. Little
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
E-Mail: kevin@kevinlittle.com

Attorneys for Plaintiffs Martha Zepeda Olivares, individually and on behalf of the Estate of Maximiliano Sosa, Jr. and Maximiliano Sosa, Sr.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| MARTHA ZEPEDA OLIVARES, individually and on behalf of the ESTATE OF MAXIMILIANO SOSA, JR.; MAXIMILIANO SOSA, SR., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF FRESNO; UNKNOWN LAW ENFORCEMENT OFFICERS, and DOES 1-30 <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES AND WRONGFUL DEATH; CALIFORNIA CODE OF CIVIL PROCEDURE § 377.32 DECLARATION** <br><br> 42 U.S.C. § 1983 <br>    Fourth Amendment <br>    Substantive Due Process <br>    Municipal Liability <br><br> JURY TRIAL DEMANDED |

TO THE HONORABLE COURT:

Plaintiffs Martha Zepeda Olivares, individually and on behalf of the Estate of Maximiliano Sosa, Jr., and Maximiliano Sosa, Sr., through their undersigned counsel, hereby make the following allegations against the defendants, and each of them:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, as it presents federal civil rights claims against state actor defendants and a municipal defendant.

2. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), as all of the

COMPLAINT
-1-

underlying actions took place in this judicial district. Plaintiffs are informed and believe that venue is also proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

3. Plaintiff Martha Zepeda Olivares (hereinafter "Martha") is an adult resident of the County of Fresno. Zepeda is the mother of Maximiliano Sosa, Jr., (hereinafter "Max"), who died on November 4, 2023.

4. Martha also is the successor in interest and legal representative of the Estate of Maximiliano Sosa, Jr.. Martha is Max's mother. Attached as Exhibit A is the declaration required by California Code of Civil Procedure §377.32. Max's death certificate is pending and will be submitted as soon as it becomes available.

5. Plaintiff Maximiliano Sosa, Sr. (hereinafter "Max, Sr.") is an adult resident of the County of Fresno. Max, Sr. is Max's father.

6. Max died on November 4, 2023, at the age of 33 years old. Max was a resident of Fresno County. Max was legally separated under the meaning of California Family Code § 70, as he and his estranged spouse, Maria Sosa, had been living apart since February 2023 and had both verbally and through their conduct expressed an intention not to reconcile but instead to end their marriage. Moreover, because Max and Maria Sosa were legally separated at the time of this incident and also were living apart, she has no interest in this action pursuant to California Family Code § 781. Therefore, Max's only successors in interest as defined under California Code of Civil Procedure §§ 377.11, and 377.30-377.32 are his surviving parents, Martha and Max, Sr., and his two sons, ages 4 and 2 years old. Given their young age, Max's surviving children are obviously not eligible to represent his interests in this proceeding. A guardian ad litem petition will be filed with the Court, after which time it is anticipated that Max's children will be added as plaintiffs.

7. Defendant City of Fresno is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California. Under its supervision, the City of Fresno operates the Fresno Police Department (hereinafter "FPD"). City of Fresno is primarily responsible for funding and supervising the Fresno Police Department, which is the

COMPLAINT
-2-

law enforcement agency with primary jurisdiction for investigating the alleged incident underlying this case.

8. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as Unknown Law Enforcement Officers, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege these defendants' true names and capacities when ascertained. Plaintiffs believe and allege that each of these fictitious defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.

## STATEMENT OF FACTS

9. Max was gainfully employed as a diesel mechanic at the time of his death. Max had no criminal record, no mental health history, no drug use history, no history of alcohol abuse, and no history of violence. Max had attended a few sessions of marriage counseling earlier in February and March 2023 with Maria Sosa, but not for the purpose of addressing any mental health disorder.

10. Max had no firearm or other item on his person commonly considered a weapon at the time of his death.

11. Although clearly troubled by the ending of his marriage, Max was leading a normal life, i.e., working and spending time with family and friends, in the months, weeks and days leading up to the incident that resulted in his death. Just hours before his death, Max had attended his nephew's high school football game and took this photo.

12. Available video footage shows that Max does not appear to be highly intoxicated or under the influence of drugs at the time of his death on November 4, 2023. He was driving

capably and walking normally. Indeed, Max helped a seemingly intoxicated Maria Sosa back to her apartment at 2:15 a.m., just hours before his death. The apartment is within the complex known as the Dante Apartments, 5555 N. Dante Avenue, Fresno, California 93722.

13. Max was summoned back to the apartment complex where Maria Sosa lived for reasons that still remain unknown at approximately 3:10 a.m., after he had left only approximately 15 minutes earlier.

14. Available video footage shows that Max left Maria Sosa's apartment complex again at approximately 3:30 a.m. Max was still walking and behaving normally and did not appear to be under the influence of anything.

15. Max returned to the apartment complex again approximately 15 minutes later, by which time Unknown Law Enforcement Officers were on scene. Appearing to have no desire to interact with law enforcement, Max left the apartment complex without exiting his vehicle.

16. Max returned to the apartment complex yet again at approximately 4:35 a.m. Max parked right next to a Fresno Police vehicle and began walking normally towards Maria Sosa's apartment. Available video does not show Max with any weapons, and he does not appear to be under the influence of anything.

17. No more than five minutes after Max returned to the apartment complex, he was shot multiple times by law enforcement approximately 15-20 feet in front of Maria's apartment. Plaintiffs are informed and believe that Max was unarmed at the time of the shooting and had returned to the apartment complex not of his own accord but based on a request. Plaintiffs are informed and believe there was nothing suggesting that Max intended to harm Maria Sosa or any law enforcement personnel, or ever threatened to do so.

