Maria Del Carmen Sosa
5552 W. Oak
Fresno, CA 93722

FILED
Nov 13, 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

RECEIVED
NOV 13 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

MARIA SOSA & Minor Children, Estate of MAXIMILIANO SOSA, JR.

Case No.: 1:23-cv-01575 JLT [SAB]

MARIA SOSA'S OBJECTION TO MODIFIED' ORDER RE: PLAINTIFF'S EMERGENCY EX PARTE APPLICATION FOR ORDER ALLOWING PRIVATE AUTOPSY PRIOR TO EMBALMING OR FUNERAL

Filed By Fax

I, MARIA SOSA ("Mrs. Sosa") hereby object to Plaintiff's Emergency Ex Parte Application For Order Allowing Private Autopsy Prior to Embalming or Funeral based on the following objections and legal authority.

## FACTUAL BACKGROUND

1. Maria Sosa ("Mrs. Sosa") and Maximiliano Sosa, Jr. ("Mr. Sosa" or "Max Sosa, Jr.") married on or about July 11, 2014, in the County of Fresno, State of California.

2. Mr. and Mrs. Sosa share two minor children, who are presently 4 and 2 years old.

3. At all times relevant herein, Mrs. Sosa has maintained legal and actual custody and control of her minor children.

---
1

ORIGINAL

4. On November 4, 2023, at approximately 3:30 a.m., Fresno Police Officers were summoned to Mrs. Sosa's apartment complex, located at 5555 N. Dante Avenue, Fresno, California 93722.

5. Fresno Police Officers, whose identities remain unknown to Mrs. Sosa, arrived on scene, and entered the apartment for Mrs. Sosa. Shortly thereafter, Max Sosa, Jr. was fatally shot multiple times by the responding Fresno Police Officers.

6. Fresno Police Officers, whose identities remain unknown to Mrs. Sosa, and/or Paramedics attempted CPR (Cardiopulmonary Resuscitation) for several minutes following the shooting but were unable to revive Mr. Max Sosa, Jr. He was pronounced dead shortly thereafter.

7. The activities undertaken by the unknown Fresno Police Officers constituted inappropriate seizure of a person under the Fourth Amendment of the United States Constitution as Decedent Max Sosa, Jr. was: 1) not acting in the commission of any crime; 2) clearly unarmed at the time; 3) compliant with the unknown Fresno Police Officers orders at all times relevant herein.

8. The unjustifiable use of force by these unknown Fresno Police Officers, upon Decedent Max Sosa, Jr. constituted excessive and deadly force in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

9. Mrs. Sosa has retained the Law Offices of Steven A. Lerman to investigate and prosecute a Civil Case against the City of Fresno, and the unknown shooting officers for her and her minor children, and the Estate

2

of Maximiliano Sosa, Jr. – to which she is the rightful Successor-In-Interest.

10. Mrs. Sosa anticipates she will file Federal and State Causes of Action against the City of Fresno and the unknown police officers in the coming weeks and months.

11. Plaintiff's Complaint for Damages and her Emergency Ex Parte Application seeking relief allowing private autopsy contain numerous false statements, designed to belittle and demean Mrs. Sosa's character and person.

12. At the time of Decedent's untimely death, Mr. and Mrs. Sosa were legally married. At no time during the marriage did either spouse file a Petition for Dissolution of Marriage or Petition for Legal Separation.

13. The death certificate [attached hereto as **Exhibit 1**] makes clear that at the time of Max Sosa Jr.'s death, he was legally married to Maria Del Carmen Sosa.

## OBJECTIONS

Mrs. Sosa objects to Plaintiff's Ex Parte Application for Order Allowing Private Autopsy Prior to Embalming or Funeral as follows:

### A. Plaintiff Lacks Standing to Control the Disposition of Decedent's Remains at Death

At the time of his death, Max Sosa, Jr. did not have any Power of Attorney or legal document that controls the disposition of his remains at death. Section

3

7100 of the Health and Safety Code establishes rights and duties in the disposition of human remains, providing:

> a) "The right to control the disposition of the remains of a deceased person, unless other directions have been given by the decedent, vests in, and the duty of interment and the liability for the reasonable cost of interment of such remains devolves upon the following in the order named:
>
>   a. The surviving spouse.
>
>   b. The surviving child or children of the decedent.
>
>   c. The surviving parent or parents o the decedent.

