Kevin G. Little, SBN 149818
Michelle Tostenrude, SBN 290121
Law Office of Kevin G. Little
Post Office Box 8656
Fresno, CA 93721
Tel.      (559) 342-5800
Fax:     (559) 242-2400
E-Mail:  kevin@kevinlittle.com

Attorneys for Plaintiffs Martha Zepeda Olivares, individually and on behalf of the Estate of Maximiliano Sosa, Jr. and Maximiliano Sosa, Sr.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| MARTHA ZEPEDA OLIVARES, individually and on behalf of the ESTATE OF MAXIMILIANO SOSA, JR.; MAXIMILIANO SOSA, SR., <br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO; UNKNOWN LAW ENFORCEMENT OFFICERS, and DOES 1-30<br><br>Defendants. | CASE NO. 1:23-cv-01575-JLT-SAB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA SERVED ON NONPARTY MARIA SOSA ON NOVEMBER 11, 2023; RELATED REQUEST FOR MONETARY SANCTIONS**<br><br>Hearing: December 13, 2023<br>Time: 10:00 a.m.<br>Courtroom: 9, 6th Floor<br>Hon. Stanley A. Boone, Magistrate Judge |

TO THE HONORABLE COURT:

Plaintiffs Martha Zepeda Olivares, individually and on behalf of the Estate of Maximiliano Sosa, Jr. and Maximiliano Sosa, Sr., through their counsel of record, hereby give notice of this motion to compel compliance with the subpoena served on November 11, 2023 on nonparty Maria Sosa. The compliance date for said subpoena was yesterday, November 21, 2023. A copy of the subpoena is attached as Exhibit A, and Ms. Sosa's subsequent objection is attached as Exhibit B, and plaintiffs' response to said objection and invitation to meet and confer is attached as Exhibit C.

In short, this is a case filed under 42 U.S.C. § 1983 related to a deadly force incident that

1  occurred in the City of Fresno on November 4, 2023.  On November 11, 2023, plaintiffs served
2  the subject subpoena both electronically and, on November 12, 2023, in person.  The subpoena
3  seeks information which clearly is relevant to the subject dispute, i.e., the decedent's electronic
4  devices used near the time of his death, which are currently in the possession of Ms. Sosa, for
5  purposes of a forensic download and examination.

6      Ms. Sosa, through her counsel, objects to the production of the devices on grounds that
7  appear to lack merit, i.e., that the phone data is protected by the attorney-client privilege or
8  work product doctrine, that  the subpoena would cause undue burden/expense, and that service
9  was improper.  Plaintiffs note that Ms. Sosa has not responded further after her objections were
10 challenged.

11     Plaintiffs will comply with Eastern District Local Rule 251 by completing the meet and
12 confer process that has already begun, as required by Local Rule 251(b), and, no later than 14
13 days before the noticed hearing date of December 13, 2023, file the Joint Statement of
14 Discovery Dispute required by Local Rule 251(c).

15     In addition to requesting compliance with the subject subpoena, plaintiffs' counsel
16 provides notice of his intent to seek monetary sanctions, since Ms. Sosa's position on the
17 subpoena does not appear to be substantially justified.  This issue will also be the subject of the
18 required meet and confer process and joint statement.

19     Plaintiffs are of course amenable to participating in any and all informal discovery
20 efforts the Court may suggest or require, but, given the potentially evanescent nature of the
21 information sought, they request that any such efforts not delay the hearing date.

22 Dated:  November 22, 2023              /s/ Kevin G. Little
                                          Kevin G. Little
23                                        Attorneys for Plaintiffs Martha Zepeda Olivares,
                                          individually and on behalf of the Estate of
24                                        Maximiliano Sosa, Jr. and Maximiliano Sosa, Sr.
25
26
27
28

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| MARTHA ZEPEDA OLIVARES, etc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:23-cv-01575-JLT-SAB |
| CITY OF FRESNO, etc. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: MARIA SOSA

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: any electronic device or computer owned used by or containing any data created by Max Sosa, Jr. In your possession, custody, or control.

