# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA ZEPEDA OLIVARES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF FRESNO, et al., <br><br> Defendants. | Case No. 1:23-cv-01575-JLT-SAB <br><br> ORDER REQUIRING PLAINTIFF TO FILE MOTION REQUESTING RELIEF <br><br> ORDER VACATING THE MANDATORY SCHEDULING CONFERENCE <br><br> (ECF No. 24) <br><br> **DEADLINE: FEBRUARY 23, 2024** |

Plaintiffs initiated this action on November 7, 2023 against Defendants City of Fresno and Unknown Law Enforcement Officers. (ECF No. 1.) The mandatory scheduling conference was initially set to occur on February 20, 2024. (ECF No. 5.) Given Plaintiffs had not filed any proof of service and no Defendant has filed a responsive pleading, the Court issued on order continuing the scheduling conference to March 26, 2024 and requiring Plaintiff to file a notice of status of service no later than February 13, 2024. (ECF No. 22.)

On February 13, 2024, Plaintiffs informed the Court that they filed this action on November 7, 2023 just for the purpose of securing an *ex parte* order permitting Plaintiffs to perform a private autopsy on the decedent. (ECF No. 24.) Plaintiffs proffer that when they filed the complaint, they "informed the Fresno City Attorney's Office that the City of Fresno was intentionally not being served yet…and that an amended complaint would be filed as a matter of right pursuant to Federal Rule of Civil Procedure 15(a) prior to service." (Id. at 2.) Plaintiffs

1

1  assert that the complaint filed on November 7, 2023 must be amended to include more specific
2  factual allegations, updated federal claims, and additional state law claims; however, Plaintiffs
3  state they anticipate obtaining "necessary provisional orders from the Fresno Superior Court in
4  May 2024." (Id.)  As such, Plaintiffs inform the Court that an amended complaint will be filed on
5  or before May 31, 2024, which they plan to serve on Defendants by June 30, 2024.   (Id.)

6  As stated in the Court's standing order (ECF No. 5) and reiterated in the Court's order for
7  status of service (ECF No. 22), Rule 4(m) provides that "[i]f a defendant is not served within 90
8  days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—
9  must dismiss the action without prejudice against that defendant or order that service be made
10 within a specified time." Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the
11 failure, the court must extend the time for service for an appropriate period."  Id.  The order
12 setting the scheduling conference in this matter additionally provides that: "plaintiff shall
13 diligently pursue service of the summons and complaint…." (ECF No. 5 at 1.) "Failure to timely
14 serve the summons and complaint may result in the imposition of sanctions, including dismissal
15 of unserved defendants."  (Id. at 2.)

16 Plaintiffs' notice to the Court that (1) no service has been effected in over ninety days, and
17 (2) Plaintiffs' "plan" is to not effect service for an additional one hundred twenty days, is
18 procedurally deficient to overcome the mandatory dismissal of this action under Rule 4(m).  The
19 Court shall order Plaintiffs to file a proper motion, supported by good cause, stating Plaintiffs'
20 requested relief, or, alternatively, dismiss the action pursuant to Rule 41(a).
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs shall file a motion requesting relief **no later than February 23, 2024**;
2. The initial scheduling conference set for **March 26, 2024** at **11:00 a.m.**, in **Courtroom 9** is VACATED; and
3. Failure to comply with this order may result in the issuance of sanctions, up to and including dismissal of this action.

IT IS SO ORDERED.

Dated:   **February 14, 2024**

UNITED STATES MAGISTRATE JUDGE