Kevin G. Little, SBN 149818
Michelle L. Tostenrude, SBN 290121
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
E-Mail: kevin@kevinlittle.com

Attorneys for Plaintiff Martha Zepeda Olivares,
individually and on behalf of the Estate of Maximiliano
Sosa, Jr., and Maximiliano Sosa, Sr.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| MARTHA ZEPEDA OLIVARES, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF MAXIMILIANO SOSA, JR.; MAXIMILIANO SOSA, SR.<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF FRESNO; UNKNOWN LAW ENFORCEMENT OFFICERS, AND DOES 1-30<br><br>Defendant(s). | Case No.: 1:23-cv-01575-JLT-SAB<br><br>*Assigned to: The Hon. Jennifer L. Thurston*<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR ORDER ALLOWING SERVICE BEYOND THE 90 DAY TIME PERIOD PURSUANT TO FED. R. CIV. P. 4(M); SUPPORTING DECLARATION OF COUNSEL** |

TO THE HONORABLE COURT:

Plaintiffs MARTHA ZEPEDA OLIVARES, individually and on behalf of the Estate of Maximiliano Sosa, Jr., and MAXIMILIANO SOSA, SR. (hereinafter "Plaintiffs"), through their undersigned attorney, hereby submit this ex parte application allowing service of process on the City of Fresno beyond the 90 day period specified in Federal Rule of Civil Procedure 4(m). Plaintiffs served the only named defendant, the City of Fresno, with the summons and operative complaint today, which was 108 days after the November 7, 2023 filing of this action. Plaintiffs submit that this Court could properly grant the requested ex parte relief permitting said service for the following reasons:

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER ALLOWING SERVICE BEYOND THE 90 DAY TIME
PERIOD PURSUANT TO FED. R. CIV. P. 4(M); SUPPORTING DECLARATION OF COUNSEL                    1

1. This case arises from an incident that took place on November 4, 2023, only 111 days ago.

2. Plaintiffs filed this action on November 7, 2023, only three days after the subject fatal shooting incident, only due to emergent necessity.  Specifically, it was necessary to file this action at the time in order to secure an *ex parte* order permitting plaintiffs to perform a private autopsy on the corpse of decedent Maximiliano Sosa, Jr. Indeed, this action was filed as early as it was for the purpose of facilitating the obtaining of the private autopsy order.

3. It was Plaintiffs' plan to file an amended complaint after a diligent and prioritized investigation, but those efforts remain pending even now.  Plaintiffs anticipated filing an amended complaint before today and worked diligently to do so.  Specifically, Plaintiffs submitted claims for damages to the City of Fresno on November 14, 2023, only 10 days after the fatal shooting incident, with the intention of adding their state law causes of action to their complaint.  Plaintiffs did not receive denials of those claims until a little more than a month ago, on January 5, 2024.

4. Plaintiffs also had their legal team inspect and photograph the decedent's corpse on November 15, 2023, and a forensic pathologist has done an assessment based on that information as well.  That assessment was only recently completed.

5. Plaintiffs submitted a request for the decedent's autopsy records to the Fresno County Coroner on November 14, 2023, and that request remains pending.

6. Plaintiffs are also awaiting probate court orders that apparently will not be issued until after May 8, 2024.

7. Plaintiffs also have not been able to obtain any information that would enable them to identify the involved officers, such as their body-worn camera footage, reports or other documentation.

Despite these factors that collectively prevent the Plaintiffs from amending their complaint in a way that would render it a final work product, they decided in view of the Court's



PLAINTIFF'S EX PARTE APPLICATION FOR ORDER ALLOWING SERVICE BEYOND THE 90 DAY TIME PERIOD PURSUANT TO FED. R. CIV. P. 4(M); SUPPORTING DECLARATION OF COUNSEL    2

recent order to amend and serve their Complaint to the best of their current ability. Obviously, further amendments and additional parties will be named in this case, but service of process has now been completed.

