# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA ZEPEDA OLIVARES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, et al.,<br><br>Defendants. | Case No. 1:23-cv-01575-JLT-SAB<br><br>ORDER RE PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER ALLOWING SERVICE<br><br>ORDER SETTING INITIAL SCHEDULING CONFERENCE FOR MAY 30, 2024<br><br>(ECF No. 28) |

Plaintiffs initiated this action on November 7, 2023 against Defendants City of Fresno and Unknown Law Enforcement Officers. (ECF No. 1.) The mandatory scheduling conference was initially set to occur on February 20, 2024. (ECF No. 5.) However, by February 8, 2024, Plaintiffs had not filed proofs of service and no Defendant had filed a responsive pleading. Accordingly, the Court issued on order continuing the scheduling conference to March 26, 2024 and requiring Plaintiffs to file a notice of status of service no later than February 13, 2024. (ECF No. 22.)

On February 13, 2024, Plaintiffs informed the Court that they filed this action on November 7, 2023 for the purpose of securing an *ex parte* order permitting Plaintiffs to perform a private autopsy on the decedent. (ECF No. 24.) Plaintiffs proffered that when they filed the complaint in November 2023, they "informed the Fresno City Attorney's Office that the City of Fresno was intentionally not being served yet…and that an amended complaint would be filed as

1  a matter of right pursuant to Federal Rule of Civil Procedure 15(a) prior to service." (Id. at 2.)
2  Plaintiffs also stated that they anticipated obtaining unspecified "necessary provisional orders
3  from the Fresno Superior Court in May 2024." (Id.) Plaintiffs informed the Court that an
4  amended complaint would be filed on or before May 31, 2024, which they planned to serve on
5  Defendants by June 30, 2024. (Id.) Plaintiffs summarily requested in the status report that this
6  Court issue an order allowing Plaintiffs until May 31, 2024 to file an amended complaint without
7  citing a federal or local rule supporting such relief. (Id. at 2.) Plaintiffs did not request an
8  extension of time to serve the operative complaint (ECF No. 1) pursuant to Rule 4(m).

9  The Court issued an order on February 14, 2024 affording Plaintiffs the opportunity to
10 request such relief to avoid mandatory dismissal under Rule 4(m), or to properly request any
11 other relief supported by good cause no later than February 23, 2024. (ECF No. 25.)

12 On February 23, 2024, Plaintiffs filed a first amended complaint in this action without
13 requesting leave from the Court. (ECF No. 26.) Plaintiffs also filed a summons confirming an
14 unspecified complaint was served on Defendant City of Fresno. (ECF No. 27.) Plaintiffs then
15 filed the instant *ex parte* application for an order allowing service beyond the 90-day time period
16 pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 28.)

17 In the instant *ex parte* application, Plaintiffs request that this Court "allow[] service of
18 process on the City of Fresno beyond the 90 day period specified in Rule 4(m)." (Id. at 1.)
19 However, Plaintiffs proffer they have already effected service on "the only named defendant, the
20 City of Fresno…." (Id.) Plaintiffs further state that "they decided in view of the Court's recent
21 order to amend and serve their complaint to the best of their current ability. Obviously, further
22 amendments and additional parties will be named in this case, but service of process has now
23 been completed." (ECF No. 28 at 2-3.)

24 Plaintiffs, however, fail to specify in the instant application which complaint has already
25 been served on "the only named defendant, the City of Fresno." (Id. at 1, 3.) The Court notes
26 the City of Fresno is the only named defendant in the complaint filed on November 7, 2023;
27 however, the filing entitled "first amended complaint" also names "Police Chief Paco
28 Balderrama." (ECF No. 1; ECF No. 26.) If Plaintiffs served the November 7, 2023 complaint

2

(ECF No. 1) on Defendant City of Fresno on February 23, 2024 (ECF No. 27), it is unclear to the Court what relief Plaintiffs request by way of the instant *ex parte* application. (ECF No. 28.) Plaintiffs offer no authority in the instant motion supporting their request that this Court retroactively grant an extension of time to serve a complaint that has already been served. If the complaint that Plaintiffs served on Defendant City of Fresno on February 23, 2024 was the operative complaint in this action (ECF No. 1), Plaintiffs have already effected service and therefore do not require an extension of time to effect service under Rule 4(m). The Court will not retroactively sanction an extension of time by way of the instant *ex parte* application.

However, Plaintiffs have further compounded the instant matter by filing a "first amended complaint" without requesting leave to amend pursuant to Rule 15(a). (ECF No. 26.) Plaintiffs state within the instant application that they "decided in view of the Court's recent order to amend and serve their Complaint…." (ECF No. 28 at 2-3.) As previously stated, the Court is unaware which complaint Plaintiffs decided to serve on Defendant City of Fresno on February 23, 2024. (See ECF No. 27.) Plaintiffs were not entitled to amend the complaint filed on November 7, 2023 "as a matter of course" because it was not amended within 21 days after it was served on Defendants under Rule 15(a)(1)(A). Waters v. Howard Sommers Towing, Inc., No. CV105296CASAJWX, 2011 WL 13217266, at *3 (C.D. Cal. Apr. 11, 2011). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs have not filed a motion for leave to amend the complaint.

The Court finds Plaintiffs could have filed a motion for leave to amend the complaint as an alternative to a request for an extension under Rule 4(m) in response to the Court's February 14, 2024 order requesting a proper motion for relief. The Court notes the reasons proffered in the instant *ex parte* application show good cause to grant leave to amend, if requested. Therefore, to promote judicial efficiency and to avoid unnecessarily re-serving Defendants that have potentially already been served with the "first amended complaint" filed on February 23, 2024, the Court, on its own motion, retroactively grants leave for Plaintiffs' filing of the first amended complaint pursuant to Rule 15(a)(2).

Plaintiffs are admonished to follow the Federal Rules of Civil Procedure in litigating this action going forward so as to avoid unnecessary orders by the Court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' *ex parte* application for a retroactive extension of time to serve the November 7, 2023 complaint (ECF No. 1) is DENIED;

2. Plaintiffs are retroactively GRANTED leave to amend the complaint pursuant to Rule 15(a)(2) and the complaint filed on February 23, 2024 (ECF No. 26) shall serve as Plaintiff's first amended complaint and the operative complaint in this action;

3. If Plaintiffs have not yet effected service of the first amended complaint (ECF No. 26), Plaintiffs shall serve the first amended complaint on Defendants **within 21 days of entry of this order**. If Plaintiffs have already served the first amended complaint, Defendants shall file their responses in accordance with the dates service was effected pursuant to the Federal Rules of Civil Procedure; and

4. An initial scheduling conference is set in this matter for **May 30, 2024, at 2:30 p.m.**, in Courtroom 9.

IT IS SO ORDERED.

Dated:  **March 6, 2024**

UNITED STATES MAGISTRATE JUDGE