1  Mildred K. O'Linn (State Bar No. 159055)
    *missy.olinn@manningkass.com*
2  Lynn L. Carpenter (State Bar No. 310011)
    *lynn.carpenter@manningkass.com*
3  Maya R. Sorensen (State Bar No. 250722)
    *maya.sorensen@maningkass.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
7
   Attorneys for Defendants, CITY OF
8  FRESNO, UNKNOWN LAW
   ENFORCEMENT OFFICERS, and
9  FORMER POLICE CHIEF PACO
   BALDERRAMA
10
11                    **UNITED STATES DISTRICT COURT**
12                    **EASTERN DISTRICT OF CALIFORNIA**
13
14
15 MARTHA ZEPEDA OLIVARES,              Case No. 1:23-cv-01575-JLT-SAB
   individually and on behalf of the    Dist. Court Judge Jennifer L. Thurston
   ESTATE OF MAXIMILIANO SOSA,          Magistrate Judge Barbara A. McAuliffe
16 JR.; MAXIMILIANO SOSA, SR,
                                        **NOTICE OF MOTION AND**
17          Plaintiffs,                 **MOTION BY DEFENDANTS TO**
                                        **DISMISS PORTIONS OF**
18     v.                               **PLAINTIFF'S FIRST AMENDED**
                                        **COMPLAINT**
19 CITY OF FRESNO; UNKNOWN
   LAW ENFORCEMENT OFFICERS,            [*Filed concurrently with Proposed*
20 POLICE CHIEF PACO                    *Order*]
   BALDERRAMA and DOES 1-30,
21
            Defendants.                 Hearing Date: October 11, 2024
22                                      Time: 9:00 a.m.
                                        Courtroom: 4
23
                                        Action Filed:      02/23/2024
24                                      Trial Date:        Not Yet Set
25
26 ///
27 ///
28 ///

                                        1

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at 9:00 a.m., on October 11, 2024, in Courtroom 4 (7th Floor), located at the United States District Court, Eastern District of California, 2500 Tulare Street, Fresno, California 93721; pursuant to Federal Rules of Civil Procedure 7, 11, and 12, and United States District Court, Eastern District of California Local Rule 230, as well as the applicable Orders of the Court; Defendants CITY OF FRESNO, UNKNOWN LAW ENFORCEMENT OFFICERS, and FORMER POLICE CHIEF PACO BALDERRAMA  (collectively "defendants"), will move this Court for an Order dismissing, without leave to amend, a portion of plaintiffs' First Amended Complaint (FAC), which was filed on February 23, 2024 [Doc. 26] as follows:

1.      Plaintiffs' Fifth claim for violation of the Americans with Disabilities Act and Rehabilitation Act ("ADA") in its entirety, for failure to state a claim upon which relief can be granted;

2.      In the <u>alternative</u>, defendants hereby request that this Honorable Court dismiss plaintiffs' fifth cause of action claims with leave to amend.

This motion is made on the grounds that plaintiffs fail to state a valid ADA claim.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6), and is based upon this notice of motion and the attached memorandum of points and authorities filed and served herewith, the proposed order lodged and served concurrently, the papers and records on file in this action, and upon such additional evidence and arguments as may be properly before this Court at the time of the hearing on this motion.

///

///

///

///

**NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

**NOTICE ON CONFERENCE OF COUNSEL PER LOCAL RULE.**

This motion is made after the defendants attempted resolution by conference of counsel as required by this Court's standing orders [Doc. 5-1].  Prior to filing this motion, defendants' counsel provided plaintiffs' counsel with a detailed meet and confer letter first on March 4, 2024, setting forth defendants' position as to plaintiffs' lack of standing to file the FAC.  On March 5, 2024, the parties agreed to stipulate to a postponement of the scheduling conference and defendants' response date to allow time for decedent's wife and children to enter the case.  The responsive pleading date was then continued by this Court to September 6, 2024. [Doc. 34.]

In anticipation of defendants' responsive pleading due date, defendants reached out to plaintiffs on August 19, 2024 to discuss the fact that the real successors in interest were not, on that date, in the case. The rightful heirs had not filed a complaint yet. Defendants also raised concerns about plaintiffs' ADA claim. Plaintiffs did not respond. On August 26, 2024, defendants sent meet and confer correspondence setting forth defendants' position as to the issues and deficiencies with regard to plaintiffs' ADA claim. On September 3, 2024, defendants reached out to plaintiffs via phone and email to further discuss the instant motion to dismiss. As of the filing of this motion, plaintiffs have not responded to defendants' numerous requests to meet and confer.

