Kevin G. Little, SBN 149818
Michelle Tostenrude, SBN 290121
Law Office of Kevin G. Little
Post Office Box 8656
Fresno, CA  93721
Tel.         (559) 342-5800
Fax:         (559) 242-2400
E-Mail:    kevin@kevinlittle.com

Attorneys for Plaintiffs Martha Zepeda Olivares, individually and on behalf of the Estate of Maximiliano Sosa, Jr. and Maximiliano Sosa, Sr.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| MARTHA ZEPEDA OLIVARES, individually and on behalf of the ESTATE OF MAXIMILIANO SOSA, JR.; MAXIMILIANO SOSA, SR., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF FRESNO; UNKNOWN LAW ENFORCEMENT OFFICERS, and DOES 1-30 <br><br> Defendants. | CASE NO. 1:23-cv-01575-JLT-SAB <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIFTH CAUSE OF ACTION; ALTERNATE REQUEST FOR LEAVE TO AMEND** <br><br> Hearing Date:  October 11, 2024 <br> Hearing Time: 9:00 a.m. <br> Courtroom: 4 <br> The Hon. Jennifer L. Thurston <br><br> Complaint Filed: November 8, 2023 |

TO THE HONORABLE COURT:

Plaintiffs Martha Zepeda Olivares, individually and on behalf of the Estate of Maximiliano Sosa, Jr. and Maximiliano Sosa, Sr., through their counsel of record, hereby oppose the defendants' motion to dismiss the Fifth Cause of Action to the extent that it alleges a violation of Title II of the Americans with Disability Act, 42 U.S.C. § 12131 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*  This Cause of Action was set forth in the First Amended Complaint filed on February 23, 2024 (DN 26).  As more fully set forth herein, the defendants' motion should be denied because the Fifth Cause of Action is well supported by the underlying factual allegations, which must be reviewed in the light most favoring the plaintiffs.  Alternatively, plaintiffs request leave to amend the Fifth Cause of Action.

1

**STANDARDS OF REVIEW**

Generally, the federal system is one of notice pleading. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). A pleading is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). The required "short and plain statement" must simply give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. The Supreme Court has more recently clarified that a federal complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even after *Twombly* and *Ashcroft*, however, a plaintiff need not plead a *prima facie* case in a complaint. *Swierkiewicz*, 534 U.S. at 514–515; *see also Starr v. Baca*, 652 F.3d 1202, 1216-1217 (9th Cir. 2011) (reaffirming *Swierkiewicz*'s continuing validity). "The theory of the federal rules is that once notice-giving pleadings have been served, the parties are to conduct discovery in order to learn more about the underlying facts." *Starr v. Baca*, 652 F.3d at 1212.

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015). The district court's consideration of a Rule 12(b)(6) motion to dismiss is limited to considering the allegations in the complaint. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). All of the complaint's factual allegations are taken as true, and the facts are construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008). Except as otherwise required under the limited circumstances inapplicable

here, facts need only be alleged generally, and the court must also assume that general allegations embrace the necessary, specific facts to support the claim. *Smith v. Pacific Prop. & Dev. Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011).

Of course, a court considering a 12(b)(6) motion does not have "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008). Legal conclusions also need not be accepted. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court also is not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice. *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC,* 733 F.3d 1251, 1254 (9th Cir. 2013).

Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. *See Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1087-1088 (9th Cir. 2002); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (if a court dismisses the complaint, it should grant leave to amend, unless it determines that the pleading could not possibly be cured by the allegation of other facts).

**ARGUMENT**

*I.     The Fifth Cause of Action is Well Supported, Legally and Factually*

In their dismissal motion, the defense essentially argues that (1) the factual allegations fail to support a finding that the decedent, Maximiliano Sosa, was a person with a qualified disability; and (2) there is no support for a finding that his shooting death by law enforcement was by reason of his disability. Each of these contentions is easily debunked.

3

To state a claim for disability discrimination under Title II of the ADA, a disabled arrestee must allege four elements: (1) he was a disabled individual; (2) he was qualified to "participate in or receive the benefit of" a government entity's services, programs, or activities; (3) he was excluded from participating in, or denied the benefits of those services, programs, or activities, or otherwise discriminated against; and (4) such exclusion, denial, or discrimination was "by reason of" his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

The First Amended Complaint alleges in ¶ 11:

> 11.     During the course of the evening of November 3, 2023 and the early morning of November 4, 2023, Max had developed emotional distress and was having a mental health episode that resulted in his being disabled for purposes of federal and state law.  Max had informed the 911 dispatcher that he had no intention of hurting anyone but that he wanted officers to kill him. Clearly in a mental health crisis.

