1  Mildred K. O'Linn (State Bar No. 159055)
     *missy.olinn@manningkass.com*
2  Lynn L. Carpenter (State Bar No. 310011)
     *lynn.carpenter@manningkass.com*
3  Maya R. Sorensen (State Bar No. 250722)
     *maya.sorensen@maningkass.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
7
   Attorneys for Defendants, CITY OF
8  FRESNO, UNKNOWN LAW
   ENFORCEMENT OFFICERS, and
9  FORMER POLICE CHIEF PACO
   BALDERRAMA

10

11

## UNITED STATES DISTRICT COURT

12

## EASTERN DISTRICT OF CALIFORNIA

13

14

| | |
|---|---|
| MARTHA ZEPEDA OLIVARES, individually and on behalf of the ESTATE OF MAXIMILIANO SOSA, JR.; MAXIMILIANO SOSA, SR, | Case No. 1:23-cv-01575-JLT-SAB Dist. Court Judge Jennifer L. Thurston Magistrate Judge Barbara A. McAuliffe |
| Plaintiffs, | **REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| v. | |
| CITY OF FRESNO; UNKNOWN LAW ENFORCEMENT OFFICERS, POLICE CHIEF PACO BALDERRAMA and DOES 1-30, | Hearing Date: Vacated Time: N/A Courtroom: 4 |
| Defendants. | Action Filed:    02/23/2024 Trial Date:       Not Yet Set |

24

25  / / /

26  / / /

27  / / /

28  / / /

1

1   Defendants CITY OF FRESNO, UNKNOWN LAW ENFORCEMENT

2  OFFICERS, and FORMER POLICE CHIEF PACO BALDERRAMA (collectively

3  "defendants") submit the following Reply To Plaintiff's Opposition to Defendants'

4  Motion to Dismiss Portions of Plaintiff's First Amended Complaint [Doc. 42].

5

6  DATED:  September 30, 2024        **MANNING & KASS**
                                     **ELLROD, RAMIREZ, TRESTER LLP**
7

8

9                                    By:        /s/ Mildred K. O'Linn

10                                          Mildred K. O'Linn, Esq.
                                            Lynn L. Carpenter, Esq.
11                                          Maya R. Sorensen, Esq.
                                            Attorneys for Defendants, CITY OF
12                                          FRESNO; UNKNOWN LAW
                                            ENFORCEMENT OFFICERS, and
13                                          POLICE CHIEF PACO BALDERRAMA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PORTIONS OF
PLAINTIFFS' FIRST AMENDED COMPLAINT**

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3      Plaintiff's Opposition to Defendants' Motion to Dismiss Portions of Plaintiff's

4 First Amended Complaint ("Opposition") points out that the federal system is one of

5 notice pleading and that the pleading must give the defendant fair notice of what

6 plaintiff's claim is and the grounds upon which it rests. [*See generally*, Doc. 42.]

7      However, Plaintiff's FAC fails to state the grounds on which the fifth cause of

8 Action, the Americans with Disability Act ("ADA") claim, is based. The Complaint

9 fails to state any facts (other than a vague reference to emotional distress) that could

10 state an ADA claim.

11      Defendants' Motion to Dismiss Portions of Plaintiff's FAC should be granted.

12 Specifically, Defendants move to dismiss Plaintiff's fifth cause of action.

13 Additionally, Defendants request that the above-referenced improperly plead portions

14 of Plaintiff's FAC be dismissed without leave to amend as the above-referenced

15 portions of Plaintiff's FAC cannot be cured through amendment.

16

**II.   THE COMPLAINT FAILS TO ALLEGE THAT MR. SOSA HAD A**

17

**QUALIFYING DISABILITY, HAD A RECORD OF SUCH A**

18

**DISABILITY OR THAT HIS DISABILITY SUBSTANTIALLY**

19

**LIMITED ONE OR MORE MAJOR LIFE ACTIVITIES.**

20      Plaintiffs' opposition fails to address how Mr. Sosa was an individual with a

21 qualifying disability or that he had a record of such a disability. Even assuming that

22 Mr. Sosa's emotional distress the evening of the incident is sufficient to qualify as a

23 disability, the allegations of the complaint do not support that the Mr. Sosa's illness

24 substantially limited one or more of the major life activities.  *See* 42 U.S.C. §

25 12102(1)(A).  The term "substantially limits" has been defined as the inability "to

26 perform a major life activity that the average person in the general population can

27 perform," or being "[s]ignificantly restricted as to the condition, manner or duration

28 under which an individual can perform a particular major life activity" as compared

3

MANNING | KASS

1   to the average person.  *EEOC v. United Parcel Serv., Inc.*, 306 F.3d 794, 801 (9th

