1  Mildred K. O'Linn (State Bar No. 159055)
     *missy.olinn@manningkass.com*
2  Lynn Carpenter (State Bar No. 310011)
     *lynn.carpenter@manningkass.com*
3  Maya Sorensen (State Bar No. 250722)
     *Maya.Sorensen@manningkass.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St., 15th Floor
   Los Angeles, CA 90017
6  Main: (213) 624-6900

7  Attorneys for Defendants, CITY OF
   FRESNO, UNKNOWN LAW
8  ENFORCEMENT OFFICERS, and
   POLICE CHIEF PACO BALDERRAMA

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| MARTHA ZEPEDA OLIVARES, individually and on behalf of the ESTATE OF MAXIMILIANO SOSA, JR.; MAXIMILIANO SOSA, SR., <br><br>Plaintiffs, <br><br>v. <br><br>CITY OF FRESNO, UNKNOWN LAW ENFORCEMENT OFFICERS, POLICE CHIEF PACO BALDERRAMA and DOES 1-30, <br><br>Defendants. <br><hr> MARIA SOSA, L.S. by and through guardian ad litem MARIA SOSA, M.S. by and through guardian ad litem JENNIFER LOPEZ, individually and as successors-in-interest to Maximiliano Sosa, <br><br>Plaintiffs, <br>v. <br><br>CITY OF FRESNO and DOES 1-5, <br><br>Defendants. | Case No. 1:23-cv-01575-JLT-SAB <br>District Judge Jennifer L. Thurston <br>Magistrate Judge Barbara A. McAuliffe <br><br>**JOINT SCHEDULING REPORT PURSUANT TO FED. R. CIV. P. 26(F)** <br><br>Conference Date: May 15, 2025 <br>Time: 9:30 a.m. <br><br>SAC Filed Date: 2/24/2025 <br>Trial Date: N/A |

Case No. 1:23-cv-01575-JLT-SAB

**JOINT SCHEDULING REPORT**

**TO THE HONORABLE COURT:**

By and through their counsel of record in this action, MARTHA ZEPEDA OLIVARES and MAXIMILIANO SOSA, SR. and MARIA SOSA, L.S., AND M.S. ("Plaintiffs") and defendants CITY OF FRESNO ("City"), UNKNOWN LAW ENFORCEMENT OFFICERS, and POLICE CHIEF PACO BALDERRAMA (collectively the "Parties") conferred and thereafter pursuant to (to the extent applicable) Federal Rule of Civil Procedure 26(f), United States District Court, Eastern District of California Local Rule 282, and any applicable Orders of the Court [*e.g.*, Dkt. Doc. 5], and to prepare and submit this Joint 26(f) Scheduling Report in advance of the Scheduling Conference on. This conference will be conducted via telephonic appearance.

**SUMMARY OF FACTUAL AND LEGAL CONTENTIONS.**

  A. **Plaintiffs' Factual and Legal Contentions.**

This case arises from the fatal shooting of Maximiliano Sosa by Fresno Police Department officers on November 4, 2023. Mr. Sosa, a 33-year-old father of two, was experiencing a mental health crisis. Officers responded to his residence and, despite knowing of his condition, escalated the encounter by issuing conflicting commands, deploying a taser, and ultimately fatally shooting him without warning, even though he was unarmed and posed no immediate threat.

Plaintiffs allege that Defendant Officers used excessive force in violation of the Fourth Amendment; failed to provide timely medical care; and unlawfully deprived Plaintiffs of their familial relationship in violation of the Fourteenth Amendment. Plaintiffs further allege Monell liability against the City of Fresno based on unconstitutional customs, failure to train, and ratification of the officers' conduct. Plaintiffs also assert violations of the Americans with Disabilities Act, as well as related state law claims, including battery, negligence, negligent infliction of emotional distress, and violations of the Bane Act.

1   Plaintiffs seek compensatory and punitive damages, as well as attorneys' fees
2   and costs.

## B. Defendants' Factual and Legal Contentions.

This case arises out of an officer-involved shooting that occurred on November 4, 2023 at the 5500 block of North Dante Avenue in Fresno, California. Around 3:10 a.m. Fresno Police Dispatch received a 9-1-1 call regarding a suicidal man. The caller said her estranged husband, 33-year-old Maximiliano Sosa, had threatened to take his life after an argument earlier in the evening.

Fresno Police Department officers arrived at the scene and spoke with the 9-1-1 caller who was alone in her apartment. However, fifteen minutes later, Officer #1 noticed Mr. Sosa driving a grey Tesla enter the apartment complex parking lot. Officer #1 attempted to gain Mr. Sosa's attention, but Mr. Sosa accelerated his vehicle at Officer #1 in response. Officer #1 had to jump out of the way to avoid being struck and killed by the vehicle. Mr. Sosa made a U-turn shouting, "do you want to play a game?" before driving off. Officers engaged in a pursuit of Mr. Sosa. During the pursuit, an officer attempted a P.I.T. maneuver on the Tesla which was unsuccessful. The patrol vehicle became disabled. Officers ultimately lost contact with Mr. Sosa's vehicle.

