**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs Maria Sosa, L.S., and M.S.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SOSA, L.S. by and through guardian ad litem MARIA SOSA, M.S. by and through guardian ad litem JENNIFER LOPEZ, individually and as successors-n-interest to Maximiliano Sosa,<br><br>, Plaintiffs<br><br>vs.<br><br>CITY OF FRESNO and DOES 1–5,<br><br>Defendants. | Case No. 1: 23-cv-01575-JLT-SAB<br><br>District Judge Jennifer L. Thurston<br>Magistrate Judge Stanley A. Boone<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: July 28, 2025<br>Hearing Time: 9:00 a.m.<br><br>District Judge Jennifer L. Thurston<br>Courtroom 4, 7th floor |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on July 28, 2025 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4, 7th Floor, of the Robert E. Coyle United States Courthouse, located at 2500 Tulare Street, Fresno, California 93721, Plaintiffs Maria Sosa, L.S., and M.S. will and hereby do move the Court for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

This motion is based on the attached Memorandum of Points and Authorities, the proposed Second Amended Complaint (attached hereto as Exhibit A), the concurrently lodged proposed order, and any further briefing or argument permitted by the Court.

Plaintiffs met and conferred with Defendant CITY OF FRESNO prior to filing this motion. Although Defendants declined to stipulate to the filing of the proposed Second Amended Complaint, Maya Sorensen, counsel for Defendant City of Fresno, represented during the meet and confer that Defendants do not oppose the motion and that they intend to file a notice of non-opposition.

Plaintiffs also met and conferred with counsel for co-Plaintiffs Martha Zepeda Olivares and Maximiliano Sosa, Sr., who are represented by the Law Office of Kevin G. Little. Counsel for those plaintiffs, Michelle Tostenrude, Esq., confirmed that they do not oppose the relief sought in this motion.

DATED: June 23, 2025               LAW OFFICES OF DALE K. GALIPO

                                   By:     */s/Cooper Alison-Mayne*
                                        Dale K. Galipo
                                        Cooper Alison-Mayne
                                        *Attorneys for Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs MARIA SOSA, individually and as successor-in-interest to her husband, decedent Maximiliano Sosa, along with her children L.S. and M.S., respectfully request leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). This case arises from the fatal shooting of Mr. Sosa, a 33-year-old man, by officers of the Fresno Police Department on November 4, 2023. At the time the Complaint and First Amended Complaint were filed, Plaintiffs were unaware of the identities of the individual officers involved. Plaintiffs bring this motion shortly after learning the names of Officers JOHN AYERS, BRANDON CROCKETT, JONATHAN ABRAHAM, and ANTHONY AGUILAR through Defendant CITY OF FRESNO's responses to written discovery served in late May. The proposed amendment seeks to name those officers in place of DOE defendants previously named in the complaint.

Under Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires." The Ninth Circuit applies this standard with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Courts consider five factors when evaluating whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended the complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Among these, prejudice to the opposing party is the most important. *Eminence Capital*, 316 F.3d at 1052.

None of the factors weigh against amendment here. The amendment is brought in good faith and shortly after Plaintiffs received new information identifying the officers involved. There has been no undue delay; the case remains in early discovery, no depositions have been taken, and the trial date is in 2027. Because the newly named officers have been on notice of the incident and its

litigation since inception, there is no cognizable prejudice. Nor is the proposed amendment futile—Plaintiffs seek to name individuals alleged to be directly involved in the underlying incident, and the allegations already pled support legally viable claims.

    Plaintiffs did not have access to the relevant identifying information until May 2025 and filed this motion shortly thereafter. Allowing amendment here will serve the interests of justice and permit the claims to proceed against the proper parties. Plaintiffs therefore respectfully request that the Court grant leave to file the proposed Second Amended Complaint.

DATED: June 23, 2025        LAW OFFICES OF DALE K. GALIPO

By:    */s/Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiffs*