1  Mildred K. O'Linn (State Bar No. 159055)
     *missy.olinn@manningkass.com*
2  Lynn Carpenter (State Bar No. 310011)
     *lynn.carpenter@manningkass.com*
3  Maya Sorensen (State Bar No. 250722)
     *Maya.Sorensen@manningkass.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
7
   Attorneys for Defendants, CITY OF FRESNO;
8  POLICE CHIEF PACO BALDERRAMA;
   OFFICER JOHN AYERS; OFFICER
9  BRANDON CROCKETT; OFFICER
   JONATHAN ABRAHAM; and OFFICER
10 ANTHONY AGUILAR

11                **UNITED STATES DISTRICT COURT**

12         **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

13

14 | MARTHA ZEPEDA OLIVARES, | Case No. 1:23-cv-01575-JLT-SAB
   individually and on behalf of the ESTATE OF | District Judge:   Jennifer L. Thurston
15 MAXIMILIANO SOSA, JR.; | Magistrate Judge: Stanley A. Boone
   MAXIMILIANO SOSA, SR.,
16
            Plaintiffs, | **NOTICE OF MOTION AND MOTION TO**
17 | **DISMISS FOR FAILURE TO STATE A**
       v. | **CLAIM PURSUANT TO FEDERAL RULE**
18 | **OF CIVIL PROCEDURE 12(b)(6);**
   CITY OF FRESNO; FRESNO POLICE | **MEMORANDUM OF POINTS AND**
19 OFFICER JOHN AYERS; FRESNO POLICE | **AUTHORITIES**
   OFFICER BRANDON CROCKETT;
20 FRESNO POLICE OFFICER JONATHAN | **Filed concurrently with:**
   ABRAHAM; FRESNO POLICE OFFICER | *Memorandum of Points and Authorities*
21 ANTHONY AGUILAR; UNKNOWN LAW | *Proposed Order*
   ENFORCEMENT OFFICERS, POLICE
22 CHIEF PACO BALDERRAMA and DOES 1- | Judge:  Hon. Jennifer L. Thurston
   30, | Date:   September 23, 2025
23 | Time:   9:00 a.m.
            Defendants. | Crtrm.:  4
24
25 | Action Filed:    2/23/2024
   | Trial Date:      Not Set
26

27

28

---

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM;**
**MEMORANDUM OF POINTS AND AUTHORITIES**

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 23, 2025, at 9:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Jennifer L. Thurston, located in Courtroom 4 of the United States Courthouse for the Eastern District of California, 2500 Tulare Street, Fresno, California 93721, Defendants Officer John Ayers, Officer Brandon Crockett, Officer Jonathan Abraham, Officer Anthony Aguilar, Chief Paco Balderrama, and the City of Fresno (collectively, "Defendants") will and hereby do move this Court to dismiss the Third Amended Complaint of Martha Zepeda Olivares and Maximiliano Sosa, Sr. (the "Olivares Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is made upon the following grounds:

*First*, neither of the Olivares Plaintiffs has statutory standing to bring a survival action on behalf of decedent's estate. California law specifies who may bring a survival action. In this case, because the decedent has surviving children, they are the rightful successors in interest to the estate and the proper plaintiffs.

*Second*, neither of the Olivares Plaintiffs has statutory standing to bring a wrongful death action. California law specifies who may sue for a decedent's wrongful death. In this case, the decedent's surviving children are the rightful heirs and the proper plaintiffs.

*Third*, the Olivares Plaintiffs have not adequately pled a Fourteenth Amendment claim for the loss of their adult child's companionship. They have pled only their biological connection to decedent and that they are "devastated" by his death, which is insufficient to state a claim.

*Fourth*, to the extent any of the Olivares Plaintiffs' claims survive this Motion, Defendants request that any remaining claims be joined with the Sosa Plaintiffs' action.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

/ / /

/ / /

1   DATED: August 6, 2025                    Respectfully submitted,

2                                            **MANNING & KASS**
3                                            **ELLROD, RAMIREZ, TRESTER LLP**

4

5                                            By:  _____/s/  Maya R. Sorenson_____
6                                                 Mildred K. O'Linn
                                                  Lynn L. Carpenter
7                                                 Maya R. Sorensen
                                                  Attorneys for Defendants, CITY OF FRESNO;
8                                                 POLICE CHIEF PACO BALDERRAMA;
                                                  OFFICER JOHN AYERS; OFFICER BRANDON
9                                                 CROCKETT; OFFICER JONATHAN
                                                  ABRAHAM; and OFFICER ANTHONY
10                                                AGUILAR

