Kevin G. Little, SBN 149818
Michelle Tostenrude, SBN 290121
Law Office of Kevin G. Little
Post Office Box 8656
Fresno, CA  93721
Tel.        (559) 342-5800
Fax:       (559) 242-2400
E-Mail:   kevin@kevinglittle.com

Attorneys for Plaintiffs Martha Zepeda Olivares, individually and on behalf of the Estate of Maximiliano Sosa, Jr. and Maximiliano Sosa, Sr.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| MARTHA ZEPEDA OLIVARES, individually and on behalf of the ESTATE OF MAXIMILIANO SOSA, JR.; MAXIMILIANO SOSA, SR., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF FRESNO; UNKNOWN LAW ENFORCEMENT OFFICERS, and DOES 1-30 <br><br> Defendants. | CASE NO. 1:23-cv-01575-JLT-SAB <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT; RELATED REQUEST FOR JUDICIAL NOTICE; ALTERNATE REQUEST FOR LEAVE TO AMEND** <br><br> Hearing Date:  September 23, 2025 <br> Hearing Time: 9:00 a.m. <br> Courtroom: 4 <br> The Hon. Jennifer L. Thurston <br><br> Complaint Filed: November 8, 2023 <br> Trial Date: Not Set |

TO THE HONORABLE COURT:

Plaintiffs Martha Zepeda Olivares, individually and on behalf of the Estate of Maximiliano Sosa, Jr. and Maximiliano Sosa, Sr., through their counsel of record, hereby oppose the defendants' motion to dismiss the Third Amended Complaint.  The defendants' motion should be denied because (1) the Fresno Superior Court has appointed plaintiff Martha Zepeda Olivarez administrator of the estate of her deceased son, and she is therefore the only party with standing to assert claims on behalf of the estate; (2) as a matter of law, parents have standing to assert wrongful death claims, and the facts specifying their standing do not need to be specifically pleaded in the complaint; (3) plaintiffs standing to assert 14th Amendment claims

is adequately pleaded; and (4) the defendants seek improper reconsideration of the Court's prior order designating this case as the lead of the two related cases, and, since Ms. Zepeda Olivares is the proper representative of the estate, the proposed realignment of the two related cases would serve no purpose.

Accordingly, and as set more fully set forth herein, the defendants' motion should be denied.  Alternatively, plaintiffs request leave to amend.

## STANDARDS OF REVIEW

Generally, the federal system is one of notice pleading. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002).  A pleading is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 512 (2002).  The required "short and plain statement" must simply give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. The Supreme Court has more recently clarified that a federal complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Even after *Twombly* and *Ashcroft*, however, a plaintiff need not plead a *prima facie* case in a complaint. *Swierkiewicz*, 534 U.S. at 514–515; *see also Starr v. Baca*, 652 F.3d 1202, 1216-1217 (9th Cir. 2011) (reaffirming *Swierkiewicz*'s continuing validity). "The theory of the federal rules is that once notice-giving pleadings have been served, the parties are to conduct discovery in order to learn more about the underlying facts." *Starr v. Baca*, 652 F.3d at 1212.

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory

or on the absence of sufficient facts alleged under a cognizable legal theory. *Mollett v. Netflix, Inc.*, 795F.3d 1062, 1065 (9th Cir. 2015). The district court's consideration of a Rule 12(b)(6) motion to dismiss is limited to considering the allegations in the complaint. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). All of the complaint's factual allegations are taken as true, and the facts are construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*,540 F.3d 916, 919 (9th Cir. 2008). Except as otherwise required under the limited circumstances inapplicable here, facts need only be alleged generally, and the court must also assume that general allegations embrace the necessary, specific facts to support the claim. *Smith v. Pacific Prop. & Dev. Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011).

Of course, a court considering a 12(b)(6) motion does not have "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d1049, 1056-57 (9th Cir. 2008). Legal conclusions also need not be accepted. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court also is not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice. *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC,* 733 F.3d1251, 1254 (9th Cir. 2013).

Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. *See Chaset v. Fleer/Skybox Int'l*, 300F.3d 1083, 1087-1088 (9th Cir. 2002); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (if a court

1 dismisses the complaint, it should grant leave to amend, unless it determines that the pleading
2 could not possibly be cured by the allegation of other facts).

