Mildred K. O'Linn (State Bar No. 159055)
  missy.olinn@manningkass.com
Lynn Carpenter (State Bar No. 310011)
  lynn.carpenter@manningkass.com
Maya Sorensen (State Bar No. 250722)
  Maya.Sorensen@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF FRESNO;
POLICE CHIEF PACO BALDERRAMA;
OFFICER JOHN AYERS; OFFICER
BRANDON CROCKETT; OFFICER
JONATHAN ABRAHAM; and OFFICER
ANTHONY AGUILAR

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| MARTHA ZEPEDA OLIVARES, individually and on behalf of the ESTATE OF MAXIMILIANO SOSA, JR.; MAXIMILIANO SOSA, SR., <br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO; FRESNO POLICE OFFICER JOHN AYERS; FRESNO POLICE OFFICER BRANDON CROCKETT; FRESNO POLICE OFFICER JONATHAN ABRAHAM; FRESNO POLICE OFFICER ANTHONY AGUILAR; UNKNOWN LAW ENFORCEMENT OFFICERS, POLICE CHIEF PACO BALDERRAMA and DOES 1-30,<br><br>Defendants. | Case No. 1:23-cv-01575-JLT-SAB<br>District Judge:   Jennifer L. Thurston<br>Magistrate Judge: Stanley A. Boone<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Judge:   Hon. Jennifer L. Thurston<br>Date:    September 23, 2025<br>Time:    9:00 a.m.<br>Crtrm.:   4<br><br>Action Filed:   2/23/2024<br>Trial Date:     Not Set |

Defendants Officer John Ayers, Officer Brandon Crockett, Officer Jonathan Abraham, Officer Anthony Aguilar, Chief Paco Balderrama, and the City of Fresno (collectively, "Defendants") respectfully submit this reply memorandum of points and authorities in support of their motion to dismiss the Olivares Plaintiffs' Third Amended Complaint (the "Motion").

1

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................... 1

II. THE OLIVARES PLAINTIFFS ACKNOWLEDGE MAX SENIOR DOES NOT HAVE STANDING ................................................................................................. 1

III. MARTHA ZEPEDA DID NOT HAVE STANDING TO INITIATE THIS ACTION IN NOVEMBER 2023 ...................................................................................... 3

IV. THE OLIVARES PLAINTIFFS' FOURTEENTH AMENDMENT CLAIM IS INADEQUATELY PLED ........................................................................................ 5

V. ANY REMAINING CLAIMS SHOULD BE JOINED AND THE APPROPRIATE PLAINTIFF(S) IDENTIFIED ............................................................. 6

VI. CONCLUSION ....................................................................................................... 7

I.

# INTRODUCTION

The Olivares Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Opposition" or "Opp.," Dkt. No. 76) perfectly illustrates why California's longstanding "one action" rule is necessary. Defendants – as of recently, five individuals and the City – have been sued by five plaintiffs, each presenting a conflicting position as to who can sue on Max Junior's behalf and for his loss. The thrust of Defendants' Opposition is that even accepting all these plaintiffs' allegations as true, Defendants are answerable only to the survivor(s) to whom the law authorizes relief. Is that Max Junior's mother? His father? His children? His widow? Or some combination of them? Defendants assert this question can be answered (at least in part) by reference to the pleadings alone. The Olivares Plaintiffs' apparent suggestion that the question need not be answered – or even addressed – until all parties have engaged in protracted and expensive litigation is untenable. The current state of the litigation unfairly subjects Defendants to duplicative discovery, excess costs, and the threat of multiple liabilities. To streamline the litigation, conserve party and judicial resources, and protect Defendants from potentially inconsistent findings, the Motion should be granted. Alternatively, the Olivares Plaintiffs' claims should be joined with the consolidated action brought by Max Junior's widow and children.

II.

