Mildred K. O'Linn (State Bar No. 159055)
*missy.olinn@manningkass.com*
Maya Sorensen (State Bar No. 250722)
*Maya.Sorensen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF FRESNO, FMR. POLICE CHIEF PACO BALDERRAMA, JOHN AYERS, BRANDON CROCKETT, JONATHAN ABRAHAM, and ANTHONY AGUILAR

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

MARTHA ZEPEDA OLIVARES, individually and on behalf of the ESTATE OF MAXIMILIANO SOSA, JR.; MAXIMILIANO SOSA, SR.,

Plaintiffs,

v.

CITY OF FRESNO, UNKNOWN LAW ENFORCEMENT OFFICERS, POLICE CHIEF PACO BALDERRAMA and DOES 1-30,

Defendants.

---

MARIA SOSA, L.S. by and through guardian ad litem MARIA SOSA, M.S. by and through guardian ad litem JENNIFER LOPEZ, individually and as successors-in-interest to Maximilian Sosa,

Plaintiffs,

v.

CITY OF FRESNO and DOES 1-5,

Defendants.

Case No. 1:23-cv-01575-JLT-SAB

District Judge: Jennifer L. Thurston
Magistrate Judge: Stanley A. Boone

**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF [FOR LEAVE TO FILE EXCESS PAGES]**

Judge: Hon. Jennifer Thurston
Date: No hearing required per L.R. 233
Time: n/a
Crtrm.: n/a

Pursuant to Civil Local Rule 233 and this Court's Standing Order, Defendants City of Fresno, Paco Balderrama, John Ayers, Brandon Crockett, Johnathan Abraham, and Anthony Aguilar ("defendants") move for leave to exceed the Court's 25-page limit for motion briefing.

## I. Background

This consolidated civil rights action arises out of the shooting death of decedent Maximiliano Sosa, Jr. ("Max Junior") during a confrontation with defendants Ayers, Crockett, Abraham and Aguilar (the "Officer Defendants") on November 4, 2023. Maximiliano Sosa, Sr. ("Max Senior") and Martha Zepeda-Olivares ("Martha," and, with Max Senior, the "Olivares Plaintiffs"), Max Junior's parents, filed suit in this District on November 7, 2023. Max Junior's wife and minor children, Maria Sosa ("Maria"), L.S. and M.S. (collectively, the "Sosa Plaintiffs") separately filed suit in this District on August 30, 2024, despite some discussion among the parties and with the Court regarding joinder of all parties in a single action. On January 13, 2025, the Court consolidated the two actions and assigned both cases to the original case number. Dkt. No. 46.

Pursuant to this Court's scheduling order, defendants anticipate moving for summary judgment on all causes of action stated by all plaintiffs by October 16, 2026. *See* Dkt. No. 56.

On September 16, 2026, defendants' counsel contacted counsel for the Sosa Plaintiffs and the Olivares Plaintiffs to ascertain their respective positions on this request. The Sosa Plaintiffs **oppose** the request. Defendants' counsel waited more than 24 hours before filing this motion for administrative relief, but did not receive a response from counsel for the Olivares Plaintiffs.

## II. Good Cause Exists to Allow Defendants to File an Omnibus Brief in Excess of 25 Pages

Whether to permit a party to exceed established page limits is a matter of the Court's discretion. *RAJMP, Inc. v. United States*, 2019 WL 2552070, at *2 (S.D. Cal. June 20, 2019). The Court applies a good cause standard to requests to exceed page limits. *See* Standing Order, § 1.B.

Good cause is demonstrated here. Although the actions were consolidated, no claims or parties have been joined and the two sets of plaintiffs have proceeded in this action on separate complaints. Dkt. Nos. 63, 84, 85. The Olivares Plaintiffs' operative Fourth Amended Complaint states ten causes of action against six named defendants and 30 Doe defendants. Dkt. No. 85. The



MK MANNING | KASS

Sosa Plaintiffs' operative Second Amended Complaint states nine causes of action[1] against five named defendants. Dkt. No. 63. The Olivares Plaintiffs and the Sosa Plaintiffs remain separately represented and each plaintiff maintains his or her right to bring wrongful death claims and/or claims on behalf of the Estate. Dkt. No. 63 at ¶¶ 9-11; Dkt. No. 85 at ¶¶ 4, 5. Nor have the plaintiffs indicated that their response to defendants' summary judgment motion will be coordinated. Defendants could proceed with separate motions as against both the Sosa Plaintiffs and the Olivares Plaintiffs, but propose instead to file an omnibus summary judgment brief. Rather than repeat the legal and factual arguments against allowing plaintiffs' overlapping causes of action to proceed to trial, an single, overlength brief will streamline the proceedings for the Court and the parties alike. *Sixty-01 Ass'n of Apartment Owners v. Pub. Serv. Ins. Co.*, No. C22-1373-JCC, 2024 WL 5202449, at *1 (W.D. Wash. Dec. 23, 2024) (granting motion to exceed word count limit for an "omnibus motion" that included all issues for which the party sought summary judgment in lieu of "contemporaneous summary judgment motions").

