**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs Maria Sosa, L.S., and M.S.*

LAW OFFICES OF DALE K. GALIPO
CIVIL RIGHTS ATTORNEYS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

MARTHA ZEPEDA OLIVARES, individually and on behalf of the ESTATE OF MAXIMILIANO SOSA, JR.; MAXIMILIANO SOSA, SR.; MARIA SOSA, L.S. by and through guardian ad litem MARIA SOSA, M.S. by and through guardian ad litem JENNIFER LOPEZ,

Plaintiffs,

vs.

CITY OF FRESNO, UNKNOWN LAW ENFORCEMENT OFFICERS, POLICE CHIEF PACO BALDERRAMA, JOHN AYERS, BRANDON CROCKETT, JONATHAN ABRAHAM, ANTHONY AGUILAR, DOES 1-30,

Defendant.

Case No.: 1:23-cv-01575-JLT-SAB
Hon. Jennifer L. Thurston
Stanley A. Boone

**OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE EXCESS PAGES**

Plaintiffs Maria Sosa, L.S., and M.S. (the “Sosa Plaintiffs”) oppose the Motion for Administrative Relief for Leave to File Excess Pages that Defendants filed on September 17, 2026 (Dkt. No. 88), and that the City of Fresno joined the same day (Dkt. No. 89). The Sosa Plaintiffs submit this response under the Court’s September 18, 2026 Minute Order. Dkt. No. 90.

LAW OFFICES OF DALE K. GALIPO CIVIL RIGHTS ATTORNEYS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants ask for leave to file a 40-page summary judgment brief, sixty percent longer than the Court's 25-page limit, in a police shooting case involving one decedent, one incident, and one city. The Court should deny the request for three reasons. First, this is a routine civil rights case. The decedent's parents, wife, and children assert the claims that family members assert in nearly every fatal police shooting case, and those cases are regularly briefed on summary judgment within the ordinary page limit. Second, the only feature that distinguishes this case from any other case of its kind is that decedent's parents retained a different law firm than the rest of decedent's family. That fact should change noting about the complexity of the legal issues faced by Defendants. Third, Defendants' remaining justifications, the number of claims and the standing of each plaintiff, do not establish good cause. Defendants' own chart shows that the claims overlap almost entirely, and the standing questions are narrow statutory issues.

## II. LEGAL STANDARD

Whether to permit a party to exceed established page limits is committed to the Court's discretion. Defendants acknowledge that the Court applies a good cause standard to requests to exceed the 25-page limit. Dkt. No. 88 at 2 (citing Standing Order § 1.B). The party seeking relief bears the burden of showing that good cause exists.

## III. ARGUMENT

### A. This Is a Routine Police Shooting Case That Can Be Briefed Within 25 Pages.

Defendants describe this action as arising from the shooting death of Maximiliano Sosa, Jr. during a confrontation with four Fresno police officers on November 4, 2023. Dkt. No. 88 at 2. The claims that follow from those facts are the standard claims in any fatal officer-involved shooting case: a Fourth Amendment

LAW OFFICES OF DALE K. GALIPO CIVIL RIGHTS ATTORNEYS DKG

excessive force claim, a Fourteenth Amendment claim for interference with familial relationships, *Monell* claims against the City, an ADA claim, and state law claims for battery, negligence, wrongful death, and violation of the Bane Act. Dkt. No. 88 at 4. The plaintiffs are the family members who typically bring these types of claims: the decedent's parents, his wife, and his minor children.

Typically, a decedent's parents, spouse, and children are represented by a single firm, and the defendants move for summary judgment against all of them in a single brief that complies with the Court's page limit. Nothing about the legal or factual issues in this case differs from that ordinary case. The central questions on summary judgment will be whether the officers' use of deadly force was reasonable, whether the officers are entitled to qualified immunity, and whether the City can be held liable under *Monell*. The complexity and breadth of those questions does not change simply because the family happens to have hired two different law firms.

Defendants argue that the recitation of facts alone in an excessive force case involving a death and four officers may take several pages. Dkt. No. 88 at 3. That is true of every fatal police shooting case, and the Court's 25-page limit already accounts for it. According to Defendants' logic, every fatal police shooting case would presumptively qualify for excess pages, and the Court's limit would not apply to an entire category of cases routinely litigated in this District.

