# EXHIBIT 13

Policy
300

Fresno Police Department Policy Manual
# Use of Force

**300 Use of Force**
**300.1 POLICY**
The use of force by law enforcement personnel is a matter of critical concern, both to the public and to the law enforcement community. On a daily basis, officers are involved in numerous and varied interactions and, when warranted, may use reasonable force in carrying out a legitimate law enforcement purpose. A primary purpose of this policy is to prevent the use of unnecessary force as defined by law, ensure accountability and transparency, and to enhance the community's trust and confidence in our officers' ability to protect and serve.

Officers must have an understanding of, and true appreciation for, their authority and limitations. This is especially true with respect to overcoming resistance while engaged in the performance of law enforcement duties.

The Department recognizes and respects the value of all human life and dignity without prejudice to anyone and places a priority on it.

Vesting officers with the authority to use reasonable force and to protect the public welfare requires monitoring, evaluation and a careful balancing of all interests. (GC § 7286)

300.1.1 PURPOSE AND SCOPE
The purpose of this policy is to provide officers of the Department with guidelines on the reasonable use of force. While there is no way to specify the exact amount or type of reasonable force to be applied in any situation, each officer is expected to use these guidelines to make such decisions in a professional, impartial and reasonable manner. (Government Code § 7286)

**300.2 DEFINITIONS**
**Deadly force** - Any use of force that creates a substantial risk of causing death or serious bodily injury, including but not limited to the discharge of a firearm (PC § 835a(e)(1)).

**Extenuating Circumstances**– A situation in which an officer has a reasonable belief that a person(s) will cause death or serious bodily injury to another unless immediately apprehended. Any action taken under extenuating circumstances will require specific articulable facts and circumstances.

**Feasible** - Reasonably capable of being done or carried out under the circumstances to successfully achieve the arrest or lawful objective without increasing risk to the officer or another person. (GC § 7286(a)(2))

**Force** - The application of physical techniques, chemical agents, or weapons to another person. It is not a use of force when a person allows themselves to be searched, escorted, handcuffed, or restrained.

**Imminent** - An "imminent" threat of death or serious bodily injury exists when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the officer or another person. An imminent harm is not merely a fear of future harm, but is one that, from appearances, must be instantly confronted and addressed. (PC §835a).

**Positional Asphyxia** - "'Positional asphyxia' means situating a person in a manner that compresses their airway and reduces the ability to sustain adequate breathing. This includes, without limitation, the use of any physical restraint that causes a person's airway to be compressed or impairs the person's

breathing or respiratory capacity, including any action in which pressure or body weight is unreasonably applied against a restrained person's neck, torso, or back, or positioning a restrained person without reasonable monitoring for signs of asphyxia." California Government Code §7286.5(b)(4)

**Reasonable Belief** - The facts or circumstances the officer knows, or should have known, are such as to cause an ordinary and prudent person to act or think in a similar way under similar circumstance.

**Serious Bodily Injury** - Means a bodily injury that involves a substantial risk of death, unconsciousness, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member or organ. (GC § 12525.2)

**Totality of the circumstances** - All facts known to the officer at the time, including the conduct of the officer and the subject leading up to the use of force (PC § 835a(e)(3)).

**300.3 FAIR AND UNBIASED USE OF FORCE**
Officers are expected to carry out their duties, including the use of force, in a manner that is fair and unbiased (GC § 7286(b)). See the Racial or Bias-Based Policy for additional guidance (Policy § 402).

300.3.1 DUTY TO INTERCEDE
Any officer present and observing another law enforcement officer or an employee using force that is clearly beyond that which is necessary, as determined by an objectively reasonable officer under the circumstances, shall, when in a position to do so, intercede to prevent the use of unreasonable force.
When observing force used by a law enforcement officer, each officer should take into account the totality of the circumstances and the possibility that other law enforcement officers may have additional information regarding the threat posed by the subject (Government Code § 7286(b)).

