**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| MARTHA ZEPEDA OLIVARES, individually and on behalf of the ESTATE OF MAXIMILIANO SOSA, JR.; MAXIMILIANO SOSA, SR.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, UNKNOWN LAW ENFORCEMENT OFFICERS, POLICE CHIEF PACO BALDERRAMA and DOES 1-30,<br><br>Defendants.<br><br>MARIA SOSA, L.S. by and through guardian ad litem MARIA SOSA, M.S. by and through guardian ad litem JENNIFER LOPEZ, individually and as successors-in-interest to Maximilian Sosa,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO and DOES 1-5,<br><br>Defendants. | Case No. 1:23-cv-01575-JLT-SAB<br><br>District Judge: Jennifer L. Thurston<br>Magistrate Judge:<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**<br>**[Dkt. No. __]** |

Before the Court is Defendants' Motion for Summary Judgment. Having considered the parties' papers, the governing law, and the arguments of counsel at the ____ hearing on the motion,

this Court finds as follows:

1. Pursuant to California Code of Civil Procedure § 377.20, only Plaintiff Martha Olivares has standing to pursue survival claims on decedent's behalf. [OR] Representation of the estate transferred to Plaintiffs Maria Sosa, L.S. and M.S., on _[date]___, and Martha does not have standing to pursue the decedent's claims.

2. Neither Martha Olivares nor Maximiliano Sosa, Sr. have standing to bring wrongful death claims, because they were not financially depended on the decedent.

3. No plaintiff has standing in his or her individual capacity to bring claims for violation of the Fourth Amendment, municipal liability (*Monell*), violation of the Americans with Disabilities Act, negligence, assault, battery, or California's Bane Act, and no plaintiff can recover wrongful death damages on any survival claim brought under 42 U.S.C. § 1983, California's Bane Act.

4. Plaintiffs' cause of action under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment fails as a matter of law because on the undisputed record and in the totality of the circumstances, the Defendant Officers' use of force was reasonable. Alternatively, the Officers are entitled to qualified immunity.

5. Plaintiffs'cause of action under 42 U.S.C. § 1983 for interference with familial relationships in violation of the Fourteenth Amendment fails as a matter of law because on the undisputed record the Defendant Officers' conduct did not shock the conscience. Alternatively, the Officers are entitled to qualified immunity.

6. Plaintiffs'cause of action under 42 U.S.C. § 1983 for municipal liability for unconstitutional custom and practice fails as a matter of law because there is no predicate constitutional violation on which to base liability, and because Plaintiffs have not adduced evidence of a widespread, pervasive practice that is so closely related to the alleged constitutional injury so as to be considered its cause.

7. Plaintiffs'cause of action under 42 U.S.C. § 1983 for municipal liability for constitutionally deficient training fails as a matter of law because there is no predicate constitutional violation on which to base liability, and because Plaintiffs have adduced no evidence of a pattern of similar violations by untrained officers sufficient to put the municipal defendants on notice of the

need for better, different or additional training.

8. Plaintiffs'cause of action under 42 U.S.C. § 1983 for municipal liability based on ratification by a policymaker fails as a matter of law because there is no predicate constitutional violation on which to base liability, and because Plaintiffs have not adduced evidence of any ratification beyond a failure to discipline the Defendant Officers which is insufficient under controlling law.

9. Plaintiffs'common law cause of action for (assault and) battery fails as a matter of law because on the undisputed record and in the totality of the circumstances, the Defendant Officers' use of force was reasonable.

10. Plaintiffs'common law cause of action for negligence fails as a matter of law because on the undisputed record and in the totality of the circumstances, the Defendant Officers' use of force and their pre-force tactical decisions were reasonable and there is no evidence that the Defendant Officers provoked decedent into attacking them.

11. Plaintiffs'common law cause of action for negligence fails as a matter of law because Plaintiffs cannot prove that any of the Defendant Officers' conduct leading up to the use of deadly force caused decedent's injury.

12. Plaintiffs'cause of action for violation of the Bane Act fails as a matter of law because there is no evidence that the Defendant Officers had the specific intent to violate decedent's rights.

13. Plaintiffs'causes of action for violation of the Americans with Disabilities Act, the Rehabilitation Act, and the Unruh Act fail because: (a) there is no evidence that decedent had a disability; (b) even if decedent had a disability, he was not entitled to accommodations because he was a danger to public safety; (c) even if decedent had a disability, Plaintiffs have not adduced evidence that any accommodations were feasible and would have actually helped decedent; and (d) even if decedent was disabled, there is no evidence that any responding officer intentionally discriminated against him.

14. Plaintiffs' request for punitive damages must be stricken because on the undisputed record there is no evidence that any Defendant Officer acted maliciously, despicably, or with evil intent.

IT IS THEREFORE ORDERED that:

1) Defendants' Motion for Summary Judgment [Dkt. __] is GRANTED.

2) The Clerk of the Court shall enter judgment in favor of the CITY OF FRESNO, FORMER POLICE CHIEF PACO BALDERRAMA, JOHN AYERS, BRANDON CROCKETT, JONATHAN ABRAHAM, and ANTHONY AGUILAR on all causes of action in the Olivares Plaintiffs' Fourth Amended Complaint, Dkt. No. 85.

3) The Olivares Plaintiffs shall recover nothing from Defendants.

4) The Clerk of the Court shall enter judgment in favor of the CITY OF FRESNO, FORMER POLICE CHIEF PACO BALDERRAMA, JOHN AYERS, BRANDON CROCKETT, JONATHAN ABRAHAM, and ANTHONY AGUILAR on all causes of action in the Sosa Plaintiffs' Second Amended Complaint, Dkt. No. 63.

5) The Sosa Plaintiffs shall recover nothing from Defendants.

IT IS SO ORDERED.

Dated: ______________________________

______________________________
Hon. Jennifer L. Thurston
United States District Judge