18. Despite the plethora of tactical options and strategic advantages possessed by the law enforcement personnel on scene, deadly force was used, and in the absence of any apparent justification. Unknown Law Enforcement Officers fired on Max when he was unarmed and non-dangerous.

19. Max was the subject to attempts to preserve his life after the shooting, which endured for several minutes before it was determined that his life could not be saved.

20. As a result of Max's death, his family, including Martha and Max, Sr. are devastated. Max leaves behind two children he loved dearly, as well as many close family members and friends.

## FIRST CAUSE OF ACTION

### Violation of Fourth Amendment of the United States Constitution

### (42 U.S.C. §1983)

**(On Behalf of the Estate of Maximiliano Sosa, Jr. Against All Individual Defendants)**

21. Plaintiffs re-allege and incorporate by reference the foregoing paragraphs of this complaint.

22. The individual defendants, acting under color of law, committed the above-described conduct that violated Max's rights, as provided for under the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of deadly force against him.

23. Max was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death.

24. Max did not file a legal action before his death.

25. Max's estate, represented by Martha, is the successor in interest of Max's claims damages for the conscious pain and suffering incurred, as provided for under 42 U.S.C. §1983.

26. Defendants acted under color of law by shooting and killing Max without lawful justification and subjecting decedent to excessive force thereby depriving him of certain constitutional protected rights, including, but not limited to, the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution.

27. WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

///

///

///

## SECOND CAUSE OF ACTION

### Violations of Civil Rights to Familial Relationship

### (42 U.S.C. §1983)

### (On Behalf of Plaintiffs Martha Zepeda Olivares and Maximiliano Sosa, Sr. and Against All Individual Defendants)

28. Plaintiffs re-allege and incorporate by reference the foregoing paragraphs of this complaint.

29. The individual defendants, acting under color of law, and without due process of law, deprived Plaintiffs of their substantive due process rights to continued familial relations without government interference.

30. The individual defendants specifically committed this misconduct by using unreasonable, unjustified and excessive deadly force against Max, which caused injuries resulting in his death, as alleged hereinabove.

31. These individual defendants also attempted to conceal their misconduct and hide the true cause of Max's demise to deprive Plaintiffs of their rights to seek redress in violation of their rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

32. The individual defendants' misconduct in these respects was the proximate cause of injury to Plaintiffs.

33. WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### Municipal Liability

### (42 U.S.C. §1983)

### (On Behalf of All Plaintiffs Against Defendant City of Fresno)

34. Plaintiffs re-allege and incorporate by reference the foregoing paragraphs of this complaint.

35. Plaintiffs are informed and believe and thereon allege that City of Fresno's offending customs, policies, and/or practices were the moving force behind the constitutional violations

set forth in the foregoing causes of action.

36. Plaintiffs are specifically informed and believe that City of Fresno, through the Fresno Police Department, has failed to train, investigate, discipline, or supervise its officers, members, most of whom have been involved in repeated unreasonable uses of deadly or injurious force. Notwithstanding any formal written policies that ostensibly exist, officers are permitted as a practical matter to use deadly force with impunity, with no meaningful scrutiny, consequences or changes made in how the FPD responds to incidents. Plaintiffs are also informed and believe that these illicit customs, policies and/or practices have been condoned and ratified by those in final decision making positions. Plaintiffs anticipate supplementing the bases for municipal liability as discovery proceeds.

37. WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## PRAYER

WHEREFORE, Plaintiffs prays for relief, as follows:

1. For general damages in a sum to be determined at trial;
2. For special damages, including but not limited to past, present, and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For funeral and burial expenses according to proof;
4. For punitive damages and exemplary damages in amounts to be determined according to proof as to the individual Defendants and each of them;
5. Any and all permissible statutory damages;
6. For reasonable attorney's fee pursuant to 42 U.S.C. §1988 and U.S.C. §794A;
7. For cost of suit herein incurred.
8. For prejudgment interest.
9. For such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury, consistent with their rights under the Seventh Amendment and other applicable law.

Dated: November 7, 2023

/s/ Kevin G. Little
Kevin G. Little
Attorneys for Plaintiffs Martha Zepeda Olivares, individually and on behalf of the Estate of Maximiliano Sosa, Jr. and Maximiliano Sosa, Sr.

COMPLAINT

-8-

# CODE OF CIVIL PROCEDURE 377.32
# DECLARATION OF MARTHA ZEPEDA OLIVARES

The undersigned, Martha Zepeda Olivares, hereby declares as follows under penalty of perjury:

1. The decedent's true name was Maximiliano Sosa, Jr. and he was my son.

2. The decedent died on November 4, 2023 in Fresno County, California. I am informed and believe his death investigation remains pending and no death certificate is currently available.

3. No proceeding is now pending in California for administration of the decedent's estate.

4. I am one of the decedent's surviving parents, heir and his successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeed to the decedent's interest in this action or proceeding.

5. I am authorized to act on behalf of the decedent with respect to the decedent's interest in the action or proceeding.

6. No other person has a superior right to commence this proceeding for the decedent.

7. If called to testify as to the foregoing, I could truthfully and competently testify as to the above stated facts.

Sworn under penalty of perjury under the laws of the United States of America, this 7th day of November, 2023.

_Martha Zepeda Olivares_
Martha Zepeda Olivares