Based on the fact that Mrs. Sosa was Max Sosa, Jr.'s surviving spouse at the time of his death, she is entitled to control the disposition of his remains. Mrs. Sosa does not want to subject her deceased spouse to further desecration and/or mutilation, but rather expedite the embalmment and burial of his remains so that she and her family may begin to visit him and attempt to continue with the grieving process.

Mrs. Sosa has secured burial arrangements on behalf of Decedent, and has paid in advance. Decedent Sosa is presently located at Wallin Funeral Home, where he is ready to be embalmed and prepared for his final rest. Furthermore, Mrs. Sosa is the surviving biological parent for Decedent's children, who also maintain greater standing than Plaintiff to determine the disposition of Mr. Sosa's Jr.'s remains. Based Mrs. Sosa's superior standing, she objects to Plaintiff's autopsy.

4

MARIA SOSA'S OBJECTION TO MODIFIED' ORDER RE: PLAINTIFF'S EMERGENCY EX PARTE APPLICATION FOR ORDER ALLOWING PRIVATE AUTOPSY PRIOR TO EMBALMING OR FUNERAL

## B. Plaintiff's Ex Parte Fails to Articulate Imminent/Irreparable Harm and/or Justifiable Cause to Warrant a Private Autopsy

Mrs. Sosa also objects on the grounds that Plaintiff has not articulated any justifiable reason to subject Decedent Mr. Sosa, Jr. to a second autopsy. Following pronouncing Max Sosa, Jr. deceased at the subject apartment complex, he was transported to the Fresno County Coroner's Office, where an autopsy was performed by Deputy Coroner Jenny Rene Strong, who determined that Max Sosa, Jr.'s cause of death was gunshot wounds to his chest, and that his manner of death was homicide, with the injury occurring as a result of Decedent being shot by Law Enforcement.

Plaintiff's Ex Parte application is completely void of any factual or legal authority that would warrant the need for a subsequent private autopsy. Moreover, Plaintiff has failed to allege any real imminent or irreparable harm by allowing Decedent to be embalmed and buried. Absent, showing some factual or legal need to subject Decedent to a second autopsy is an abuse of power, and contrary to the current state of the law. Furthermore, Plaintiff has not provided any specific detail with respect to when Decedent Mr. Sosa, Jr. would be picked up, who would be performing the autopsy, where the autopsy is to be performed, the scope and/or limitations of the autopsy, financial details for autopsy, or when Decedent Mr. Sosa, Jr. would be returned to the funeral home.

Plaintiff's attempt to secure a private autopsy has hindered with Mrs. Sosa's desire and ability to put her deceased spouse to rest. As stated previously, Mrs. Sosa has secured burial arrangements for her husband, and has undertaken financial responsibility for such. Plaintiff's attempt to delay and subject Decedent to an unnecessary and needless private autopsy interferes with the current

5

contractual arrangement she has with the funeral home, and jeopardizes her current plans for his burial service and arrangements. Furthermore, Plaintiff's have not offered nor have they provided any financial assistance for Decedent's burial service.

## CONCLUSION

For the foregoing reasons, Mrs. Sosa respectfully requests that this Court deny Plaintiff's Ex Parte Application For Order Allowing Private Autopsy Prior to Embalming or Funeral.

Dated: November 13, 2023

By: *Maria Sosa*

Maria Del Carmen Sosa

6

MARIA SOSA'S OBJECTION TO MODIFIED' ORDER RE: PLAINTIFF'S EMERGENCY EX PARTE APPLICATION FOR ORDER ALLOWING PRIVATE AUTOPSY PRIOR TO EMBALMING OR FUNERAL