| Place: LAW OFFICE OF KEVIN G. LITTLE<br>1225 EAST DIVISADERO ST., FRESNO CA 93721 | Date and Time:<br>11/21/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/11/2023

*CLERK OF COURT*

OR

_____                    /a/ Kevin G. Little
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* PLAINTIFFS MARTHA ZEPEDA OLIVARES & MAXIMILIANO SOSA, SR. , who issues or requests this subpoena, are:

Kevin G. Little, LAW OFFICE OF KEVIN G. LITTLE, Post Office Box 8656, Fresno, CA 93747, (559) 342-5800

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:23-cv-01575-JLT-SAB   Document 15   Filed 11/22/23   Page 5 of 12

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

STEVEN A. LERMAN, S.B.N. 055839
NICHOLAS M. LERMAN, S.B.N. 292656
STEVEN A. LERMAN & ASSOCIATES, INC.
6033 West Century Boulevard, Suite 740
Los Angeles, California 90045
Telephone (310) 659-8166
Facsimile  (310) 285-0779

Attorneys for Third Party Witness
MARIA SOSA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| MARTHA ZEPEDA OLIVARES, et al., <br><br> Plaintiffs. <br><br> vs. <br><br> CITY OF FRESNO, et al. <br><br> Defendants. | Case No.: 1:23-cv-01575 JLT [SAB] <br><br> **MARIA SOSA'S OBJECTIONS TO MARTHA ZEPEDA OLIVARES DEPOSITION SUBPOENA FOR PRODUCTION OF DOCUMENTS** <br><br> Date:  November 21, 2023 <br> Time:  10:00 a.m. <br> Place:  Law Offices of Kevin G. Little <br>        1225 East Divisadero St. <br>        Fresno, California 93721 <br><br> Action Filed:   November 7, 2023 |

Third Party Witness MARIA SOSA hereby objects to Plaintiff Martha Zepeda Olivares' ("Plaintiff") Deposition Subpoena for Production of Documents as follows:

---

1

**OBJECTIONS TO DEPOSITION SUBPOENA FOR PRODUCTION OF DOCUMENTS**

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

Any electronic device or computer owned used by or containing any data created by Max Sosa, Jr. In your possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection, This request is vague and ambiguous and calls for speculation, and conjecture. This request is overbroad, burdensome, harassing and oppressive. This request also calls for information and documents protected by privacy rights under the United States Constitution, and the State of California. This request also calls for information and documents protected by the attorney/client privilege and by the attorney work product doctrine. (Evid. Code, § 954; Civ Pro. Code, § 2018.030; *Coito v. Superior Court* (2012) 54 Cal.4th 480; *Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725.)

The electronically-stored information (ESI) is not reasonably accessible because of undue burden or expense, and Ms. Sosa may refuse to search for it in the absence of a court order. Fed R. Civ. P. 26(b)(2)(B).

Plaintiff's third party subpoena was not served in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. This Rule clearly states that service by "electronic means" is permissible only if "the person consented in writing." Fed. R. Civ. P. 5(b)(2)(E). It is undisputed that no such written consent exists between Plaintiff and Counsel for Ms. Sosa.

DATED: November 13, 2023        STEVEN A. LERMAN & ASSOCIATES, INC.

By: _____
NICHOLAS LERMAN
Attorney for Third Party Witness
MARIA SOSA

2

**OBJECTIONS TO DEPOSITION SUBPOENA FOR PRODUCTION OF DOCUMENTS**

## CERTIFICATE OF SERVICE
Re: Devonte Stephenson, et al. v. County of Riverside, et al
Case No. 5:21-cv-00526-JAK-KK

At the time of service, I was over 18 years of age and not a party to this action. My business address is: 6033 W. Century Blvd. Suite 740, Los Angeles, CA 90045. I am employed in the office of a member of the bar of this Court at whose direction the service was made. On November 14, 2023, I served the foregoing **MARIA SOSA'S OBJECTIONS TO MARTHA ZEPEDA OLIVARES DEPOSITION SUBPOENA FOR PRODUCTION OF DOCUMENTS** on all interested parties in this action at the following addresses:

Law Offices of
Kevin G. Little
1225 East Divisadero St.,
Fresno, California 93721
T: 559-342-5800
Email: kevin@kevinlittle.com
Attorneys for
Martha Zepeda Olivares

Travis Stokes
Fresno City Attorney's Office
2600 Fresno St., Room 2031
Fresno, CA 93721.
T: 559-621-7500 or 559-457-1084
Email: travis.stokes@fresno.gov

(x) By Regular U.S. Mail: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day in a sealed envelope, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

(x) By Email: Based on a court order or an agreement of the parties to accept service by electronic email, I caused the documents to be sent to the persons at the email addresses listed above. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was not successful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on November 14, 2023, in Los Angeles, California.

Angela Castiglioni
Legal Assistant

# EXHIBIT C



Kevin Little <lawofficekevinlittle@gmail.com>

---

## Re: Olivares v. City of Fresno et al., CASE NO.: 1:23-cv-01575 JLT [SAB]
1 message

---

**Kevin Little** <kevin@kevinlittle.com>  Tue, Nov 14, 2023 at 12:47 PM
To: lermansinjurylaw@gmail.com
Cc: travis.stokes@fresno.gov, Nicholas Lerman <nmlerman@icloud.com>, Nicholas Lerman <nmlerman0@yahoo.com>
Bcc: Roger Wahl <roger@kevinlittle.com>, Michelle Tostenrude <michelle@kevinlittle.com>, Alexa VanHooser <alexa.vanhooser@kevinlittle.com>

Good afternoon.  I received the objection to the subpoena.  In response, let me just state the following, in order to initiate the meet and confer process:

1.  Under Eastern District Local Rule 135(g), any attorney authorized to file in our district electronically also agrees to accept electronic service, and that consent provision complies with FRCP 5(b)(2)(E).  Your office represented on November 11, 2023 that you were authorized to accept service for Ms. Sosa, and then you used the CM/ECF to file documents in this case on Ms. Sosa's behalf yesterday.

2.  The assertion of attorney-client or work product privilege is frivolous.  Clearly, any decedent-owned device or decedent-created data would have been used and/or generated when he was alive and when there was no anticipation of any legal dispute or attorney-client relationship.

3.  Finally, we have confirmation through electronic means that the decedent's tablet and computer are in your client's actual possession, custody or control.  There is thus no undue burden in producing them.  No data will be compromised or destroyed in connection with the subpoena.  We can extract a copy of the data in a relatively short time frame.

Sincerely,

Kevin G. Little
Attorney at Law

Physical Address:
1225 East Divisadero Street
Fresno, California 93721

Mail and Delivery Address:
P.O. Box 8656
Fresno, CA 93747

Telephone:  (559) 342-5800
Facsimile:   (559) 242-2400
Website:      www.kevinlittle.com
Email:           kevin@kevinlittle.com

CONFIDENTIALITY NOTICE: This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510-2521. It is legally privileged. This information is intended only for use by the addressee. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this e-mail is strictly prohibited. If you have received this message in error, please notify the sender immediately via reply e-mail and delete the subject message from your system. Thank you.

ELECTRONIC SERVICE OF DOCUMENTS **MUST** BE SENT TO **SERVICE@KEVINLITTLE.COM**

On Tue, Nov 14, 2023 at 12:08 PM <lermansinjurylaw@gmail.com> wrote:

> Morning,
>
> Enclosed please find Maria Sosa's, Objections to Martha Olivares, deposition subpoena for production of documents in reference to the above-captioned case.
>
> **Angela Castiglioni**
>
> **Legal Assistant to,**
>
> **Nicholas Lerman**
>
> **Steven A. Lerman & Associates, Inc.**
>
> **6033 W. Century Blvd.**

*Suite #740*

Los Angeles, CA 90045

*T:* (310) 659-8166

*F:* (310) 285-0779

CONFIDENTIALITY NOTICE: Do not read this e-mail if you are not the intended recipient. This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please immediately advise us by calling (310) 659-8166 and destroy the original transmission and its attachments without reading or saving them in any manner. Thank you.