Given the fact that there has been valid justification for delaying service, in the hopes that all parties and claims could be timely added, as well as the fact that service on the only named defendant has now been effectuated only 18 days after the presumptive 90 day period set forth in FRCP 4(m), Plaintiffs request leave of Court to allow this late service for good cause shown.

Dated: February 23, 2024    LAW OFFICE OF KEVIN G. LITTLE

  */s/ Kevin G. Little*
Kevin G. Little
Attorneys for Plaintiff Martha Zepeda Olivares, individually and on behalf of the Estate of Maximiliano Sosa, Jr., and Maximiliano Sosa, Sr.

**SUPPORTING DECLARATION OF COUNSEL**

The undersigned, Kevin G. Little, hereby declares as follows:

1. I am the attorney of record for the Plaintiffs, Martha Zepeda Olivares, individually and on behalf of the Estate of Maximiliano Sosa, Jr., and Maximiliano Sosa, Sr.

2. Plaintiffs served the only named defendant, the City of Fresno, with the summons and operative complaint today, which was 108 days after the November 7, 2023 filing of this action.

3. Plaintiffs submit that this Court could properly grant the requested ex parte relief permitting said service for the following reasons:

   a. This case arises from an incident that took place on November 4, 2023, only 111 days ago.

   b. Plaintiffs filed this action on November 7, 2023, only three days after the subject fatal shooting incident, only due to emergent necessity. Specifically, it was necessary to file this action at the time in order to secure an *ex parte* order permitting plaintiffs to perform a private autopsy on the corpse of decedent Maximiliano Sosa, Jr. Indeed, this action was filed as early as it was for the purpose of facilitating the obtaining of the private autopsy order.

   c. It was Plaintiffs' plan to file an amended complaint after a diligent and prioritized investigation, but those efforts remain pending even now. Plaintiffs anticipated filing an amended complaint before today and worked diligently to do so. Specifically, Plaintiffs submitted claims for damages to the City of Fresno on November 14, 2023, only 10 days after the fatal shooting incident, with the intention of adding their state law causes of action to their complaint. Plaintiffs did not receive denials of those claims until a little more than a month ago, on January 5, 2024.

   d. Plaintiffs also had their legal team inspect and photograph the decedent's corpse on November 15, 2023, and a forensic pathologist has done an assessment based on that information as well. That assessment was only recently completed.



PLAINTIFF'S EX PARTE APPLICATION FOR ORDER ALLOWING SERVICE BEYOND THE 90 DAY TIME PERIOD PURSUANT TO FED. R. CIV. P. 4(M); SUPPORTING DECLARATION OF COUNSEL      4

1      e.      Plaintiffs submitted a request for the decedent's autopsy records to the Fresno County Coroner on November 14, 2023, and that request remains pending.

       f.      Plaintiffs are also awaiting probate court orders that apparently will not be issued until after May 8, 2024.

       g.      Plaintiffs also have not been able to obtain any information that would enable them to identify the involved officers, such as their body-worn camera footage, reports or other documentation.

4.     Despite these factors that collectively prevent the Plaintiffs from amending their complaint in a way that would render it a final work product, they decided in view of the Court's recent order to amend and serve their Complaint to the best of their current ability. Obviously, further amendments and additional parties will be named in this case, but service of process has now been completed.

5.     Given the fact that there has been valid justification for delaying service, in the hopes that all parties and claims could be timely added, as well as the fact that service on the only named defendant has now been effectuated only 18 days after the presumptive 90 day period set forth in FRCP 4(m), Plaintiffs request leave of Court to allow this late service for good cause shown.

Sworn this 23rd day of February, 2024 under the laws of the United States of America, in Fresno, California.

               */s/ Kevin G. Little*
               Kevn G. Little

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER ALLOWING SERVICE BEYOND THE 90 DAY TIME PERIOD PURSUANT TO FED. R. CIV. P. 4(M); SUPPORTING DECLARATION OF COUNSEL       5