///

///

///

///

///

///

///

///

///

**NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

1    DATED:  September 6, 2024          **MANNING & KASS**
                                        **ELLROD, RAMIREZ, TRESTER LLP**
2

3
                                        By:      /s/ Mildred K. O'Linn
4                                               Mildred K. O'Linn, Esq.
5                                               Lynn L. Carpenter, Esq.
                                                Maya R. Sorensen, Esq.
6                                               Attorneys for Defendants, CITY OF
7                                               FRESNO; UNKNOWN LAW
                                                ENFORCEMENT OFFICERS, and
8                                               POLICE CHIEF PACO BALDERRAMA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S**
**FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3       Plaintiffs' First Amended Complaint ("FAC") alleges that on November 3,

4   2023, Defendants City of Fresno ("CITY"), Unknown Law Enforcement Officers and

5   [Former] Police Chief Paco Balderrama ("Chief Balderrama") (collectively

6   "Defendants") violated various rights under federal law in connection with the alleged

7   use of excessive force against decedent, Maximiliano Sosa ("decedent").

8       However, plaintiffs' fifth cause of action for violation of the Americans with

9   Disabilities Act and Rehabilitation Act ("ADA")  fails to state a claim upon which

10  relief can be granted.  Accordingly, defendants request that the Court dismiss the fifth

11  cause of action for failing to state a claim.

12

## II.   SUMMARY OF ARGUMENT

13      Plaintiffs' fifth cause of action under the ADA fails to state a claim because

14  plaintiffs neither allege that decedent had a "specific, recognized, mental or physical

15  illness" nor that he had any record of such impairment. Moreover, plaintiffs' FAC

16  neither alleges that the officers' used force on decedent *because* of his alleged

17  disability, nor does the complaint allege that the officers even knew of any alleged

18  disability. The Court should therefore grant defendants' motion to dismiss plaintiffs'

19  ADA claim.

20

## III.  STANDARD FOR MOTION TO DISMISS

21      Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed

22  because of the plaintiff's "failure to state a claim upon which relief can be granted."

23  Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack

24  of a cognizable legal theory or on the absence of sufficient facts alleged under a

25  cognizable legal theory.  *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121

26  (9th Cir. 2008); *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).

27      In reviewing a complaint under Rule 12(b)(6), all allegations of material fact

28  are taken as true and construed in the light most favorable to the non-moving party.

**NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S**
**FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1  *Marceau v. Blackfeet Hous. Auth.,* 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v.*

2  *Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999).  But the Court is *not* required "to accept

3  as true allegations that are merely conclusory, unwarranted deductions of fact, or

4  unreasonable inferences."  *In re Gilead Scic. Sec. Litig.*, 536 F.3d 1049, 1056-1057

5  (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

6  As the Supreme Court has explained:

7
8
9
10
11
> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief *above the speculative level*, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

12  *Bell Atlantic Corp. v. Twombly*, 555 U.S. 544, 555 (2007) (emphasis added).  Thus,

13  to avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual

14  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'

15  [Citation.]"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial

16  plausibility when the plaintiff pleads factual content that allows the court to draw the

17  reasonable inference that the defendant is liable for the misconduct alleged.

18  [Citation.]"  *Id.*  "The plausibility standard is not akin to a 'probability requirement,'

19  but it asks for more than a sheer possibility that a defendant has acted unlawfully."

20  *Id.*  "[W]here the well pleaded facts do not permit the court to infer more than the

21  mere possibility of misconduct, the complaint has alleged, but it has not 'show[n],'

22  'that the pleader is entitled to relief.'  [Citation.]"  *Id.* at 679.

23      If the court finds that a complaint should be dismissed for failure to state a

24  claim, the Court has discretion to dismiss the complaint with *or* without leave to

25  amend.  *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126-31 (9th Cir. 2000); *accord*

26  *Machul v. City of Long Beach*, 2015 U.S. Dist. LEXIS 52472, *6 (C.D. Cal. February

27  20, 2015).  Leave to amend should be granted if it appears plausible that the defects

28  in the complaint could be corrected.  Thus, if a Rule 12(b)(6) motion to dismiss is

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

6

1  granted, "[the] district court should grant leave to amend even if no request to amend

2  the pleading was made, unless it determines that the pleading could not possibly be

3  cured by the allegation of other facts." *Doe v. United States,* 58 F.3d 494, 497 (9th

4  Cir. 1995). However, if after careful review it becomes clear that a complaint cannot

5  be cured by amendment, the court may dismiss the complaint without leave to amend.

6  *See Chaset v. Fleer/Skybox Int'l,* 300 F.3d 1083, 1087-1088 (9th Cir. 2002); *Machul,*

7  2015 U.S. Dist. LEXIS 52472 at *6. In other words, ***leave to amend need not be***

8  ***granted when amendment would be futile.*** *Gompper v. VISX, Inc.,* 298 F.3d 893,

9  898 (9th Cir. 2002) (emphasis added).