Furthermore, the Amended Complaint alleges in ¶¶ 70-76:

> 70.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this complaint.
> 71.     At the relevant time, Max was a qualified individual with a disability within the meaning of both Title II of the ADA and the Rehabilitation Act.
> 72.     The City of Fresno is a public entity that operates services, programs, and/or activities, including law enforcement, covered by Title II of the ADA.  On information and belief, the City of Fresno receives federal funding, including for police services, and is therefore subject to the Rehabilitation Act.
> 73.     The City of Fresno denied Max the benefits of Title II ADA services, programs, and/or activities and subjected Max to unlawful discrimination by, among other things, failing to provide reasonable accommodations for his disabilities.
> 74.     The City of Fresno was aware that its existing policies and practices made it substantially likely that disabled individuals would be denied their federally protected rights under the ADA in use-of-force interactions and acted with deliberate indifference in failing to prevent or mitigate the denial of those rights.
> 75.     The fatal shooting of Max was a direct and proximate result of the City of Fresno's violations of Title II of the ADA and the Rehabilitation Act.
> 76.     The City of Fresno is liable for the damages hereinbefore alleged in an amount to be determined at trial.

The defendants concede that allegations that support a finding that an individual has a physical or mental condition that substantially limits one or mor major life activities would

4

1 comply with the ADA's qualified person requirement.  DN 37, 8:3-9, citing *Deppe v. United*
2 *States*, 217 F.3d 1262, 1265 (9th Cir. 2000). The import of the plaintiffs' allegations support
3 precisely such a conclusion.  Indeed, the Ninth Circuit has repeatedly decided that suicidal
4 subjects are entitled to ADA protection when they interact with law enforcement.  *See Sheehan*
5 *v. City & Cnty. of Francisc,* 743 F.3d 1211, 1232 (9th Cir. 2014), *rev'd in part, cert.*
6 *dismissed in part sub nom. City & Cnty. Of San Francisco, Calif. v. Sheehan* 575 U.S. 600
7 (2015); *Vos v. City of Newport Beach*, 892 F.3d 1024, 1036-1037 (9th Cir. 2018).

8 The defendant's seem to base this argument upon the First Amended Complaint's not
9 reciting the specific legal mantra, i.e., "one or more life activities," which, in any event, the
10 Court would be entitled to disregard.  *See Sprewell*, 266 F.3d at 988.  Instead, as the above
11 portions of the First Amended Complaint confirm, the plaintiffs essentially allege that  at the
12 time of his death Mr. Sosa had a mental health condition that made him suicidal.[1]  Clearly, if
13 one is contemplating ending his life, his condition is impacting a "major life activity," e.g., life
14 itself.  Plaintiffs' allegations thus satisfy the first ADA element, and permit a finding that Mr.
15 Sosa was a qualified person with a disability entitled to protection and accommodation.

16 With respect to the defense argument that plaintiffs cannot prove Mr. Sosa was harmed
17 "by reason of his disability," the defense ignores Ninth Circuit authority establishing that this
18 element is satisfied by a showing that law enforcement failed to provide reasonable
19 accommodation for the disability of the subject. In *Sheehan*, 743 F.3d at 1233, and *Vos*, 892
20 F.3d at 1037, our Circuit held that law enforcement violates the ADA when police do not
21 deescalate or use alternatives to the use of force during encounters with disabled individuals.
22 Plaintiffs allege exactly this theory in ¶¶ 73-75 of the First Amended Complaint. Under the
23 ADA, a "qualified individual can base a discrimination claim on any of 'three available

---

[1] The Department of Justice's implementing regulations for the ADA define disability "broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA." 28 C.F.R. § 35.108(a)(2). A disability is a "physical or mental impairment that substantially limits one or more of the major life activities of such individual[.]" *Id*. § 35.108(a)(1). Physical or mental impairment includes: "orthopedic, visual, speech, and hearing impairments, and cerebral palsy, epilepsy, muscular dystrophy, multiple sclerosis, cancer, heart disease, diabetes, intellectual disability, emotional illness, dyslexia and other specific learning disabilities, Attention Deficit Hyperactivity Disorder, Human Immunodeficiency Virus infection (whether symptomatic or asymptomatic), tuberculosis, drug addiction, and alcoholism." *Id*. § 35.108(b)(2).

theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009); *Accord Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 738 (9th Cir. 2021).[2] An ADA plaintiff does not have to prove intention discrimination or disparate impact to satisfy the "by reason of his disability" element.

WHEREFORE, the defendants' arguments lack merit and their motion to dismiss the Fifth Cause of Action should be denied. Alternatively, leave to amend is requested.

Dated:  September 19, 2024              /s/ Kevin G. Little
                                         Kevin G. Little
                                         Attorneys for Plaintiffs Martha Zepeda Olivares,
                                         individually and on behalf of the Estate of
                                         Maximiliano Sosa, Jr. and Maximiliano Sosa, Sr.

---

[2] *Payan* also holds that ADA and Rehabilitation claims are reviewed under the same legal standard, and, accordingly, no separate argument is made relation to the defendants' Rehabilitation Act challenge. *Id*. at 737.

6