2   Cir. 2002) (citing 29 C.F.R. § 1630.2(j)(1)(i)-(ii)).  Although the definition of

3   disability is to be broadly construed, plaintiff must still aver plausible facts showing

4   that the Mr. Sosa's mental illness limited one or more major life activities.  Where,

5   as here, the allegations "do not illuminate the nature, severity, duration and impact

6   of [the plaintiff's] disability," such allegations are insufficient to "suggest that [the

7   plaintiff] is substantially impaired by [the] purported disability."  *Rodriguez v. John*

8   *Muir Med. Ctr.*, 2010 U.S. Dist. LEXIS 25589, 2010 WL 10, at 2 (N.D. Cal. Mar.

9   18, 2010).

10          The allegations in the complaint do not indicate any substantial limitation in

11  any life activity.  There is no "depth and detail on the magnitude of the Decedent's

12  limitations."  To allege a record of physical or mental impairment, a plaintiff must

13  allege with at least some factual detail what the record of impairment is.  *Klamut v.*

14  *Cal. Highway Patrol*, 2015 U.S. Dist. LEXIS 169074, 23 (N.D. Cal. Dec. 16, 2015).

15  The complaint fails to allege that Mr. Sosa had any record of such impairment or that

16  anyone regarded him as having such an impairment. In fact, the complaint seems to

17  indicate that the emotional distress Mr. Sosa experienced was limited to the evening

18  of the incident. [Doc. 42, 4:8-12; *see also* FAC, ¶ 11.]  The complaint states no facts

19  that Mr. Sosa had a record of emotional distress, was regarded as having emotional

20  distress or limited any life activities and as such does not state a claim under the ADA.

21  *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999).

22  **III.    PLAINTIFF FAILED TO PLEAD FACTS THAT THE ALLEGED**

23  **CONDUCT WAS BY REASON OF DECEDENT'S DISABILITY.**

24          By failing to plead any substantial impairment of a major life activity there is

25  no causal link between the Mr. Sosa's emotional distress and the officer's conduct.

26  Plaintiff's opposition does not address how Mr. Sosa's known disability was a

27  motivating factor in the non-accommodation of the seizure.

28          It is not enough to merely allege that the officers had been told the subject was

4

MANNING | KASS
MK

1   "mentally ill."   In *Klamut*, the allegation was that plaintiff's mother, a pediatrician,

2   told officers her son suffered from "mental illness."  2015 U.S. Dist. LEXIS 169074,

3   at 2.  The allegation was found insufficient to state an ADA claim.  *Id.* at 19-20.  Here,

4   plaintiff pleads no allegations that the officers were informed of Mr. Sosa's emotional

5   distress.

6         Second, as stated in defendants' motion to dismiss, the allegations do not claim

7   that the officers actually knew that a disability was involved such that his disability

8   was a motivating factor in the officer's decisions.  *See, e.g., Castillo v. Klitch*, 2016

9   U.S. Dist. LEXIS 110366, 9 (D.C. Idaho Aug. 17, 2016) (Obsessive Compulsive

10  Disorder (OCD) was not the type of disorder an officer can easily understand or

11  recognize); *Avila v. City of Visalia*, 2010 U.S. Dist. LEXIS 115935, 8 (E.D. Cal. Nov.

12  1, 2010) (although the FAC alleged that Plaintiff told "Defendants, or some of them"

13  that she had Parkinson's Disease, the FAC did not indicate which  of the Defendants

14  were purportedly aware of Plaintiff's disease or which Defendants failed to consider

15  that disease in deciding to arrest Plaintiff ).

16        Finally, there is no direct causal link between the failure to accommodate and

17  a nebulous disability.  The allegations do not support a link that the officer responded

18  to the disability inappropriately, especially where there are no allegations as to how

19  the disability manifested itself in an individual like Mr. Sosa who would appear to be

20  moderate to high functioning.

21  **IV.    CONCLUSION**

22        Accordingly, the Court should grant Defendants' Motion to Dismiss Portions

23  of Plaintiffs' First Amended Complaint.

24

25

26

27

28

5

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

DATED:  September 30, 2024         **MANNING & KASS**
                                   **ELLROD, RAMIREZ, TRESTER LLP**


                            By:  _____/s/ Mildred K. O'Linn_____
                                 Mildred K. O'Linn, Esq.
                                 Lynn L. Carpenter, Esq.
                                 Maya R. Sorensen, Esq.
                                 Attorneys for Defendants, CITY OF
                                 FRESNO; UNKNOWN LAW
                                 ENFORCEMENT OFFICERS, and
                                 FORMER POLICE CHIEF PACO
                                 BALDERRAMA

6

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**