At 3:46 a.m., the 9-1-1 caller contacted dispatch and said Mr. Sosa called her and told her he wanted to die via suicide by cop. At 4:10 a.m., Officer #3 engaged with Mr. Sosa by phone while inside the apartment with the 9-1-1 caller. Mr. Sosa made threats against himself and officers. He repeatedly told the officer there was nothing that could be done to change his mind about ending his life.

At 4:35 a.m., Mr. Sosa returned to the apartment, holding a pair of kitchen scissors above his head with the blades pointed out in a stabbing motion and said "are you ready for this?" Officers #2 and #3 were inside the apartment with the 9-1-1 caller and deployed their duty weapons in response. Mr. Sosa aggressively challenged the officers and made numerous threats to harm himself and the officers.

He asked the officers over and over if they had ever shot anyone before. While the officers never answered that question, Mr. Sosa stated "well, today is the going to be the day." Officers #2 and #3 repeatedly tried to de-escalate the situation, but to no avail. He then said "I'm sorry you have to do this, but it's going to have to be this way" meaning they would have to shoot him. He made it clear "my fate is sealed."

Additional FPD officers arrived outside of the apartment and officers #2 and #3 attempted an escape plan for the 9-1-1 caller. Mr. Sosa advanced toward the three officers standing outside the front door. When Mr. Sosa crossed the threshold toward the officers with the scissors still in his hand, Officer #4 deployed a taser, which was ineffective in incapacitating Mr. Sosa. Mr. Sosa then charged toward the officers with the shears in his hand and pointed at the officers. Three officers were forced to discharged four rounds from their duty weapons to stop the deadly threat. Mr. Sosa did not survive.

**PROPOSED DEADLINE FOR AMENDMENTS TO PLEADINGS.**

The parties propose that the deadline for filing an Amended Complaint should be July 15, 2025.

**SUMMARY OF CONTESTED AND UNCONTESTED FACTS**

With the exception of the identities of the parties, the date and location of the incident, and the fact that Mr. Sosa was killed during an incident involving law enforcement, all of the pertinent facts are disputed.

**SUMMARY OF LEGAL ISSUES.**

 **A. Undisputed Legal Issues**

**Jurisdiction And Venue:** Plaintiff has filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331.

 **B. Disputed Legal Issues**

Defendants contest the following legal issues:

1. Whether excessive and unreasonable force was used against Max Sosa

on November 4, 2023.

2. Whether the City failed to implement a constitutionally adequate training program for its officers and caused a deprivation of plaintiffs'/decedent's rights.

3. Whether the City had an official custom, policy, or practice that was the moving force cause of plaintiff's decedent's harm.

4. Whether qualified immunity from suit applies to the actions/conduct of any defendant officer.

5. Whether, under the totality of the circumstances known to such officer(s) at the time of the incident, defendant police officer(s) acted toward plaintiff with actual malice, oppression, or reckless/ deliberate indifference to the exercise of plaintiff's rights.

6. Whether Defendants violated the Americans with Disabilities Act by failing to reasonably accommodate Decedent's mental health condition.

**STATUS OF MATTERS PRESENTLY BEFORE THE COURT.**

A Complaint for Damages was filed by the Olivares plaintiffs on November 7, 2023. Plaintiffs filed a First Amended Complaint ("FAC") on February 23, 2023. Plaintiffs served defendants with the FAC on March 7, 2024. The parties met and conferred and requested the Court to continue the responsive pleading date until decedent's wife decided whether to enter the case. The Court continued defendants' responsive pleading date to September 7, 2024.

A Complaint for Damages was filed by the Sosa plaintiffs on August 30, 2024.

On September 6, 2025, defendants filed a motion to dismiss the ADA claim in the Olivares complaint.

On September 13, 2024, the Court related both cases.

On October 4, 2024, the Sosa plaintiffs filed a first amended complaint ("FAC") after meeting and conferring with defendants regarding the ADA claim. Defendants answered the Sosa plaintiffs' FAC on October 30, 2025.

On January 13, 2025, the Court consolidated both cases.

On February 4, 2025, the Court granted defendants' motion to dismiss Olivares plaintiffs' ADA claim with leave to amend.

On February 25, 2025, the Olivares plaintiffs filed a second amended complaint ("SAC"). On March 10, 2025, defendants answered the Olivares plaintiffs' SAC.

**DISCOVERY PLAN.**

The parties anticipate service of disclosures pursuant to Federal Rule of Civil Procedure 26 as well as propounding written discovery concerning the claims at issue – potentially including interrogatories, requests for production, and requests for admission (potentially including requests for authentication or other foundation as to key record/documentary evidence). The parties agree to the use of electronic discovery as appropriate.

The parties anticipate the taking of remote depositions of plaintiff, plaintiff's deposition of defendants and other involved officers, investigators, Rule 30(b)(6) witnesses, and depositions of percipient witnesses.

The parties also anticipate that each side (set of opposing parties) will designate 1-3 experts on liability and damages issues, potentially including non-retained experts, and that depositions of such experts will also be taken. However, this estimate is not meant to limit the parties, and each party reserves their right to call additional experts as appropriate in light of the circumstances and the nature of the claims and defenses at issue. The parties share the understanding that expert discovery is outside of the presumptive limit on the number of depositions.

    a.    Rule 26(a)(1) Initial Disclosure Exchange: May 23, 2025

    b.    Non-Expert Discovery cut-off:  March 31, 2026

    c.    Disclosure of Expert Witnesses:  May 19, 2026

          Rebuttal Disclosures: July 10, 2026

    d.    Expert Discovery cut off:  August 10, 2026

    e.    The parties do not propose changes to the Fed. R. Civ. P. presumptive limits on discovery.

      f.      A protective order was signed by Magistrate Judge Stanley A. Boone on January 28, 2025

      g.      The parties have no proposals relating to timing, sequencing, phasing, or scheduling.

      h.      The parties do not anticipate taking discovery outside the United States.

      i.      The parties anticipate video and/or sound recording of depositions.

      j.      The parties are amenable to a Mid-Discovery Status Conference on or about, or on a date consistent with the Court's schedule.

**DISCOVERY RELATING TO ELECTRONIC DISCOVERY**

The parties anticipate seeking discovery of computer-based information, including emails, reports, files, social media, and other electronically-stored information. The parties agree to keep that discovery preserved to avoid accusations of spoliation. The parties have met and conferred to discuss the scope and categories of e-discovery, including e-mail information and deleted information, and will continue to do so.

**AGREED UPON DATES**

      a.      Dispositive Motion Filing Cutoff: October 16, 2026

      b.      Pretrial Conference: February 15, 2027

      c.      Trial Date: April 5, 2027

**SETTLEMENT / SETTLEMENT CONFERENCE TIMING.**

The parties have conferred on the prospects for settlement of this matter. However, the parties contend that it is premature to properly assess the prospects for resolution of this matter by settlement until party depositions are taken and written discovery is exchanged.

**JURY TRIAL STATUS.**

In their pleadings on file with the honorable Court, all parties demand a trial by jury in this matter. Accordingly, this action is a jury case.

**TRIAL ESTIMATE.**

The parties estimate that trial of this matter should take 7-10 court days.

**ANTICIPATED MOTIONS AND RELATED ISSUES.**

During the course of litigation of this action, the parties anticipate that the parties may file the following potential motions:

Discovery motions, potentially seeking monetary, evidence/issue, and/or terminating sanctions;

Plaintiffs will meet and confer with Defendants regarding any amendments to the pleadings in an effort to avoid unnecessary motion practice, but it is possible that Plaintiffs' right to amend may need to be decided by motion.

Motion for summary judgment and/or adjudication of the issues, potentially including on the basis of qualified immunity and/or time-bar arising from the operative statutes of limitation;

Motions *in limine*, potentially including *Daubert* motions *in limine*; and

Other pretrial and/or post-trial motions as may be appropriate.

Litigation of this matter is still in its very preliminary phases, so the parties cannot yet anticipate all of the legal issues that will arise in this action. However, the parties will endeavor to keep the honorable Court fully informed of such issues during the course of this litigation.

Trifurcation of liability phase, punitive damages, *Monell* liability.

Defendants propose the following trifurcation of issues for trial:

(1)   Phase 1 re Alleged Violation of Rights by Officers During Incident at Issue – Liability and Compensatory Damages (and Punitive Damages predicate);

(2)   Phase 2 re Punitive Damages re Defendant Officer(s) (if any) re Calculation; and

(3)   Phase 3 re *Monell* Liability (if any);

**RELATION TO ANY OTHER MATTERS PENDING BEFORE COURT.**

The parties agree that this matter is not related to any other matter pending before any Court.

Respectfully submitted,

DATED: May 8, 2025  **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:     /s/ *Maya R. Sorensen*
Mildred K. O'Linn
Lynn Carpenter
Maya Sorensen
Attorneys for Defendants, CITY OF FRESNO; UNKNOWN LAW ENFORCEMENT OFFICERS, and POLICE CHIEF PACO BALDERRAMA

DATED: May 8, 2025  **LAW OFFICE OF KEVIN G. LITTLE**

By:     /s/ Kevin G. Little
Kevin G. Little, Esq.
Attorneys for Plaintiff, MARTHA ZEPEDA OLIVARES, individually and on behalf of the ESTATE OF MAXIMILIANO SOSA, JR.; MAXIMILIANO SOSA, SR

DATED: May 8, 2025  Respectfully submitted,

**LAW OFFICE OF DALE GALIPO**

By:     /s/ *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for plaintiffs Maria Sosa, L.S., and M.S.