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM;**
**MEMORANDUM OF POINTS AND AUTHORITIES**

**COMPLIANCE WITH MEET AND CONFER REQUIREMENT**

This motion is made after Defendants attempted resolution by conference of counsel as required by this Court's standing orders [Doc. 5-1]. Prior to filing this motion, defendants' counsel provided plaintiffs' counsel with a detailed meet and confer letter on August 6, 2025, setting forth defendants' position as to plaintiffs' lack of standing to assert survival and wrongful death claims and failure to adequately plead a Fourteenth Amendment claim, and Defendants' request that any of the Olivares' Plaintiffs' remaining claims be joined with the Sosa Plaintiffs' action. On August 6, 2025, the Plaintiffs replied that they disagreed with Defendants' position. The parties are at an impasse.

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**

1

## **TABLE OF CONTENTS** _Toc205124719

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ........................................................................................................... 1

III. LEGAL STANDARDS .............................................................................................. 2

IV. ARGUMENT ............................................................................................................. 3

   A.   The Olivares Plaintiffs Lack Statutory Standing .................................................. 3

       1.   Survival Action ............................................................................................ 3

       2.   Wrongful Death ............................................................................................ 6

       3.   Amendment is Futile .................................................................................... 7

   B.   The Olivares Plaintiffs Do Not Plausibly Plead a Fourteenth Amendment Claim ............... 8

   C.   The Olivares' Plaintiffs' Remaining Claims, If Any, Should Be Joined with the Sosa Plaintiffs' Claims .......................................................................................... 9

V. CONCLUSION ........................................................................................................... 10

MANNING | KASS

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES**

1

**TABLE OF AUTHORITIES**

**Cases**

*A.K. v. Cnty. of Riverside,*
  No. EDCV211035JGBSPX, 2021 WL 8741946 (C.D. Cal. Dec. 28, 2021) ......5, 7

*Allison v. City of Redondo Beach,*
  No. CV157712MWFPLAX, 2016 WL 11757911 (C.D. Cal. Apr. 11, 2016) ....6, 7

*AlohaCare v. Hawaii, Dep't of Hum. Servs.,*
  567 F. Supp. 2d 1238, 1249 (D. Haw. 2008)................................................6

*Bank of Am. Corp. v. City of Miami, Fla.,*
  581 U.S. 189 (2017).......................................................................3, 4

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)...............................................................................2

*Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.,*
  497 F.3d 972 (9th Cir. 2007) ................................................................2

*Chaset v. Fleer/Skybox Int'l,*
  300 F.3d 1083 (9th Cir. 2002) ..............................................................7

*Clay v. Permanente Med. Grp., Inc.,*
  540 F. Supp. 2d 1101 (N.D. Cal. 2007) ...............................................10

*Davis v. Bender Shipbuilding & Repair Co.,*
  27 F.3d 426 (9th Cir.1994) ..................................................................4

*Doe by & through Rodriguez v. Cnty. of Los Angeles,*
  No. 20CV3218DDPJPRX, 2020 WL 7773891 (C.D. Cal. Dec. 30, 2020)...........9

*Est. of Harmon v. Cnty. of San Mateo,*
  No. 21-CV-01463-VC, 2021 WL 5071831 (N.D. Cal. Oct. 26, 2021)...........5, 8, 9

*Est. of Kong by & through Kong v. City of San Diego,*
  No. 22-CV-1858-BAS-DDL, 2023 WL 4939370 (S.D. Cal. Aug. 2, 2023)...........4

*Est. of Lopez v. Gelhaus,*
  149 F. Supp. 3d 1154 (N.D. Cal. 2016)................................................4, 6

*Est. of Mendez v. City of Ceres,*
  390 F. Supp. 3d 1189 (E.D. Cal. 2019) ..............................................10

*Est. of Wilson by & through Jackson v. Cnty. of San Diego,*
  No. 20-CV-0457-BAS-DEB, 2022 WL 789127 (S.D. Cal. Mar. 14, 2022) ...........7

*Gompper v. VISX, Inc.,*
  298 F.3d 893 (9th Cir. 2002) ..............................................................7

*Gonzalez v. City of Garden Grove,*
  No. CV051506CASJTLX, 2006 WL 8434405 (C.D. Cal. Aug. 22, 2006) ...........6

*Greenstone v. Las Vegas Metro. Police Dep't,*
  No. 223CV00290GMNNJK, 2024 WL 385213, at *7 (D. Nev. Jan. 31, 2024) .....8

*Johnson v. Riverside Healthcare Sys.,*
  534 F.3d 1116 (9th Cir. 2008) ............................................................2

*Kirkpatrick v. Cnty. of Washoe,*
  843 F.3d 784 (9th Cir. 2016) ..............................................................8

*Moss v. U.S. Secret Serv.,*
  572 F.3d 962 (9th Cir. 2009) ..............................................................2

*Naruto v. Slater,*
  888 F.3d 418 (9th Cir. 2018) ..............................................................3

*Navarro v. Block,*
  250 F.3d 729 (9th Cir. 2001) ..............................................................2

*Perez v. Cox,*
  No. 215CV01572APGDJA, 2022 WL 2704803 (D. Nev. July 11, 2022).............9

*Shinotsuka v. Fed. Corr. Inst. Terminal Island,*
  No. CV 22-03275-MWF (KSX), 2023 WL 6812759 (C.D. Cal. Sept. 14, 2023) ..5

*Simplis v. Culver City Police Dep't,*
  No. CV10-9497 JHN (MANX), 2011 WL 13133819 (C.D. Cal. Apr. 20, 2011).10

*Sinclair v. City of Seattle,*

ii

61 F.4th 674, 679 (9th Cir. 2023) ...................................................................8
*Terry v. City of Pasadena California*,
    No. CV-1807730-SJORAOX, 2019 WL 4139257 (C.D. Cal. June 17, 2019) .......9
*Thomas on behalf of Thomas v. Cnty. of San Diego*,
    No. 20-CV-1979-CAB-MDD, 2021 WL 2715086 (S.D. Cal. July 1, 2021) ..........5
*Vaughn v. Bay Environmental Management, Inc.*,
    567 F.3d 1021 (9th Cir. 2009) ......................................................................3
*Washington Env't Council v. Bellon*,
    732 F.3d 1131 (9th Cir. 2013) ......................................................................3
*Wheeler v. City of Santa Clara*
    894 F.3d 1046, 1058 (9th Cir. 2018) ..........................................................8, 9

**Statutes**
Cal. Civ. Proc. Code § 372 ...........................................................................5
Cal. Civ. Proc. Code § 373 ...........................................................................5
Cal. Civ. Proc. Code § 377.10 ......................................................................4
Cal. Civ. Proc. Code § 377.11 ......................................................................4
Cal. Civ. Proc. Code § 377.20 ......................................................................4
Cal. Civ. Proc. Code § 377.30 ......................................................................4
Cal. Civ. Proc. Code § 377.60 ......................................................................6
Cal. Prob. Code § 6402 ...............................................................................4

**Rules**
Fed. R. Civ. P. 12(b)(6) ...........................................................................2, 8
Fed. R. Civ. P. 17(c) ....................................................................................5
Fed. R. Civ. P. 19(a)(1) ................................................................................9
Fed. R. Civ. P. 20(a)(1)(A) .........................................................................10

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiffs Martha Zepeda Olivares (hereafter "Martha") and Maximiliano Sosa, Sr. (hereafter "Max Senior") bring this action following the death of their adult son, Maximiliano Sosa, Jr. (hereafter "Max Junior"), who died during a confrontation with Fresno Police officers on November 4, 2023. The Olivares Plaintiffs' Third Amended Complaint ("TAC") alleges Martha is the successor in interest and legal representative of the Max Junior's estate, and purports to bring ten causes of action against Defendants as survival claims, wrongful death claims, or both. As is plainly stated in the TAC, however, Max Junior is survived by his two children. Martha and Max Senior therefore do not have standing to bring this action, because Max Junior's children are the proper plaintiffs under California law and controlling precedent. Martha and Max Senior have also not adequately pled a cause of action under the Fourteenth Amendment for the loss of their familial relationship. They have pled only their biological connection to decedent and that they are "devastated" by his death, which is insufficient to state a claim. The Olivares Plaintiffs' TAC should be dismissed. Alternatively, should any claims survive this Motion, they should be joined with the consolidated action brought by Max Junior's widow (hereafter "Maria") and his two children (with Maria, the "Sosa Plaintiffs") under the "one action" rule for wrongful death actions, and to conserve judicial and party resources.

### II.

### BACKGROUND

In the early morning hours of November 4, 2023, Maria called 9-1-1 to report that Max Junior, her estranged husband, was suicidal. Fresno Police Department officers arrived at Maria's apartment and spoke with her. Approximately 15 minutes later, Max Junior returned to the scene and repeated his suicidal ideations, indicating he wished to commit "suicide by cop." During the ensuing standoff, which lasted over an hour, the officers discharged their weapons and Max Junior was killed.

/ / /

---

1

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**

The Olivares Plaintiffs filed suit in this District on November 7, 2023. The Sosa Plaintiffs separately filed suit in this District on August 30, 2024, despite some discussion among the parties and with the Court regarding joinder of all parties in a single action. On January 13, 2025, on the parties' stipulation, consolidated the two actions and assigned both cases to the original case number. Dkt. No. 46.

On June 26, 2025, the Court granted the Sosa Plaintiffs' and the Olivares Plaintiffs' unopposed motions to amend their respective complaints. Dkt. No. 62. The TAC was filed on July 1, 2025 and a waiver of service was filed on July 16, 2025. Dkt. Nos. 67, 70-73. This Motion follows.

**III.**

**<u>LEGAL STANDARDS</u>**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).[1] A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro,* 250 F.3d at 732. To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). The court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

/ / /

/ / /

/ / /

---

[1] Internal quotation marks, ellipses, parentheses, brackets, and citations are omitted from direct quotes, and citations, parallel reporters and subsequent history are omitted from citations, unless otherwise stated.

2

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM;**
**MEMORANDUM OF POINTS AND AUTHORITIES**

**IV.**

**ARGUMENT**

**A.**    **The Olivares Plaintiffs Lack Statutory Standing**

Plaintiffs "must demonstrate standing for each claim [they] seek[] to press and for each form of relief sought." *Washington Env't Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013). Statutory standing (also called "prudential standing") is distinct from constitutional standing. *See Bank of Am. Corp. v. City of Miami, Fla.*, 581 U.S. 189, 196 (2017). For purposes of determining statutory standing, "[t]he question is whether the statute grants the plaintiff the cause of action that he asserts." *Id.* at 196-97. Dismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim. *Vaughn v. Bay Environmental Management, Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009); *accord Naruto v. Slater*, 888 F.3d 418, 425 (9th Cir. 2018) (distinguishing Article III standing from standing to sue under a particular statute and confirming "lack of statutory standing requires dismissal for failure to state a claim").

In the TAC, Martha asserts she is the "successor in interest and legal representative" of Max Junior's estate and purports to bring the First, Third, Fourth, Fifth, Sixth, Eighth, Ninth and Tenth causes of action on the estate's behalf. *See* TAC at ¶¶ 4, 6 and pages 7-23, 25. The Olivares Plaintiffs also assert wrongful death claims in their Second, Third, Fourth, Seventh, and Eighth causes of action.[2] *See id.* at 7-21. The Olivares Plaintiffs allege that Max Junior's wife, Maria, "has no interest in this action" because she and Max Junior were estranged at the time of his death. *Id.*, ¶ 6. The Olivares Plaintiffs further allege that although Max Junior has two surviving sons, they are "obviously not eligible to represent his interests in this proceeding" given their young ages. *Id.*

1.    Survival Action

"In a survival action, a decedent's estate may recover damages on behalf of the decedent for injuries that the decedent has sustained." *Est. of Lopez v. Gelhaus*, 149 F. Supp. 3d 1154, 1166 (N.D.

---

[2] Although only the Seventh Cause of Action is explicitly labeled "Wrongful Death," the single, indivisible injury at the core of each of these causes of action is Max Junior's death as attributed to Defendants' alleged wrongful actions, and the alleged harm caused to Max Senior and Martha as a result.

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM;**
**MEMORANDUM OF POINTS AND AUTHORITIES**

Cal. 2016), *aff'd and remanded sub nom. Est. of Lopez by & through Lopez v. Gelhaus*, 871 F.3d 998 (9th Cir. 2017) (quoting *Davis v. Bender Shipbuilding & Repair Co.*, 27 F.3d 426, 429 (9th Cir.1994)). "[A] survival action is not an independent cause of action," but "a procedural vehicle to ensure that a cause of action for or against a person is not lost by reason of the person's death." *Id.* at 1166-67; *see also* Cal. Civ. Proc. Code § 377.20.

"By statute, the California legislature prescribes who is authorized to step in the shoes of a decedent's estate and commence claims belonging to it on its behalf." *Est. of Kong by & through Kong v. City of San Diego*, No. 22-CV-1858-BAS-DDL, 2023 WL 4939370, at *9 (S.D. Cal. Aug. 2, 2023). Section 377.30 of the Code of Civil Procedure provides survival actions "pass[] to the decedent's successor in interest." *See* Cal. Civ. Proc. Code § 377.30. Section 377.11, in turn, defines the successor in interest as either "the beneficiary of decedent's estate" or any "other successor in interest who succeeds to a cause of action." *Id.*, § 377.11. Where a decedent passes intestate, the "beneficiary of the decedent's estate" is "a person who succeeds to claims or property under Probate Code sections 6401 and 6402." Cal. Civ. Proc. Code § 377.10(b). California Probate Code section 6402 provides that the estate passes to the spouse; if there is no surviving spouse or if a portion of the estate does not pass to the spouse, it passes to the "issue of the decedent." Cal. Prob. Code § 6402 and subd. (a). "***If there is no surviving issue***," the estate passes "to the decedent's parent or parents equally." *Id.*, subd. (b) (emphasis added).

For purposes of this Motion only, Defendants do not take a position as to whether Maria, allegedly estranged from Max Junior at the time of his death, is a rightful heir to his estate. *See* TAC, ¶ 6. However, it is plain from the allegations in the TAC that Max Junior's children survived him. *See id.*, ¶6 (alleging the successors in interest are Martha, Max Senior, "and [Max Junior's] two young sons"); ¶ 30 ("Max leaves behind two children he loved dearly"). Pursuant to the unambiguous terms of the foregoing statutes, Max Junior's children (and not his parents) are the beneficiaries to his estate and the rightful plaintiffs in this action. The Court must therefore answer the question of "whether the statute grants the plaintiff the cause of action that he asserts" in the negative. *Bank of Am. Corp.*, 581 U.S. at 196. The Olivares Plaintiffs have failed to "provide allegations that would demonstrate standing for survival actions in California under section 377.11"

4

and "thus [they] ha[ve] no standing to pursue any survival claims on [decedent's] behalf." *A.K. v. Cnty. of Riverside*, No. EDCV211035JGBSPX, 2021 WL 8741946, at *4 (C.D. Cal. Dec. 28, 2021) (granting motion to dismiss grandmother's survival claims on behalf of granddaughter where she did not plead that parents were deceased or had terminated their parental rights).

To bring any claim on behalf of Max Junior's estate, the Olivares Plaintiffs must not only state that Martha is the "successor in interest or is authorized to act on behalf of [the] successor in interest," but must plead "facts in support" of that assertion. *Est. of Harmon v. Cnty. of San Mateo*, No. 21-CV-01463-VC, 2021 WL 5071831, at *1 (N.D. Cal. Oct. 26, 2021) (dismissing complaint); *Thomas on behalf of Thomas v. Cnty. of San Diego*, No. 20-CV-1979-CAB-MDD, 2021 WL 2715086, at *5 (S.D. Cal. July 1, 2021) (dismissing survival claim for failure to allege "beyond conclusory statements" that plaintiff was decedent's successor in interest). Allegations sufficient to establish that a plaintiff is a decedent's successor in interest include identifying whether there are any other survivors who might take precedence under the statute. *See Shinotsuka v. Fed. Corr. Inst. Terminal Island*, No. CV 22-03275-MWF (KSX), 2023 WL 6812759, at *6 (C.D. Cal. Sept. 14, 2023) (dismissing survival claim where it was "not clear" whether decedent had a surviving spouse or children).

Here, the facts as pled decidedly ***do not*** support the assertion that Martha is the proper plaintiff for any survivor claims, because the TAC acknowledges that Max Junior has surviving issue. TAC, ¶¶ 6, 30. The Olivares Plaintiffs claim, however, that the children (ages 4 and 2 as of the filing of the TAC) are "not eligible to represent [Max Junior's] interests in this proceeding." *Id.*, ¶ 6. The Olivares Plaintiffs do not cite, nor have Defendants located, any authority that permits the next-in-line successors to usurp the rightful beneficiaries' interests when the beneficiaries are of a "young age" (TAC, ¶ 6). Indeed, there is a wide range of readily available procedural methods to permit minors and other individuals who are not competent to represent their interests to proceed with and participate in litigation. *See* Fed. R. Civ. P. 17(c); Cal. Civ. Proc. Code §§ 372, 373.

For the above reasons, Martha lacks standing to bring survival claims on behalf of Max Junior's estate. The Olivares Plaintiffs' First, Third, Fourth, Fifth, Sixth, Eighth, Ninth and Tenth causes of action, to the extent brought "on Behalf of the Estate of Maximilano Sosa, Jr.," must be

5

dismissed for failure to state a claim. *See AlohaCare v. Hawaii*, *Dep't of Hum. Servs.*, 567 F. Supp. 2d 1238, 1249 (D. Haw. 2008), *aff'd*, 572 F.3d 740 (9th Cir. 2009) (where a plaintiff does not have standing to bring suit under a particular statute, "that plaintiff cannot state a claim upon which relief can be granted").

### 2.    Wrongful Death

Distinct from a survivor cause of action, "a wrongful death claim . . . must be brought by the decedent's dependents, and is limited to claims for personal injuries they have suffered as a result of a wrongful death." *Est. of Lopez*, 149 F. Supp. 3d at 1166. California Code of Civil Procedure provides that "a cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by the decedent's personal representative or:

> The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession.

Cal. Civ. Proc. Code § 377.60(a).

Under California law, therefore, "[a] decedent's parents become heirs under the wrongful death statute **only when the decedent leaves no surviving issue**." *Gonzalez v. City of Garden Grove*, No. CV051506CASJTLX, 2006 WL 8434405, at *4 (C.D. Cal. Aug. 22, 2006) (citing Cal. Code Civ. Pro. § 377.60(a) and Cal. Prob. Code § 6402(b)) (emphasis added). Parents of an adult child may "alternatively have standing to sue for wrongful death if they were dependent on the decedent." *Id.* (citing Cal. Code Civ. Pro. § 377.60(b)).

The Olivares Plaintiffs do not plead any facts from which the Court could draw the plausible inference that they were Max Junior's dependents. Nor do the Olivares Plaintiffs plead any facts to support their allegation that Martha is Max Junior's "legal representative." *See Allison v. City of Redondo Beach*, No. CV157712MWFPLAX, 2016 WL 11757911, at *3 (C.D. Cal. Apr. 11, 2016) ("A personal representative. . . is by definition a *court-appointed* executor or administrator of an estate") (emphasis in original). Therefore, and again assuming for purposes of this Motion that Maria does not have standing due to her alleged estrangement from her husband, the Olivares Plaintiffs would only have standing if Max Junior did not have surviving children. But it is obvious

from the face of the Olivares Plaintiffs' complaint that he did. *See* TAC at ¶¶ 6, 30. Accordingly, the Olivares Plaintiffs do not have standing under California law to bring wrongful death claims. *See Allison*, 2016 WL 11757911, at *4 (finding sibling lacked standing to bring a wrongful death action where the complaint "allege[d] the existence of a surviving parent"); *Est. of Wilson by & through Jackson v. Cnty. of San Diego*, No. 20-CV-0457-BAS-DEB, 2022 WL 789127, at *8 (S.D. Cal. Mar. 14, 2022) ("A plaintiff who lacks statutory standing to bring a claim under Section 377.60 may not bring a claim under Section 1983.").

As with the Olivares Plaintiffs' survival claim, this Court should not indulge their suggestion that the statute may be circumvented because the decedent's surviving issue is young. TAC, ¶ 6. "Even assuming arguendo [decedent] has no successor-in-interest who could bring a Section 377.60 claim, [Plaintiffs] ha[ve] cited to no legal theory that would enable [them] to step into that void." *Est. of Wilson*, 2022 WL 789127, at *11 (further noting the statute "specifies who may bring a wrongful death action and is ***strictly construed***") (emphasis added); *see also A.K. v. Cnty. of Riverside*, 2021 WL 8741946, at *5 ("Given that wrongful death actions in California are governed solely by statute, the courts of this State are bound by the statute's provisions.").

For the above reasons, the Olivares Plaintiff's Second, Third, Fourth, Seventh, and Eighth causes of action, to the extent brought on their own behalf as wrongful death claims, must be dismissed for failure to state a claim.

### 3.    Amendment is Futile

Where a complaint cannot be cured by amendment, the court may dismiss the complaint without leave to amend. *See Chaset v. Fleer/Skybox Int'l,* 300 F.3d 1083, 1087-88 (9th Cir. 2002). The Olivares Plaintiffs cannot cure their lack of statutory standing given that Max Junior's children survived his death. Thus, amendment would be futile and the Court should dismiss the TAC without leave to amend. *See Gompper v. VISX, Inc.,* 298 F.3d 893, 898 (9th Cir. 2002) (leave to amend need not be granted where amendment would be futile).

/ / /

/ / /

/ / /

7

**B.      The Olivares Plaintiffs Do Not Plausibly Plead a Fourteenth Amendment Claim**

The Olivares Plaintiffs allege in their Second Cause of Action that the Defendant Officers "acting under color of law and without due process . . . deprived [them] of their substantive due process rights to continued familial relations without government interference." TAC, ¶ 43. "A plaintiff's interest in bringing those claims is based on their relationship with the decedent." *Est. of Harmon*, 2021 WL 5071831, at *1. The Second Cause of Action should be dismissed on the alternative basis that the Olivares Plaintiffs have not pled sufficient facts to establish a relationship with Max Junior that would plausibly entitle them to relief. Fed. R. Civ. P. 12(b)(6).

The "fundamental liberty interests of parents in their familial relationship with their children is well established." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1058 (9th Cir. 2018). Whether this right exists once the child reaches the age of majority is the subject of a circuit split the Supreme Court has not yet addressed. *See Sinclair v. City of Seattle*, 61 F.4th 674, 679 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 88 (2023) (acknowledging split and collecting cases); *see also Greenstone v. Las Vegas Metro. Police Dep't*, No. 223CV00290GMNNJK, 2024 WL 385213, at *7 (D. Nev. Jan. 31, 2024) (noting "[m]ost circuit courts do not typically recognize associational protection for non-cohabiting persons, even parents and adult offspring"). For now, the Ninth Circuit recognizes "that parents maintain a constitutionally protected liberty interest in the companionship of their adult children."[3] *Id.*

"Nevertheless, the mere existence of a biological link between parent and child is insufficient to support a Fourteenth Amendment claim for loss of familial relationship rights." *Wheeler*, 894 F.3d at 1058; *see also Kirkpatrick v. Cnty. of Washoe*, 843 F.3d 784, 789 (9th Cir. 2016) (stating that "parental rights do not spring full-blown from the biological connection between parent and child"). Instead, "[j]udicially enforceable Fourteenth Amendment interests require enduring relationships reflecting an assumption of parental responsibility and stem from the emotional

---

[3] Judge Thomas's concurring opinion in *Sinclair* casts doubt on the validity of this purported substantive right, noting, "[n]ever has the Supreme Court recognized as protected the emotional bond between parent and child without more, regardless of whether that child is a minor or an adult." 61 F.4th at 684-85.

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM;**
**MEMORANDUM OF POINTS AND AUTHORITIES**

attachments that derive from the intimacy of daily association, and from the role it plays in promoting a way of life through the instruction of children." *Perez v. Cox*, No. 215CV01572APGDJA, 2022 WL 2704803, at *10 (D. Nev. July 11, 2022) (quoting *Wheeler*).

"Specific allegations of [a d]ecedent's conduct toward [p]laintiff during his life are necessary to plausibly allege consistent involvement in [p]laintiff's life." *Doe by & through Rodriguez v. Cnty. of Los Angeles*, No. 20CV3218DDPJPRX, 2020 WL 7773891, at *2 (C.D. Cal. Dec. 30, 2020). The TAC lacks any such allegations. The Olivares Plaintiffs allege only that they are Max Junior's mother and father, are "devastated" by his death (at age 33), and have suffered "emotional distress and mental anguish" from the loss of his love and companionship. TAC, ¶¶3-6, 30, 47. Courts in this Circuit have rejected similar and even more detailed allegations as insufficient to state a claim for loss of familial relationship.[4]

Because neither a "biological connection alone" nor "allegations of a close relationship or affection" are sufficient to establish the Olivares Plaintiffs' entitlement to relief, the Second Cause of Action should be dismissed. *See Est. of Harmon*, 2021 WL 5071831, at *1.

**C.**    **The Olivares' Plaintiffs' Remaining Claims, If Any, Should Be Joined with the Sosa Plaintiffs' Claims**

Federal Rule of Civil Procedure 19 requires that parties be joined in an action where, in that party's absence, the Court "cannot accord complete relief" or where the party's absence from the action could subject another party to "double, multiple or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(A) and (B). In California, "wrongful death actions are considered to be 'joint, single and indivisible.'" *Est. of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1199-200 (E.D. Cal.

---

[4] *See, e.g.*, *Wheeler*, 894 F.3d at 1058 (finding allegation that biological child "had a 'close relationship'" with decedent parent was "not sufficient to support a loss of companionship claim"); *Est. of Harmon*, 2021 WL 5071831, at *1 (finding allegations that plaintiff was "a loving mother . . . and was loved deeply in return" and "suffered the irreparable loss of [decedent's] love, affection, society, and moral support" insufficient); *Doe*, 2020 WL 7773891, at *2 (finding allegations that decedent father "wanted [child-plaintiff] to be a huge part of his life," and "embraced [p]laintiff with a lot of love" insufficient); *Terry v. City of Pasadena California*, No. CV-1807730-SJORAOX, 2019 WL 4139257, at *5 (C.D. Cal. June 17, 2019) (dismissing complaint where plaintiff alleged only that decedent parent "loved and spent time with him").

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**

2019). Therefore, under the so-called "one action rule," "there may be only a single action for wrongful death, in which all heirs must join." *Clay v. Permanente Med. Grp., Inc.*, 540 F. Supp. 2d 1101, 1112 (N.D. Cal. 2007) (further noting wrongful death actions cannot "be split," nor can they proceed in "a series" by different heirs). To the extent the Court finds any of the Olivares Plaintiffs' wrongful death claims survived the instant Motion, the Olivares Plaintiffs are necessary parties to the concurrently pending action by Max Junior's widow and surviving children (the "Sosa Plaintiffs"). *See Simplis v. Culver City Police Dep't*, No. CV10-9497 JHN (MANX), 2011 WL 13133819, at *2 (C.D. Cal. Apr. 20, 2011) (finding Rule 19 required alleged heirs with competing claims to "be joined in the action because the wrongful death claim here is "joint, single and indivisible"). Further, to conserve judicial and party resources and to streamline discovery, any other remaining claims may be joined pursuant to Rule 20. *See* Fed. R. Civ. P. 20(a)(1)(A) (permitting joinder of plaintiffs where "any question of law or fact common to all plaintiffs will arise in the action").

Therefore, to the extent the Court finds any of the Olivares Plaintiffs' causes of action survive this Motion, Defendants request those claims be joined with the Sosa Plaintiffs' action.

## V.

## CONCLUSION

The Olivares Plaintiffs lack standing to bring survival claims or wrongful death claims, because Max Junior's surviving issue are the successors in interest to Max Junior's estate and his rightful heirs, and have a superior right to bring claims on behalf of his estate and for his alleged wrongful death. The Olivares Plaintiffs have also not adequately pled a Fourteenth Amendment claim for the loss of their familial relationship with Max Junior. The TAC should be dismissed in its entirety. In the alternative, if the Court finds any claims survive this Motion, those claims should be joined with the Sosa Plaintiffs' action.

/ / /

/ / /

/ / /

/ / /

10

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM;**
**MEMORANDUM OF POINTS AND AUTHORITIES**

1  DATED: August 6, 2025                    Respectfully submitted,

2                                           **MANNING & KASS**
3                                           **ELLROD, RAMIREZ, TRESTER LLP**

4

5                                           By:  _____/s/ Maya R. Sorenson_____
6                                                Mildred K. O'Linn
                                                 Lynn Carpenter
7                                                Maya Sorensen
                                                 Attorneys for Defendants, CITY OF FRESNO;
8                                                POLICE CHIEF PACO BALDERRAMA;
                                                 OFFICER JOHN AYERS; OFFICER BRANDON
9                                                CROCKETT; OFFICER JONATHAN
                                                 ABRAHAM; and OFFICER ANTHONY
10                                               AGUILAR

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM;**
**MEMORANDUM OF POINTS AND AUTHORITIES**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On August 6, 2025, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address carmen.hawkins@manningkass.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 6, 2025, at Los Angeles, California.

_____
Carmen Hawkins

**SERVICE LIST**
**Martha Zepeda Olivares v. City of Fresno, et al.**
**Case No. 1:23-cv-01575-JLT-SAB**
**Our File Number:  2254-58536**

Kevin G. Little, Esq.
Michelle Tostenrude, Esq.
LAW OFFICES OF KEVIN G. LITTLE
P.O. Box 8656
Fresno, CA 93747
Tel:  (559) 342-5800
Fax:  (559) 242-2400
Email:  kevin@kevinglittle.com

Attorneys for Plaintiffs, Martha Zepeda
Olivares, individually and on behalf of
the Estate of Maximiliano Sosa, Jr. and
Maximiliano Sosa, Sr.

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq.
Cooper Alison-Mayne, Esq.
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:  (818) 347-3333
Email:  dalekgalipo@yahoo.com;
cmayne@galipolaw.com
dgilbert@galipolaw.com

Attorneys for Plaintiffs, MARIA SOSA,
L.S. by and through Guardian ad litem
MARIA SOSA, M.S. by and through
guardian ad litem JENNIFER LOPEZ,
individually and as successors-in-interest
to Maximiliano Sosa

Steven A. Lerman, Esq.
Nicholas M. Lerman, Esq.
STEVEN A. LERMAN &
ASSOCIATES, INC.
6033 W. Century Blvd., Suite 740
Los Angeles, CA 90045
Tel:  (310) 659-8166
Fax:  (310) 285-0779
Email:  nmlerman0@yahoo.com;
nlerman@lermanslaw.com

Attorneys for Plaintiffs, MARIA SOSA,
L.S. by and through Guardian ad litem
MARIA SOSA, M.S. by and through
guardian ad litem JENNIFER LOPEZ,
individually and as successors-in-interest
to Maximiliano Sosa