3     Courts may take judicial notice of proceedings in other courts. *U.S. ex rel Robinson
4 Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citing *St. Louis
5 Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169 (10th Cir. 1979) ("[W]e 'may take notice of
6 proceedings in other courts, both within and without the federal judicial system, if those
7 proceedings have a direct relation to matters at issue.'"). And more specifically, courts may take
8 judicial notice of orders or decisions entered in any federal or state court. *Holder v. Holder*, 305
9 F.3d 854, 866 (9th Cir. 2002). In addition, a court may use judicial notice even at the 12(b)(6)
10 stage to consider indisputable evidence on which the complaint necessarily relies. *See Marder
11 v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006). A court may treat such a document as "part of the
12 complaint, and thus may assume that its contents are true for purposes of a motion to dismiss
13 under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).

**ARGUMENT**

### I.   Ms. Zepeda Olivares is the Administrator of Her Son's Estate

16     The defendants contend that these plaintiffs lack standing to represent the estate of
17 Maximiliano Sosa, Jr. This is simply false. First, the Third Amended Complaint only alleges
18 that plaintiff Martha Zepeda Olivares is the representative of the estate. DN 67, p. 2, ¶ 4. And
19 that representation is confirmed by the June 14, 2024 Order of the Fresno Superior Court in
20 Case No. 23CEPR01424 and the letters of administration issued the same day. *See* Exhibits 1
21 and 2 hereto, over which the plaintiffs request this Court take judicial notice pursuant to Federal
22 Rule of Evidence 201. These orders were given to all parties well before this motion's filing.

23     Ms. Zepeda Olivares' status as the administrator of her deceased son's estate,[1] and her
24 acting on behalf of that estate, precludes any other party, including an estate beneficiary, from
25 purporting to act on behalf of the estate. Indeed, an executor of a will or the administrator of an
26 intestate estate is the one authorized to maintain or defend an action on behalf of a probate

---

[1] Some cases refer to a "personal representative" rather than an estate administrator, but the terms are synonymous when there exists an administrator appointed by a probate court. *See* Cal. Probate Code § 58.

estate. *Smith v. Cimmet*, 199 Cal.App.4th 1381, 1391 (2011); *see also* Cal. Prob. Code, § 9820; Cal. Code Civ. Proc., § 369, subd. (a).) There are only limited circumstances where the beneficiary of the estate has standing to sue a third party to seek redress for an injury to the estate, typically when the estate administrator cannot or will not act. *See Bohn v. Smith*, 252 Cal.App.2d 678, 680-681 (1967). This is obviously not such a case, as the record shows these plaintiffs promptly instituted suit, even while the initial probate process was still pending, in order to attempt to preserve important evidence.

The defendants' motion is based on inapposite case authority that only applies when there is no court-appointed representative of an estate, and the estate is instead represented by a successor in interest. California Code of Civil Procedure § 377.30 specifically states: "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest ... and *an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest."* (Emphasis added). Plaintiffs do not dispute that the decedent's minor children are his heirs and successors in interest, but that does nothing to change the fact that Ms. Zepeda Olivares, their grandmother, has legal authority to pursue litigation on behalf of the decedent's estate. *See* FRCP 17(a)(1) (providing that an estate administrator may sue without joining the persons from whose benefit the action is brought).

Plaintiffs accordingly submit that the defendants' motion to dismiss in this regard is misdirected to the wrong parties purporting to represent the decedent's estate and should be denied. If the Court declines to judicially notice the state court orders, plaintiffs certainly can amend their pleading to include the same as exhibits.

### II. Plaintiffs' Have Standing to Assert Wrongful Death Claims

The defendants contend that these plaintiffs "do not have standing under California law to bring wrongful death claims." DN 75, p. 14, line 2. The underlying premises, i.e., that parents of an adult child cannot have valid claims for wrongful death, or that the specific facts supporting their standing to assert such causes of action must be specifically alleged in the

complaint to establish standing, are incorrect. Indeed, California Code of Civil Procedure § 377.60(b) provides that parents who were dependent on the decedent can sure for his wrongful death. For purposes of this provision, dependence refers to financial support. *See Hazelwood v. Hazelwood*, 57 Cal.App.3d 693, 697-698 (1976). However, financial dependence generally presents a question of fact that has to be "determined on a case-by-case basis." *Perry v. Medina*, 192 Cal.App.3d 603, 608 (1987). "No strict formula can be applied nor did the Legislature suggest a formula...." *Ibid*. Dependence can include a variety of aspects, including support for basic life necessities, or support for obtaining the things, such as shelter, clothing, food and medical treatment, which one cannot and should not do without." *Ibid*.

Since the parent plaintiffs' standing to assert wrongful death claims related to their deceased son does not present a legal impossibility, and we are at the pleading stage, the operative question is whether they are required to allege their standing with specificity. In other words, must the plaintiffs allege facts showing they ultimately will prevail on their claims just to establish standing? The answer is a resounding no. "The jurisdictional question of standing precedes, and does not require, analysis of the merits." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (quoting *Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo*, 548 F.3d 1184, 1189 n.10 (9th Cir. 2008)). It is therefore possible that plaintiffs may file a civil action "'without suffering dismissal for want of standing to sue," even if they are ultimately "[un]able to assert a cause of action successfully." *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 712 n.5 (N.D. Cal. 2011) (quoting *Doe v. Chao*, 540 U.S. 614, 624–25 (2004)). Standing to sue is not one of the matters that must be alleged specifically under FRCP 9, and under the authorities cited above, and the defendants' motion attacking the parent plaintiffs' standing must therefore be denied.

If the Court disagrees with this analysis, plaintiffs believe they can in good faith allege facts to support their standing to sue for wrongful death and request leave to amend. While the operative complaint is the Third Amended Complaint, this argument has never been raised by any of the defendants, all of whom are represented by the same counsel and have a unity of

interests, until now.

### III.     Plaintiffs' Familial Relationship Allegations Are Sufficient

In a somewhat insulting argument, especially since the parent plaintiffs have already been deposed, the defendants contend that they lack a sufficient connection to their deceased son to assert a 14th Amendment cause of action for deprivation of familial relations. However, the claim asserted by plaintiffs "protects those relationships, including family relationships, that *presuppose* 'deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life." *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001) (quoting *Board of Dir. v. Rotary Club*, 481 U.S. 537, 545 (1987)).

There are many decisions that have denied motions contending insufficient relationship allegations in this same context. *See, e.g., Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1169 (9th Cir. 2013) ("[I]n past cases, we have recognized a parent's right to a child's companionship without regard to the child's age.") (collecting cases); *Estate of Osuna v. Cty. of Stanislaus*, 392 F. Supp. 3d 1162, 1176 (E.D. Cal. 2019) ("As the wife and son of the decedent, [plaintiffs] possess constitutionally protected liberty interests in the companionship and society of their husband and father, respectively."); *Morales v. City of Delano*, 852 F. Supp. 2d 1253, 1273–74 (E.D. Cal. 2012) (finding that spouses and children possess a constitutional interest in familial companionship with their spouse and parents).

The authorities relied on by the defendants are unavailing and easily distinguishable. *Kirkpatrick v. Cnty. of Washoe*, 843 F.3d 784 (9th Cir. 2016), was a summary judgment appeal related to the termination of parental rights by a dependency court, and is of no support at this stage or in this context. *Wheeler v. City of Santa Clara*, 894 F. 3d 1046 (9th Cir. 2018), involved claims asserted by the former parents of a child adopted at birth, who had long ago lost all rights as parents under state law, and is also unhelpful to the defendants. Further, the "split of authority" discussed in the dissent in *Sinclair v. City of Seattle*, 61 F.4th 674 (9th Cir. 2023), is the split between the Ninth Circuit, which recognizes a right of parent-child familial association

under the 14th Amendment, and the several federal appellate jurisdictions that do not. That decision is thus equally inapposite. Finally, the unpublished Central District of California decision cited by defendants, *Doe by & through Rodriguez v. Cnty. of Los Angeles*, 2020 WL 7773891 (C.D.Cal. Dec. 30, 2020), is a case brought by a child who did not have the decedent's name on her birth certificate, had not been included in the primary lawsuit related to the death of the decedent, but who brought her own subsequent action. Moreover, in that decision the district court apparently departed from the Ninth Circuit's holding in *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d at 1169, without even acknowledging that presumably binding decision or citing any other authority for support. Indeed, there is actually *no* support for the proposition that rightful parents must specifically allege the existence of or damage to their relationship with their deceased adult child in order to survive the pleading stage. And this Court should not be the first to so hold.

Finally, the parent plaintiffs should very easily amend the Third Amended Complaint to add sufficient allegations, so any dismissal should be without prejudice.

### IV.   *Defendants' Request to Realign These Two Related Cases is Spurious*

The defendants last contend that, although the Court issued an order – pursuant to stipulation -- back on January 13, 2025 making this the lead of the two related cases and closing the higher numbered case (DN 46), it should reverse itself because of the merit of their current arguments. Those arguments, however, lack substantial merit, and there would be no reason for the Court to reorganize its docket as requested.

WHEREFORE, the defendants' arguments lack merit and their motion to dismiss should be denied. Alternatively, leave to amend is requested.

Dated:  August 20, 2025         /s/ Kevin G. Little
                                 Kevin G. Little
                                 Attorneys for Plaintiffs Martha Zepeda Olivares,
                                 individually and on behalf of the Estate of
                                 Maximiliano Sosa, Jr. and Maximiliano Sosa, Sr.

# EXHIBIT 1

**DE-140**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|
| Kevin G. Little   149818<br>LAW OFFICE OF KEVIN G. LITTLE<br>Post Office Box 8656<br>Fresno            CA   93747 | 559-342-5800<br>559-242-2400 | **FILED**<br>6/14/2024<br>FRESNO COUNTY SUPERIOR COURT<br>By  rlong                              DEPUTY<br>RECEIVED<br>3/7/2024 11:56 AM<br>FRESNO COUNTY SUPERIOR COURT<br>By: Evanie Salinas, Deputy |
| ATTORNEY FOR *(Name):* Petitioner Martha Zepeda Olivares | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  FRESNO
STREET ADDRESS: 1130 "O" Street
MAILING ADDRESS: 1130 "O" Street
CITY AND ZIP CODE: Fresno, 93721
BRANCH NAME: B.F. Sisk Courthouse-Probate

ESTATE OF *(Name):*
MAXIMILIANO SOSA JR.
DECEDENT

**ORDER FOR PROBATE**

**ORDER APPOINTING**
- [ ] Executor
- [ ] Administrator with Will Annexed
- [X] Administrator   [X] Special Administrator
- [X] Order Authorizing Independent Administration of Estate
  - [X] with full authority  [ ] with limited authority

CASE NUMBER: 23CEPR01424

**WARNING: THIS APPOINTMENT IS NOT EFFECTIVE UNTIL LETTERS HAVE ISSUED.**

1. Date of hearing: 05/08/2024   Time: 9:00 AM   Dept./Room: 97A   Judge: Hon. Brian Arax

**THE COURT FINDS**

2. a. All notices required by law have been given.
   b. Decedent died on *(date):* 11/04/2023
      (1) [X] a resident of the California county named above.
      (2) [ ] a nonresident of California and left an estate in the county named above.
   c. Decedent died
      (1) [X] intestate
      (2) [ ] testate
   and decedent's will dated:                          and each codicil dated:
   was admitted to probate by Minute Order on *(date):*

**THE COURT ORDERS**

3. *(Name):* MARTHA ZEPEDA OLIVARES
   is appointed **personal representative:**
   a. [ ] executor of the decedent's will           d. [ ] special administrator
   b. [ ] administrator with will annexed              (1) [ ] with general powers
   c. [X] administrator                                (2) [ ] with special powers as specified in Attachment 3d(2)
                                                       (3) [ ] without notice of hearing
                                                       (4) [ ] letters will expire on *(date):*
   and letters shall issue on qualification.

4. a. [X] **Full authority** is granted to administer the estate under the Independent Administration of Estates Act.
   b. [ ] **Limited authority** is granted to administer the estate under the Independent Administration of Estates Act (there is no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

5. a. [X] Bond is not required.
   b. [ ] Bond is fixed at: $                to be furnished by an authorized surety company or as otherwise provided by law.
   c. [ ] Deposits of: $                are ordered to be placed in a blocked account at *(specify institution and location):*
      and receipts shall be filed. No withdrawals shall be made without a court order. [ ] Additional orders in Attachment 5c.
   d. [ ] The personal representative is not authorized to take possession of money or any other property without a specific court order.

6. [X] *(Name):* Steven Diebert               is appointed probate referee.

Date: 6/14/2024

*(signature)*
JUDGE OF THE SUPERIOR COURT

7. Number of pages attached: _____     [ ] SIGNATURE FOLLOWS LAST ATTACHMENT

Form Approved by the Judicial Council of California
DE-140 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**ORDER FOR PROBATE**

CEB  www.ceb.com

Probate Code, §§ 8006, 8400

# EXHIBIT 2

**DE-150**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|
| Kevin G. Little   149818<br>LAW OFFICE OF KEVIN G. LITTLE<br>Post Office Box 8656<br>Fresno                CA  93747 | 559-342-5800<br>559-242-2400 | **FILED**<br>06/21/2024 11:22:03 AM<br>FRESNO COUNTY SUPERIOR COURT<br>By rlong<br>DEPUTY |
| ATTORNEY FOR *(Name)*: Petitioner Martha Zepeda Olivares | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** FRESNO<br>STREET ADDRESS: 1130 "O" Street<br>MAILING ADDRESS: 1130 "O" Street<br>CITY AND ZIP CODE: Fresno             CA   93721<br>BRANCH NAME: B.F.Sisk Courthouse-Probate | | RECEIVED<br>3/7/2024 11:56 AM<br>FRESNO COUNTY SUPERIOR COURT<br>By: Evanie Salinas, Deputy |
| ESTATE OF *(Name)*:<br>    MAXIMILIANO SOSA JR.<br>                                                         DECEDENT | | |
| **LETTERS**<br>☐ TESTAMENTARY        ☒ OF ADMINISTRATION<br>☐ OF ADMINISTRATION WITH WILL ANNEXED  ☐ SPECIAL ADMINISTRATION | | CASE NUMBER:<br>23CEPR01424 |

**LETTERS**

1. ☐ The last will of the decedent named above having been proved, the court appoints *(name)*:

    a. ☐ executor.
    b. ☐ administrator with will annexed.

2. ☒ The court appoints *(name)*: Martha Zepeda Olivares

    a. ☒ administrator of the decedent's estate.
    b. ☐ special administrator of decedent's estate
        (1) ☐ with the special powers specified in the *Order for Probate*.
        (2) ☐ with the powers of a general administrator.
        (3) ☐ letters will expire on *(date)*:

3. ☒ The personal representative is authorized to administer the estate under the Independent Administration of Estates Act   ☒ **with full authority**
    ☐ **with limited authority** (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

4. ☐ The personal representative is not authorized to take possession of money or any other property without a specific court order.

WITNESS, clerk of the court, with seal of the court affixed.

**AFFIRMATION**

1. ☐ PUBLIC ADMINISTRATOR: No affirmation required (Prob. Code, § 7621(c)).

2. ☒ INDIVIDUAL: **I solemnly affirm** that I will perform the duties of personal representative according to law.

3. ☐ INSTITUTIONAL FIDUCIARY *(name)*:

    **I solemnly affirm** that the institution will perform the duties of personal representative according to law. I make this affirmation for myself as an individual and on behalf of the institution as an officer.
    *(Name and title)*:

4. Executed on *(date)*: 03/01/2024
   at *(place)*: Fresno                                    , California.

▶ _Martha Zepeda Olivares_
(SIGNATURE)

**CERTIFICATION**

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect.



(SEAL)   Date: 6/21/2024

Clerk, by

/s/ Randi Long 
(DEPUTY)

(SEAL)   Date:

Clerk, by

_____
(DEPUTY)

Form Approved by the
Judicial Council of California
DE-150 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**LETTERS**
**(Probate)**

CEB
www.ceb.com

Probate Code, §§ 1001, 8403,
8405, 8544, 8545;
Code of Civil Procedure, § 2015.6