# THE OLIVARES PLAINTIFFS ACKNOWLEDGE MAX SENIOR DOES NOT HAVE STANDING

The Olivares Plaintiffs state – correctly – that their Third Amended Complaint "only alleges that plaintiff Martha Zepeda Olivares is the representative of the estate." Opp. at 4 (citing TAC, ¶ 4). Yet even accepting the truth of the allegation that Martha is the estate's legal representative, that simply confirms Max Sosa Senior has no standing here. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007) (stating the court must "accept all allegations of material fact in the complaint as true").[1]  California Code of Civil Procedure section 377.30

---

[1] Internal quotation marks, ellipses, parentheses, brackets, and citations are omitted from direct

provides a survival action may be "commenced" by the decedent's personal representative or their successor in interest (defined elsewhere as the beneficiary to the decedent's estate).[2] Cal. Civ. Proc. Code §§ 377.30, 377.11. Section 377.60, titled "Persons With Standing," provides that a wrongful death action may be brought by the decedent's personal representative or by any of the enumerated persons "entitled to the property of the decedent by intestate succession." Cal. Civ. Proc. Code § 377.60. By the Olivares Plaintiffs' own admission, Max Sosa Senior is **neither** a legal representative of the estate, **nor** the successor in interest, and thus lacks standing to bring any survival or wrongful death claims. *Est. of Wilson by & through Jackson v. Cnty. of San Diego*, No. 20-CV-0457-BAS-DEB, 2022 WL 789127, at *8 (S.D. Cal. Mar. 14, 2022) ("A plaintiff who lacks statutory standing to bring a claim under Section 377.60 may not bring a claim under Section 1983.").

The Olivares Plaintiffs further suggest their standing to assert wrongful death claims "does not present a legal impossibility" because they might have standing under the statute if they were financially dependent on Max Sosa Junior. Opp. at 6 (citing Cal. Civ. Proc. Code § 377.60(b)). But "under California law, **only** a decedent's heirs **or** his personal representative can bring a wrongful death action – **but not both**." *Mercier for Est. of England v. DePuy Orthopaedics, Inc.*, No. CV 23-0040-GW-JCX, 2024 WL 4646994, at *3 (C.D. Cal. Oct. 25, 2024) (citing *Adams v. Superior Ct.*, 196 Cal. App. 4th 71, 75 (2011)) (emphasis added). Martha cannot have it both ways – she cannot assert a superior right to pursue her claims as Max Sosa Junior's "personal representative" while at the same time claiming that she and her husband have standing as Max's dependents under the statute.

In any event, the Olivares Plaintiffs did not allege standing as financial dependents and have not pled facts to "raise [their] right to relief" on that basis "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (further noting that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions"). "[T]he cause of

---

quotes, and citations, parallel reporters and subsequent history are omitted from citations, unless otherwise stated.

[2] Notably, Max Senior has never filed the declaration required by Section 377.23 of the Code of Civil Procedure to proceed as Max Junior's successor in interest. *See* Dkt. Nos. 1, 26, 51.

2
**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

action for wrongful death is a pure creature of the statute and exists only so far and in favor of such person as the legislative power may declare." *Medrano v. Kern Cnty. Sheriff's Officer*, 921 F. Supp. 2d 1009, 1017 (E.D. Cal. 2013) (further noting the statute's standing requirements are "strictly construed"). Therefore, "[a] parent seeking to bring a wrongful death claim must plead and prove standing . . .." *Raymond v. Martin*, No. 118CV00307DADJLT, 2018 WL 2329244, at *4 (E.D. Cal. May 23, 2018), *report and recommendation adopted*, 2018 WL 3655430 (E.D. Cal. July 31, 2018) (dismissing parent's wrongful death for failure to plead sufficient facts establishing standing) (citing *Nelson v. County of Los Angeles*, 113 Cal. App. 4th 783, 789 (2003) and *Coats v. K-Mart Corp.*, 215 Cal. App. 3d 961, 969 (Ct. App. 1989)). Max Senior has not done so.

At a minimum, then, Max Sosa Senior's Second, Third, Fourth, Seventh and Eighth Causes of Action must be dismissed, because these statutes do not "grant the plaintiff the cause of action that he asserts." *See Bank of Am. Corp. v. City of Miami, Fla.*, 581 U.S. 189, 196 (2017) (defining statutory standing); *see also City of Seattle v. Monsanto Company* (W.D. Wash. 2019) 387 F.Supp.3d 1141, 1151 ("[L]ack of statutory standing requires dismissal for failure to state a claim under Rule 12(b)(6)." (citing *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011)).

### III.
### MARTHA ZEPEDA DID NOT HAVE STANDING TO
### INITIATE THIS ACTION IN NOVEMBER 2023

As noted, Sections 377.30 and 377.60 of the Code of Civil Procedure authorize a decedent's personal representative to initiate wrongful death and survival actions. Cal. Civ. Proc. Code §§ 377.30, 377.60. A decedent's personal representative is also authorized to commence litigation for the benefit of the estate. Cal. Probate Code § 9820. However, as the Opposition makes clear, Martha Olivares lacked any such authority when this action was commenced.

The Olivares Plaintiffs filed their complaint on November 7, 2023, just four days after Max Junior's death. Dkt. No. 1. Martha declared, under penalty of perjury, that she was "authorized to act" on Max Junior's behalf. Dkt. No. 1 at 9. But "[a]n administrator is not created by self-proclamation," and Martha did not take "the specific statutory steps" to become the estate's administrator until months later. *Coats*, 215 Cal. App. 3d at 968. If she is the duly appointed

3

administrator of Max Sosa Junior's estate, she did not attain that status until June 21, 2024. Opp. at 12. Plaintiff has cited no authority to suggest that her belated appointment as Max Sosa Junior's representative "confer[s] standing on a plaintiff who knowingly lacked it when suit initially was filed." *Id.* (holding that "to be decedent's "personal representative," [his mother] would have had to be the duly appointed administratrix of decedent's estate at the time of the filing of the initial complaint" and declining to relate her amended complaint back to the initial complaint for timeliness purposes); *see also Est. of Harmon v. Cnty. of San Mateo*, No. 21-CV-01463-VC, 2021 WL 5071831, at *1 (N.D. Cal. Oct. 26, 2021) (finding mother's declaration did not set forth sufficient facts to support her status as successor in interest, and noting the declaration predated the "purported assignment of successor in interest rights" from decedent's husband).

Even assuming Martha Olivares now has standing to pursue this action, it is concerning that the Olivares Plaintiffs never moved for dismissal, intervention or substitution in the Sosa Plaintiffs' action, as Ms. Olivares presumably had the authority to do over a year ago.[3] *See Goodwin v. California Dep't of Corr. & Rehab.*, No. C-07-1924 (JL), 2010 WL 11484527, at *5 (N.D. Cal. Nov. 12, 2010) (noting mother's "status as a personal representative was crucial to her case" as she otherwise lacked standing to pursue survival and wrongful death claims). It also makes no sense that the Olivares Plaintiffs continue to refer to their standing as Max Sosa Junior's "surviving parents," as parallel to the interests of Max Sosa Junior's surviving children. *See* TAC, ¶ 6. The Olivares Plaintiffs are indisputably not Max Sosa Junior's beneficiaries or successors in interest, because his children survived him. *See Goodwin v. California Dep't of Corr. & Rehab.*, No. C-07-1924 (JL), 2010 WL 11484527, at *5 (N.D. Cal. Nov. 12, 2010) (noting that for mother "to be considered a 'successor in interest' for the purposes of asserting a survival action . . . decedent would also have had to leave no issue"); *Gonzalez v. City of Garden Grove*, No. CV051506CASJTLX, 2006 WL 8434405, at *4 (C.D. Cal. Aug. 22, 2006) ("A decedent's parents become heirs under the wrongful death statute only when the decedent leaves no surviving issue."); *See Chavez v.*

---

[3] Martha was ostensibly appointed the representative of Max Junior's estate on June 21, 2024. Opp. at 12. The Sosa Plaintiffs filed their complaint on August 30, 2024.

*Carpenter*, 91 Cal. App. 4th 1433, 1442 (2001) (existence of surviving issue "forecloses [parents'] standing as heirs").

If Martha Olivares is indeed the legal representative of the estate, then she and only she can maintain this action. *See* Cal. Civ. Proc. Code §§ 377.30 and 377.60 (providing that survival and wrongful death actions may be commenced by personal representative *or* successors in interest/beneficiaries of the estate); *Mercier for Est. of England*, 2024 WL 4646994, at *3 (noting either the representatives or the successors can pursue claims, "but not both"). Yet the Olivares Plaintiffs appear content to leave the task of determining the proper plaintiff(s) in this action to Defendants. This is neither fair nor consistent with applicable precedent requiring plaintiffs to demonstrate standing and directing that defendants should not be subjected to a "series" of actions arising out of the "joint," "single," and "indivisible" death of plaintiffs' loved one. *See Simplis v. Culver City Police Dep't*, No. CV10-9497 JHN (MANX), 2011 WL 13133819, at *2 (C.D. Cal. Apr. 20, 2011) (describing "one action" rule) (citing *Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 807 (Cal. App. 2d Dist. 1997) and *Cross v. Pacific Gas & Electric Co.*, 60 Cal. 2d 690 (1964)); *Washington Env't Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013) (plaintiffs "must demonstrate standing for each claim [they] seek[] to press and for each form of relief sought").

## IV.
## THE OLIVARES PLAINTIFFS' FOURTEENTH AMENDMENT CLAIM IS INADEQUATELY PLED

The Olivares Plaintiffs misconstrue Defendants' arguments regarding their Fourteenth Amendment claims. Defendants conceded in their moving papers that in the Ninth Circuit, parents "maintain a constitutionally protected liberty interest in the companionship of their adult children." Motion at 8 (citing *Greenstone v. Las Vegas Metro. Police Dept*., No. 223CV00290GMNNJK, 2024 WL 385213, at *7 (D. Nev. Jan. 31, 2024). And the several cases cited by the Olivares Plaintiffs finding that "spouses and children possess a constitutional interest in familial companionship with their spouse and parents" are inapposite to the facts of this case. *See* Opp. at 7.

The point is that "[f]ew close relationships – even between blood relatives – can serve as a basis for asserting Fourteenth Amendment loss of companionship claims." *Wheeler v. City of Santa*

*Clara*, 894 F.3d 1046, 1058 (9th Cir. 2018). Thus, neither a "biological connection alone" nor "allegations of a close relationship or affection" are sufficient to establish a parent's entitlement to relief. *See Est. of Harmon*, 2021 WL 5071831, at *1. This is especially true given this cause of action's tenuous foundation, as recognized in Judge Thomas's concurrence in *Sinclair v. City of Seattle*, 61 F.4th 674, 684-85 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 88 (2023); *see also Napouk v. Las Vegas Metro. Police Dep't*, 123 F.4th 906, 925 (9th Cir. 2024) (Judge Nelson's observation in concurring opinion that "our holding that plaintiffs have [a right to companionship of an adult child] "finds no basis in the text, history, or tradition of the Fourteenth Amendment"). Here, the Olivares Plaintiffs allege only that they are Max Sosa Junior's parents and are "devastated" by his death, which has caused them "emotional distress and mental anguish." TAC, ¶¶ 3-6, 30, 47. Similar and even more detailed allegations of "close" or "loving" relationship have been found insufficient to state a constitutional claim.[4]

## V.
## ANY REMAINING CLAIMS SHOULD BE JOINED
## AND THE APPROPRIATE PLAINTIFF(S) IDENTIFIED

This Motion illustrates why early resolution of this issue is necessary and that the correct plaintiff(s) proceed in a single action that will decide all parties' respective entitlement to recovery. *See* 6 Witkin, Summary of California Law: Torts, § 1545 (11th ed. 2024) (explaining wrongful death actions are "joint," meaning "all persons entitled to sue should join or be joined in the action and that a single verdict should be rendered for all recoverable damages" and "single," meaning "that

---

[4] *See, e.g., Wheeler*, 894 F.3d at 1058 (allegation of "a 'close relationship'" with decedent was "not sufficient to support a loss of companionship claim"); *Est. of Harmon*, 2021 WL 5071831, at *1 (allegations that plaintiff was "a loving mother . . . and was loved deeply in return" and "suffered the irreparable loss of [decedent's] love, affection, society, and moral support" were insufficient); *Doe by & through Rodriguez v. Cnty. of Los Angeles*, No. 20CV3218DDPJPRX, 2020 WL 7220455, at *4 (C.D. Cal. Oct. 20, 2020) (finding "single allegation" of biological relationship "insufficient"); *Terry v. City of Pasadena California*, No. CV-1807730-SJORAOX, 2019 WL 4139257, at *5 (C.D. Cal. June 17, 2019) (dismissing complaint where plaintiff alleged only that decedent "loved and spent time with him"); *Rocha v. Kernan*, No. EDCV 17-869-GW(FFMX), 2019 WL 2949031, at *17 (C.D. Cal. Mar. 13, 2019) (allegations of "a close relationship with [decedent]" were "not enough" to state a claim).

only one action for wrongful death may be brought"). It is unreasonable to expect Defendants to continue to bear the burden of identifying Max Sosa Junior's true successors, heirs, and representatives, or alternatively to field exponential discovery from five individuals all purporting to be so. Thus, if the Court is inclined to deny the Motion in whole or in part, Defendants respectfully request that all remaining claims be joined with the Sosa Plaintiffs' action. *See* Fed. R. Civ. P. 19, 20. Defendants also request a conference with the Court to discuss bifurcation of (or limitations to) discovery and possible early dispositive motion practice to determine with finality the appropriate plaintiff(s) in this action, before discovery proceeds further. *See* Cal. Civ. Proc. Code § 377.33 (authorizing court to "make any order concerning parties that is appropriate to ensure proper administration of justice in the case").

## VI.
## CONCLUSION

For the reasons stated above and in the Motion, Defendants respectfully request the Court grant the Motion and dismiss the Olivares Plaintiffs' Third Amended Complaint in its entirety. Alternatively, to the extent the Court finds any of the Olivares Plaintiffs' claims survive the Motion, Defendants request those claims be joined with the Sosa Plaintiffs' action and that the parties resolve the issue of which among the five plaintiffs are entitled to proceed.

DATED: August 27, 2025           Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: \_\_\_\_\_/s/ Maya R. Sorensen\_\_\_\_\_
Mildred K. O'Linn
Lynn L. Carpenter
Maya R. Sorensen
Attorneys for Defendants, CITY OF FRESNO; POLICE CHIEF PACO BALDERRAMA; OFFICER JOHN AYERS; OFFICER BRANDON CROCKETT; OFFICER JONATHAN ABRAHAM; and OFFICER ANTHONY AGUILAR

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On August 27, 2025, I served true copies of the following document(s) described as **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address julie.contreras@manningkass.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 27, 2025, at Los Angeles, California.

_Julie Contreras_
Julie Contreras

**SERVICE LIST**
**Martha Zepeda Olivares v. City of Fresno, et al.**
**Case No. 1:23-cv-01575-JLT-SAB**
**Our File Number: 2254-58536**

| | |
|---|---|
| Kevin G. Little, Esq.<br>Michelle Tostenrude, Esq.<br>LAW OFFICES OF KEVIN G. LITTLE<br>P.O. Box 8656<br>Fresno, CA 93747<br>Tel: (559) 342-5800<br>Fax: (559) 242-2400<br>Email: kevin@kevinlittle.com<br>service@kevinlittle.com<br><br>Attorneys for Plaintiffs, Martha Zepeda Olivares, individually and on behalf of the Estate of Maximiliano Sosa, Jr. and Maximiliano Sosa, Sr. | LAW OFFICES OF DALE K. GALIPO<br>Dale K. Galipo, Esq.<br>Cooper Alison-Mayne, Esq.<br>21800 Burbank Blvd., Suite 310<br>Woodland Hills, CA 91367<br>Tel: (818) 347-3333<br>Email: dalekgalipo@yahoo.com;<br>cmayne@galipolaw.com<br>dgilbert@galipolaw.com<br><br>Attorneys for Plaintiffs, MARIA SOSA, L.S. by and through Guardian ad litem MARIA SOSA, M.S. by and through guardian ad litem JENNIFER LOPEZ, individually and as successors-in-interest to Maximiliano Sosa |

Steven A. Lerman, Esq.
Nicholas M. Lerman, Esq.
STEVEN A. LERMAN & ASSOCIATES, INC.
6033 W. Century Blvd., Suite 740
Los Angeles, CA 90045
Tel: (310) 659-8166
Fax: (310) 285-0779
Email: nmlerman0@yahoo.com;
nlerman@lermanslaw.com

Attorneys for Plaintiffs, MARIA SOSA, L.S. by and through Guardian ad litem MARIA SOSA, M.S. by and through guardian ad litem JENNIFER LOPEZ, individually and as successors-in-interest to Maximiliano Sosa