Notwithstanding the overlap in the complaints, defendants require more than 25 pages to fully brief all of the attendant legal and factual issues presented by them. For an excessive force case such as this involving the death of a suspect with four officers at the scene, it is not uncommon for the recitation of facts alone to occupy several pages. *See Rice v. City of N. Las Vegas*, 2023 WL 6141667, at *3-4 (D. Nev. Sept. 20, 2023), *aff'd*, 2024 WL 4616201 (9th Cir. Oct. 30, 2024) (finding good cause to file excess pages where the "case involve[d] an officer-involved shooting resulting a fatality," citing the "extensive factual nature of the matter").

Defendants will also need to brief for the Court the reasons why five federal constitutional causes of action arising under 42 U.S.C. § 1983, one federal statutory cause of action, and five causes of action arising under California law should not go to trial, and why none of them entitle plaintiffs to punitive damages, as follows:

/ / /

/ / /

[1] The Sosa Plaintiffs' cause of action for negligent infliction of emotional distress was dismissed by stipulation. *See* Dkt. No. 80.

| | Cause of Action | Sosa Plaintiffs | Olivares Plaintiffs |
|---|---|---|---|
| 1 | 42 U.S.C. § 1983 – Fourth Amendment (Excessive Force) | ✓ | ✓ |
| 2 | 42 U.S.C. § 1983 – Fourteenth Amendment (Deprivation of Familial Relationship) | ✓ | ✓ |
| 3 | 42 U.S.C. § 1983 – Municipal Liability (Failure to Train) | ✓ | ✓ |
| 4 | 42 U.S.C. § 1983 – Municipal Liability (Custom and Practice) | ✓ | ✓ |
| 5 | 42 U.S.C. § 1983 – Municipal Liability (Ratification) | ✓ | |
| 6 | Americans with Disabilities Act | ✓ | ✓ |
| 7 | Unruh Act | | ✓ |
| 8 | (Assault and) Battery | ✓ | ✓ |
| 9 | Negligence | ✓ | ✓ |
| 10 | Wrongful Death | | ✓ |
| 11 | Bane Act | ✓ | ✓ |
| 12 | Punitive Damages | ✓ | ✓ |

The defenses against liability and damages among the six defendants (not counting the Does), each of whom have a distinct connection to the incident at the heart of the case, are not identical. And standing to bring both survival and wrongful death claims must be addressed for each of the five plaintiffs. Given the number of parties and the number and complexity of the arguments in support of summary judgment, defendants submit that 40 pages (*maximum*) is a reasonable page limit under the circumstances. *See Rice*, 2023 WL 6141667, at *4 (granting leave to file excess pages due to the "breadth of the issues").

Conversely, the Sosa Plaintiffs' position that just ***two*** additional pages should be sufficient for defendants to adequately brief all of the foregoing issues is not reasonable. The Sosa Plaintiffs' reasoning for refusing to agree to more than 27 pages of briefing is that "[t]he issues overlap almost entirely, except for a small section on standing perhaps." But it is not for the Sosa Plaintiffs as defendants' adversary to say whether sections of Defendants' brief should be "small" or otherwise,

and in fact the plaintiffs' standing to bring their respective claims is an issue meriting substantial discussion.[2] And the Sosa Plaintiffs will have ample opportunity to address that issue (to the extent it pertains to them), along with all of defendants' other asserted reasons why judgment should be entered in their favor, in their opposition brief.

## III. Conclusion

Defendants' request should not be controversial. Their aim is to conserve the parties' and the Court's resources by briefing a single combined motion for summary judgment. They should not be penalized for seeking to do so by cutting their briefing real estate in half (as the Sosa Plaintiffs' proposal would do). Defendants' counsel will endeavor to keep the briefing as focused and concise as possible, but should not be forced to sacrifice accuracy, legally sound argumentation or material facts at the altar of page limits. Defendants respectfully request this Court's leave to file a summary judgment brief of no more than 40 pages; alternatively, defendants request leave to file a brief of whatever length over 25 pages the Court deems appropriate.

DATED: September 17, 2026

Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Maya Sorensen
Maya Sorensen
Attorneys for Defendants, CITY OF FRESNO, FMR. POLICE CHIEF PACO BALDERRAMA, JOHN AYERS, BRANDON CROCKETT, JONATHAN ABRAHAM, and ANTHONY AGUILAR

---

[2] In its order granting in part and denying in part defendants' motion to dismiss the Olivares Plaintiffs' Third Amended Complaint, the Court determined that Martha had standing to bring the Estate's claims as its administrator. Dkt. No. 84 at 5. That finding may affect the other plaintiffs' standing as to both their survival and wrongful death claims, as may the potential termination of the estate alluded to in the Olivares Plaintiffs' Fourth Amended Complaint. *See* Dkt. No. 85 at ¶ 4. The Olivares Plaintiffs' alleged financial dependence on Max Junior will also be the subject of defendants' summary judgment briefing. *See* Dkt. No. 84 at 6-7.