**B. Representation by Two Law Firms Does Not Create Additional Issues.**

Defendants' real justification is that the two groups of plaintiffs are separately represented and proceed on separate complaints. Dkt. No. 88 at 2–3. The Court consolidated these actions in January 2025 precisely because they arise from the same incident and present the same issues. That the decedent's family members retained two law firms rather than one does not change the issues the case presents. Had a single firm filed a single complaint on behalf of all five plaintiffs, Defendants

LAW OFFICES OF DALE K. GALIPO CIVIL RIGHTS ATTORNEYS

would file one brief within the 25-page limit. The issues Defendants must brief are the same either way.

Defendants' own chart confirms the point. Of the twelve categories Defendants list, nine are asserted by both groups of plaintiffs. Dkt. No. 88 at 4. None of these requires substantial additional briefing. The wrongful death standing, discussed below, is a narrow statutory question that come up in every case like this and is typically addressed in a single brief when the family is all represented by one law firm.

Defendants also argue that an omnibus brief will streamline the proceedings because they could otherwise file separate motions against each group of plaintiffs. Dkt. No. 88 at 3. But that comparison assumes the wrong baseline. An omnibus brief saves pages only when measured against a hypothetical in which Defendants file two briefs making the same arguments twice. The proper comparison is to the single brief Defendants would file if all five family members had one lawyer. Defendants' own description of the claims as "overlapping" confirms that a single brief within the ordinary limit is sufficient. *Id.*

**C. The Number of Claims and the Standing Issues Do Not Establish Good Cause.**

Defendants argue that they must brief five federal constitutional claims, one federal statutory claim, and five state law claims. Dkt. No. 88 at 3. The number of claims overstates the number of issues. The battery and neglignce claims turn on a very similar reasonableness inquiry as the Fourth Amendment claim. The punitive damages request is not a separate claim at all. A brief that addresses the reasonableness of the officers' use of force, qualified immunity, and the City's liability will resolve most of the case.

Defendants also argue that the standing of each of the five plaintiffs to bring survival and wrongful death claims warrants substantial discussion. Dkt. No. 88 at 4–5. It does not. The survival claims belong to the Estate, and the question of who

may assert them on the Estate's behalf is a single question governed by California Code of Civil Procedure sections 377.30 and 377.32. These are discrete questions that can be addressed in two or three pages.

Finally, Defendants argue that it is not for the Sosa Plaintiffs to say whether any section of Defendants' brief should be small, and that limiting Defendants to 27 pages would cut their "briefing real estate in half." Dkt. No. 88 at 4–5. The Sosa Plaintiffs do not purport to dictate the contents of Defendants' brief. The Court's page limit governs how much space Defendants have, and it is Defendants' burden to show why this case requires more. A 27-page limit does not cut anything in half. It exceeds the limit that applies to every other motion in this Court. The Sosa Plaintiffs offered to stipulate to two additional pages as a professional courtesy, not because the issues in this case require them.

**D. A Page Extension Would Give Defendants an Unfair Advantage on the Dispositive Issues.**

Defendants justify their request primarily by pointing to the structure of this consolidated case: the separate complaints and the standing of each plaintiff to bring survival and wrongful death claims. Dkt. No. 88 at 3–5. But an order enlarging the page limit would not restrict how Defendants use the additional pages. Nothing would prevent Defendants from devoting the extra fifteen pages to a longer statement of facts and to expanded arguments on the reasonableness of the officers' use of force, qualified immunity, and Monell liability. Those are the issues that will decide the motion, and they are the same issues presented in every fatal police shooting case.

That result would be unfair to Plaintiffs. Defendants would receive sixty percent more space than the Court's page limit allows to argue the dispositive questions in the case. The justification for that extra space rests on a narrow set of standing issues. Page limits exist in part to ensure that both sides address the merits on equal terms. If Defendants need additional space only to address standing, the

LAW OFFICES OF DALE K. GALIPO CIVIL RIGHTS ATTORNEYS

appropriate remedy is a modest extension limited to that issue. It is not a blanket enlargement that Defendants may use however they choose.

## IV. CONCLUSION

The Sosa Plaintiffs respectfully request that the Court deny Defendants' Motion for Administrative Relief. In the alternative, the Sosa Plaintiffs request that the Court limit Defendants' brief to no more than 27 pages. If the Court grants Defendants any additional pages, the Sosa Plaintiffs request that the Court grant each group of plaintiffs the same number of pages for its opposition.

Dated: September 21, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for the Sosa Plaintiffs*

LAW OFFICES OF DALE K. GALIPO CIVIL RIGHTS ATTORNEYS DKG