300.3.2 DUTY TO REPORT EXCESSIVE FORCE
Any officer who observes a law enforcement officer or an employee use excessive force shall promptly report these observations to a supervisor as soon as feasible (GC § 7286(b)).

**300.4 USE OF FORCE**
Officers shall use only that amount of force that reasonably appears necessary given the facts and totality of the circumstances known to or perceived by the officer at the time of the event to accomplish a legitimate law enforcement purpose. (PC § 835(a))

The "reasonableness" of force will be judged from the perspective of a reasonable officer on the scene at the time of the incident. Any evaluation of reasonableness must allow for the fact that officers are often forced to make split-second decisions about the amount of force that reasonably appears necessary in a particular situation, with limited information and in circumstances that are tense, uncertain, and rapidly evolving.

Given that no policy can realistically predict every possible situation an officer might encounter, officers are entrusted to use well-reasoned discretion in determining the appropriate use of force in each incident. Officers may only use a level of force that they reasonably believe is proportional to the seriousness of the suspected offense or the reasonably perceived level of actual or threatened resistance (GC § 7286(b)).

It is also recognized that circumstances may arise in which officers reasonably believe that it would be impractical or ineffective to use any of the approved tools, weapons, or methods provided by the Fresno Police Department. Officers may find it more effective or reasonable to improvise their response to rapidly unfolding conditions that they are confronting. In such circumstances, the use of any improvised device or method must nonetheless be objectively reasonable and utilized only to the degree that reasonably appears necessary to accomplish a legitimate law enforcement purpose.
While the ultimate objective of every law enforcement encounter is to protect and serve the community and to intervene safely without injury, to the public and the officer(s), nothing in this policy requires an officer to retreat or be exposed to possible physical injury before applying reasonable force.

300.5 ALTERNATIVE TACTICS - DE-ESCALATION

As time and the totality of the circumstances reasonably permit, and when community and officer safety would not be compromised, officers should use other available resources and techniques if reasonably safe and feasible to an objectively reasonable officer including:

(a) Summoning additional resources that are able to respond in a reasonable and timely manner.
Formulating a plan with responding officers before entering an unstable situation that does not reasonably appear to require immediate intervention.
(b) Employing other tactics that may persuade on individual to voluntarily comply or may mitigate the need to use a higher level of force.
(c) Attempts to de-escalate a situation.
(d) If reasonably available, the use of crisis intervention techniques by properly trained personnel.

**300.6 GUIDELINES FOR REASONABLE FORCE**

Both federal and state law authorize peace officers to use objectively reasonable force to accomplish a legitimate law enforcement purpose. There are five recognized purposes that serve as the basis for the reasonableness of any police use of force. The five lawfully recognized purposes are:

(a) Effect an arrest or detention;
(b) Overcome resistance;
(c) Prevent an escape;
(d) Self-defense; or
(e) Defense of others.

Due to the immediacy with which a member must apply force, together with the absence of time and/or physical ability of the member to select alternative methods, it may be objectively reasonable for the member to apply that method of force most readily available that will affect the desired results.

The application of any force option shall be discontinued once the officer determines that compliance has been achieved.

300.6.1 FACTORS USED TO DETERMINE REASONABLENESS OF FORCE

When determining whether to apply force and evaluating whether an officer has used reasonable force, a number of factors should be taken into consideration, as time and circumstances permit (GC § 7286(b)). These factors include but are not limited to:

(a) The apparent immediacy and severity of the threat to officers or others or whether the conduct of the individual being confronted no longer reasonably appears to pose an imminent threat to the officer or other;
(b) Potential for injury to officers, suspects and others;
(c) Whether the individual is actively resisting, or attempting to evade arrest or escape;
(d) Whether the individual is complaint or is passively resistant, actively resistant, assaultive/combative, or the resistance poses a risk of serious bodily injury or is life threatening;
(e) Risk and reasonably foreseeable consequences of escape;
(f) The time available and the apparent need for immediate control of the suspect or a prompt resolution of the situation;
(g) Seriousness of the suspected offense or reason for contact with the individual prior to and at the time force is used;
(h) Prior contacts with the suspect or awareness of any propensity for violence;
(i) Officer/suspect factors (i.e. age, relative size, strength, skill level, injuries sustained, level of exhaustion or fatigue, clothing thickness, number of officers available vs. suspects, etc.);
(j) The individuals apparent mental state or capacity;
(k) The effects of drugs/alcohol;
(l) The individual's apparent ability to understand and comply with officer commands;
(m) Environmental factors (i.e. footing, lighting, cover and concealment, sound and communications issues, bystanders and crowds etc.);
(n) Proximity of weapons or dangerous improvised devices available to suspect;
(o) Available resources and techniques that are reasonably safe;

(p) The degree to which a suspect has been effectively restrained and their ability to resist despite restraints;
(q) Training and experience of officer(s);
(r) The conduct of the involved officer leading up to the use of force and;
(s) Any other exigent circumstances;

300.6.*2* USE OF FORCE TO EFFECT AN ARREST
Any peace officer may use objectively reasonable force to effect an arrest, to prevent escape or to overcome resistance. A peace officer who makes or attempts to make an arrest need not retreat or desist from their efforts by reason of resistance or threatened resistance on the part of the person being arrested; nor shall an officer be deemed the aggressor or lose their right to self-defense by the use of objectively reasonable force to effect the arrest, prevent escape or to overcome resistance. Retreat does not mean tactical repositioning or other de-escalation techniques (PC §835a(d)).

300.6.*3* USE OF FORCE TO SEIZE EVIDENCE
In general, officers may use reasonable force to lawfully seize evidence and to prevent the destruction of evidence. However, officers are discouraged from using force solely to prevent a person from swallowing evidence or contraband. In the instance when force is used, officers should not intentionally use any technique that restricts blood flow to the head, restricts respiration or which creates a reasonable likelihood that blood flow to the head or respiration would be restricted.

**300.7 NON-DEADLY FORCE APPLICATIONS**
Any application of force that is not reasonably anticipated and intended to create a substantial likelihood of death or serious bodily injury shall be considered non-deadly force. Each officer is provided with equipment, training and skills to assist in the apprehension and control of suspects as well as protection of officers and the public. Non-deadly force applications may include but are not limited to force options in Policy §§308, and 309 respectively.

**300.8 DEADLY FORCE APPLICATIONS**
The intentional discharge of a firearm at an individual, with the exception of those firearms dedicated to less lethal munitions, constitutes deadly force.

It is the intent of the Department that peace officers use deadly force only, when necessary, in defense of human life. In determining whether deadly force is necessary, officers shall evaluate each situation in light of the particular circumstances of each case and shall use other available resources and techniques if reasonably safe and feasible to an objectively reasonable officer. (Penal Code § 835a(a)(2)). If an objectively reasonable officer would consider it safe and feasible to do so under the totality of the circumstances, officers shall evaluate the use of other reasonably available resources and techniques when determining whether to use deadly force. To the extent that it is reasonably practical, officers should consider their surroundings and any potential risks to bystanders prior to discharging a firearm (GC § 7286(b)(5).

The use of deadly force is only justified when the officer reasonably believes it is necessary in the following circumstances (Penal Code § 835a):

(a) An officer may use deadly force to protect themselves or others from what they reasonably believe is an imminent threat of death or serious bodily injury to the officer or another person.

(b) An officer may use deadly force to apprehend a fleeing person for any felony that threatened or resulted in death or serious bodily injury, if the officer reasonably believes that the person will cause death or serious bodily injury to another unless immediately apprehended.

Officers shall not use deadly force against a person based on the danger that person poses to themselves, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the officer or to another person (PC §835a).

Where feasible, the officer shall, prior to the use of force, make reasonable efforts to identify themselves as a peace officer and to warn that deadly force may be used, unless the officer has objectively reasonable grounds to believe the person is aware of those facts (PC §835a(c)(1)(B)(2)).

300.8.1 SHOOTING AT OR FROM MOVING VEHICLES
Shots fired at or from moving vehicles are rarely effective and may involve additional considerations and risks. When feasible, officers should take reasonable steps to move out of the path of an approaching vehicle instead of discharging their firearm at the vehicle or any of its occupants. An officer should only discharge a firearm at a moving vehicle or its occupants when the officer reasonably believes there are no other reasonable means available to avert the imminent threat of the vehicle, or if deadly force other than the vehicle is directed at the officer or others (GC § 7286(b)).

Officers should not shoot at any part of a vehicle in an attempt to disable the vehicle.
Reaching into a moving vehicle could place an officer, subject or the public in danger. Officers are prohibited from reaching into any moving vehicle unless there are extenuating circumstances.

300.8.2 VEHICLES AS WEAPON
The intentional striking of any person on foot or a bicycle with a motorized vehicle, regardless of the speed involved, shall be considered as the use of deadly force

300.8.3 DISPLAYING OF FIREARMS
Officers should evaluate each tactical situation and use discretion when drawing a firearm in public by considering the following guidelines (GC § 7286(b)):
(a) If the officer does not perceive an imminent threat but reasonably believes that the potential for such threat exists (e.g., building search), firearms should generally be kept in the low-ready or another position not directly toward an individual.
(b) If the officer reasonably believes that an imminent threat exists based on the totality of circumstances presented at the time (e.g., high-risk stop, tactical entry, armed encounter), firearms may be directed toward such imminent threat until the officer no longer perceives such threat.

Once it is reasonably safe to do so, officers should carefully secure all firearms.

300.8.4 WARNING SHOTS
Warning shots are generally prohibited and should only be used in exigent circumstances where an objectively reasonable officer would believe warning shots provide the potential ability to de-escalate a potentially life-threatening incident. Department members shall only fire warning shots if the situation presented would otherwise justify ~~a~~ *the* use of deadly force. Members are never required to fire any warning shots prior to the use of deadly force.

**300.9 REPORTABLE FORCE DEFINED**
Reportable force has occurred when:
(a) Members (including canines) use force and a person is injured, has expressed a complaint of pain, or has been rendered unconscious;
(b) Members strike a person with a body part (e.g., fist, foot, elbow, etc.) or any object (e.g., flashlight, clipboard, etc.) including misses; or
(c) Members use (not merely display) a Department issued weapon (e.g., baton, chemical agents, Taser™, less-lethal, shotgun, firearm, etc.) against another, including misses.

300.9.1 NOTIFICATION TO SUPERVISORS
When any member subjects someone to the use of reportable force, they shall immediately notify a supervisor. Supervisors should also be notified when an individual indicates the intent to pursue litigation, whether or not any force was used.

Except during training, any member who discharges a Department issued or authorized firearm accidentally or intentionally, on or off-duty, shall make a verbal report to an on-duty supervisor as soon as circumstances permit. Supervisors will comply with Policy §310 in regard to an accidental discharge.

300.9.2 DOCUMENTATION OF REPORTABLE USE OF FORCE
Any reportable use of force by a member of this department shall be documented promptly, completely, and accurately in an appropriate report, depending on the nature of the incident. The officer should articulate the factors perceived and why they believed the use of force was reasonable under the circumstances. Members shall document all of the following information when reportable force occurs:

(a) Reason for the initial contact;
(b) Subject's behavior that required the use of force;
(c) Type of force used;
(d) Warnings given;
(e) If the initial force used was adequate or if repeated applications were required and level of resistance;
(f) If equipment functioned properly;
(g) If the subject attempted to take control or took control of the officers' weapons;
(h) If the officer/subject was injured;
(i) Witness statements;
(j) If a supervisor was on scene when the reportable force was used;
(k) Subject's reactions or response to the use of force; and
(l) What was the desired outcome of the use of force and was the outcome achieved.

Following an incident of reportable force, officers shall ensure the subject is photographed. Photographs should include any visible injuries or lack thereof. Members utilizing AXON Records shall click on the "Incident Overview" card. Under the "Case Factors > SPECIAL FACTORS" section, members will check the box that says" Force Used."

300.9.3 MEDICAL TREATMENT
Prior to booking or release, members shall provide/seek appropriate medical assistance for any person(s) who has:

(a) Sustained visible injury;
(b) Expressed a complaint of pain;
(c) Been rendered unconscious;
(d) Received an ECD application (Medical treatment for ECD is outlined in Policy §309);
(e) Been struck with less lethal impact projectiles (requires medical clearance from CRMC).

Suspects in-custody are not allowed to AMA from treatment in the field. A suspect may choose to AMA upon being cited and released.

When possible, members should render CPR/First Aid consistent with training until EMS arrives. If any such individual refuses medical attention, such a refusal shall be fully documented in related reports and, when practical, should be witnessed by another officer and/or medical personnel. If an audio recording is made of contact or an interview with the individual, any refusal should be included, if possible. Persons who exhibit extreme agitation, violent irrational behavior accompanied by profuse sweating, extraordinary strength beyond physical characteristics and unusually high tolerance to pain (sometimes called "excited delirium"), or who require a protracted physical encounter with multiple officers to bring under control may be at an increased risk of sudden death. Calls involving these persons should be considered medical emergencies and these individuals should be examined by qualified medical personnel as soon as practicable. Any individual exhibiting signs of distress after such an encounter shall be medically cleared prior to booking.

300.9.4 SUPERVISOR'S DOCUMENTATION OF REPORTABLE FORCE
When a supervisor is notified, that reportable force occurred, they shall:

(a) Prepare a Use of Force Form using the BlueTeam web interface (Refer to Policy §349); and
(b) Forward via BlueTeam through the supervisor's chain of command.

300.9.5 USE OF FORCE COMPLAINTS
The receipt, processing, and investigation of civilian complaints involving use of force incidents should be handled in accordance with the Personnel Complaints Policy (Government Code § 7286(b)).

**300.10 USE OF FORCE ANALYSIS**
Use of force data obtained from the IAPro Database will be used for comparative analysis and composite reporting. This information will be used to determine effectiveness of force, reliability of equipment, training needs, policy modifications, etc. Access to the database is limited to the Chief of Police or designee and is not available for public dissemination.

Requests from outside the Department for information related to a use of force incident, or civil liability recordings, shall be approved by the Department's Legal Advisor (including D.A. requests) prior to release.

**300.11 ADMINISTRATIVE LEAVE**
Any member who is directly involved in an incident resulting in a serious injury or the death of any person through any act occurring on-duty shall be placed on administrative leave until the member can meet with a competent mental health professional.

**300.12 REPORTING TO THE CALIFORNIA DEPARTMENT OF JUSTICE**
Statistical data regarding all officer-involved shootings and incidents involving use of force resulting in serious bodily injury or death are to be reported to the California Department of Justice as required by GC§12525.2.

**300.13 TRAINING**
Officers, investigators, and supervisors will receive periodic training on this policy and demonstrate their knowledge and understanding (GC § 7286(b)). Subject to available resources, the Training Unit Commander should ensure that officers receive periodic training on de-escalation tactics, including alternatives to force.
Training should also include (GC § 7286(b)):

(a) Guidelines regarding vulnerable populations, including but not limited to children, elderly persons, pregnant individuals, and individuals with physical, mental, and developmental disabilities.
(b) Training courses required by and consistent with POST guidelines set forth in Penal Code § 13519.10.

**300.14 POLICY REVIEW**
The Chief of Police or the authorized designee should regularly review and update this policy to reflect developing practices and procedures (GC § 7286(b)).

**300.15 POLICY AVAILABILITY**
The Chief of Police or the authorized designee should ensure this policy is accessible to the public (GC § 7286(c)).

**300.16 PUBLIC RECORDS REQUESTS**
Requests for public records involving an officer's personnel records shall be processed in accordance with PC § 832.7 and the Personnel Records, Personnel Complaints, and Records Maintenance and Release policies (GC § 7286(b)).