10      Here, plaintiffs have not shown a willingness to amend the complaint and there

11  is no evidence that amending the complaint could cure the deficiencies. Accordingly,

12  defendants request that the referenced portions of plaintiffs' FAC be dismissed

13  without leave to amend.

## IV. PLAINTIFFS' FIFTH CAUSE OF ACTION FOR VIOLATING THE AMERICANS WITH DISABILITIES ACT AND THE REHABILITATION ACT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

18      Plaintiffs allege that the City of Fresno denied Maximiliano Sosa the benefits

19  of Title II ADA services, programs, and/or activities and subjected Mr. Sosa to

20  unlawful discrimination by failing to provide reasonable accommodations for his

21  disabilities. However, plaintiffs' Complaint fails to state a claim upon which relief

22  can be granted.

23      In order to state a claim under Title II of the ADA, a plaintiff must prove that:

24  (1) he or she is an individual with a disability; (2) he or she is otherwise qualified to

25  participate in or receive the benefit of a public entity's services, programs or

26  activities; (3) that he or she was either excluded from participation in or denied the

27  benefits of some public entity's services, programs or activities, or was otherwise

28  discriminated against by a public entity; and (4) the exclusion, denial of benefits or

*Left margin, vertical:* MANNING&KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

7

1   discrimination was by reason of the plaintiff's disability.  *O'Guinn v. Lovelock*

2   *Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007).

3          According to the ADA, an individual is disabled if that individual "(1) has a

4   physical or mental impairment that substantially limits one or more of the

5   individual's major life activities;  (2) has a record of such an impairment; or (3) is

6   regarded as having such an impairment."  *Deppe  v. United States*, 217 F.3d 1262,

7   1265 (9th Cir. 2000). The courts require that plaintiff allege "that [the Decedent]

8   suffered from a specific, recognized, mental or physical illness."  *Bresaz v. Cnty. of*

9   *Santa Clara*, 136 F. Supp. 3d. 1125, 1136 (N.D. Cal. 2015).

10         Here, the complaint merely asserts that "Max had developed emotional

11  distress and was having a mental health episode that resulted in his being disabled

12  for the purposes of federal and state law." This does not allege a "specific,

13  recognized, mental or physical illness," but instead vaguely states that Mr. Sosa had

14  emotional distress with a reference to one mental health episode at an unspecified

15  time. Moreover, the complaint fails to allege that Mr. Sosa had any record of such

16  impairment or that anyone regarded him as having such an impairment.

17         Element three of Title II discrimination requires plaintiffs to plead facts that

18  plausibly indicate that the discrimination was "by reason of his disability."  42

19  U.S.C. § 12132. Plaintiffs' complaint does not allege that the officers' used force on

20  Mr. Sosa because he was disabled, or that the officers knew of his alleged mental

21  illness. "To find that a refusal to reasonably accommodate a person with a

22  qualifying disability was 'by reason of' the disability, plaintiff needs to plead that

23  his known disability was a motivating factor in the non-accommodation of his

24  arrest, or that the deputies knew of and were motivated by his investigation with

25  ADA compliance." *See Avila v. City of Visalia*, 2010 U.S. Dist. LEXIS 115935,

26  2010 WL 4483393, at 3 (E.D. Cal. Nov. 1, 2010). Here, plaintiffs have pled no facts

27  to suggest that the officers knew that Mr. Sosa had a mental illness, let alone that it

28  was a "motivating factor" in the officers' use of force.  For this reason, plaintiffs'

8

**NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S
FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

1  cause of action for violation of the Americans with Disabilities Act and the

2  Rehabilitation Act should be dismissed for failure to state a viable claim.

3  **V.     CONCLUSION**

4       For all of the foregoing reasons, the honorable Court should GRANT the instant

5  motion and dismiss Plaintiff's First Amended Complaint without leave to amend.  In

6  the alternative, the Court should dismiss claims to the fullest extent the Court deems

7  appropriate.

8

9  DATED:  September 6, 2024     **MANNING & KASS**

10       **ELLROD, RAMIREZ, TRESTER LLP**

11

12       By:     /s/ Mildred K. O'Linn

13       Mildred K. O'Linn, Esq.

14       Lynn L. Carpenter, Esq.

     Maya R. Sorensen, Esq.

15       Attorneys for Defendants, CITY OF

     FRESNO; UNKNOWN LAW

16       ENFORCEMENT OFFICERS, and

17       FORMER POLICE CHIEF PACO

     BALDERRAMA

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW