Kevin G. Little, SBN 149818
LAW OFFICE OF KEVIN G. LITTLE
P.O. Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
Email: service@kevinglittle.com

Attorney for Plaintiffs MARTHA ZEPEDA OLIVARES, individually and on behalf of the ESTATE OF MAXIMILIANO SOSA, JR., and MAXIMILIANO SOSA, SR.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| MARTHA ZEPEDA OLIVARES, individually and on behalf of the ESTATE OF MAXIMILIANO SOSA, JR.; MAXIMILIANO SOSA, SR.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, UNKNOWN LAW ENFORCEMENT OFFICERS, POLICE CHIEF PACO BALDERRAMA and DOES 1-30,<br><br>Defendants.<br><br>MARIA SOSA, L.S. by and through guardian ad litem MARIA SOSA, M.S. by and through guardian ad litem JENNIFER LOPEZ, individually and as successors-in-interest to Maximilian Sosa,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO and DOES 1-5,<br><br>Defendants. | Case No. 1:23-cv-01575-JLT-SAB<br><br>District Judge: Hon. Jennifer L. Thurston<br>Magistrate Judge: Hon. Stanley A. Boone<br><br>**PLAINTIFFS MARTHA ZEPEDA OLIVARES AND MAXIMILIANO SOSA, SR.'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT [Fed. R. Civ. P. 56(c)(2)]**<br><br>[Filed concurrently with Memorandum of Points and Authorities; Response to Separate Statement of Undisputed Facts; Statement of Additional Disputed Facts; Declarations of Kevin G. Little, Martha Zepeda Olivares and Maximiliano Sosa, Sr.; Request for Judicial Notice]<br><br>Date: November 20, 2026<br>Time: 9:00 a.m.<br>Crtrm.: 4 |

TO THE HONORABLE COURT, DEFENDANTS, AND THEIR COUNSEL OF RECORD:



KGL
LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego

KGL
LAW OFFICE OF KEVIN G. LITTLE
*Fresno | San Francisco | San Diego*

Pursuant to Federal Rule of Civil Procedure 56(c)(2), Plaintiffs MARTHA ZEPEDA OLIVARES, individually and on behalf of the ESTATE OF MAXIMILIANO SOSA, JR., and MAXIMILIANO SOSA, SR. (the "Olivares Plaintiffs") object to the following material cited in Defendants' Separate Statement of Undisputed Facts (Dkt. 93) on the ground that it cannot be presented in a form that would be admissible in evidence. The Olivares Plaintiffs also join in, and incorporate by reference, every evidentiary objection made by the Sosa Plaintiffs to Defendants' motion papers, whether or not repeated here, and they reserve the right to object to any evidence Defendants first offer in reply.

## I. STANDARD

A party may object that material cited to support a fact "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The proponent bears the burden of showing that the material is admissible as presented or of explaining the admissible form that is anticipated. Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment. A court looks to whether the contents of the evidence could be admissible at trial, not to whether the form in which it is offered is admissible. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003); *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001). The objections below therefore identify, for each item, why its contents could not be presented in admissible form. An affidavit or declaration used to support a fact must be made on personal knowledge, set out facts that would be admissible, and show that the declarant is competent to testify. Fed. R. Civ. P. 56(c)(4).

The Olivares Plaintiffs do not contest authentication of the exhibits that Lt. Zeb Price certified as true copies of City records (Price Decl. ¶¶ 2-3) or that Ms. Sorensen identified as deposition excerpts, with the exception noted for Ex. 2. Nor do they object to the City's regularly kept business and public records as records. Their objections are directed to statements of private persons recorded in or offered through those materials, and to the other grounds stated below, which authentication does not cure.

KGL
LAW OFFICE OF KEVIN G. LITTLE
*Fresno | San Francisco | San Diego*

## II. GENERAL OBJECTIONS

First, much of what Defendants cite as proof is the unsworn statement of a person who has not testified: Maria Sosa's interview with Detective Rockwell (Ex. 10), the statement of the nonparty Damian Rodriguez in his interview (Ex. 11), and the statements of Maria and other callers on the 911 recordings and transcripts (Exs. 1, 2). These are out-of-court statements, and the objections below identify the statement and the purpose for which each is offered. Where one out-of-court statement is repeated inside another, each layer needs its own exclusion or exception. Fed. R. Evid. 805.

Second, Defendants cannot treat Max Sr.'s or Max's alleged statements, or Maria's, as admissions of Martha or Max Sr. Fed. R. Evid. 801(d)(2) reaches only a statement offered against the party who made it, or whose agent or representative made it, or against a party whose claim is directly derived from the declarant. The wrongful death claims of Martha and Max Sr., and their Fourteenth Amendment claims, are their own claims. Statements by Max or Maria are therefore hearsay as against them unless some other rule applies. Fed. R. Evid. 803(3) does not help Defendants where, as with the amount of an alleged debt, the statement looks backward and is offered to prove the fact remembered. The Olivares Plaintiffs make the same objection to the extent the statements are offered against the Estate on the survival claims, and ask that any ruling admitting Max's statements against the Estate be limited to the Estate and those claims.

Third, the Olivares Plaintiffs object to any testimony of Maria Sosa, whether given in interview or at deposition, about Max's finances, his father's business, the existence or amount of any debt, or any garnishment, to the extent it is offered to prove those underlying facts. She did not run the business, she testified that she stopped asking Max about it, and the figure she gives could only have come from something he said. Her testimony does not show personal knowledge of those facts, Fed. R. Evid. 602, and what Max told her is hearsay when offered to prove them. Fed. R. Evid. 802.

Fourth, where an objection below is to the use of material to prove the truth of what it says, the Olivares Plaintiffs do not object to its use for the limited purpose of showing what

information the Officers received, but only if Defendants show that the Officers actually received it before they used force.

## III. SPECIFIC OBJECTIONS

| NO. | MATERIAL OBJECTED TO | GROUNDS | RULING |
|---|---|---|---|
| 1. | SUF 159 and 160 (Mot. at 64): Ex. 10 [Sosa Interview] at 5, 6, 8.<br><br>Offered to prove that in 2014 Max Sr. "signed over" his business to Max and that Max "assumed over $50,000 in debt." | Hearsay (Fed. R. Evid. 801(c), 802). Ex. 10 is Detective Rockwell's unsworn interview of Maria Sosa on November 4, 2023. It is an out-of-court statement offered for its truth. Authentication by the custodian (Price Decl. ¶ 12) shows only that the transcript is what it purports to be; it does not make what is said in it admissible. The objection is to use of the interview for the truth of the alleged transfer and debt, not to any nonhearsay purpose.<br><br>Hearsay within hearsay (Fed. R. Evid. 805). On the cited pages Maria repeats what Max and Max Sr. told her about the business and the debt. Defendants identify no exception for either layer.<br><br>Lack of personal knowledge and speculation (Fed. R. Evid. 602). Maria did not run the business. She testified that she "stopped asking questions about that" and that she did not know whether Max was involved in any business-related legal matter. Ex. 23 [Maria Dep.] 115:3-6. She has no personal knowledge of the business, its liabilities, or its accounts.<br><br>Fed. R. Evid. 803(3) does not apply. A statement of memory or belief offered to prove the fact remembered is excluded from that exception. Fed. R. Evid. 801(d)(2) does not apply either: Maria is not a party-opponent of the Olivares Plaintiffs, and Max's statements are offered against Martha and Max Sr. on their own claims, which belong to them and not to Max. | Sustained<br><br>Overruled<br><br>____ |
| 2. | SUF 160 (Mot. at 64): Ex. 23 [Maria Dep.] 115:19-25.<br><br>SUF 162 (Mot. at 64): Ex. 23 [Maria Dep.] 116:16-21.<br><br>SUF 161 (Mot. at 64): Ex. 23 [Maria Dep.] 116:22-24. | Lack of personal knowledge and speculation (Fed. R. Evid. 602). Maria's answers are framed as what she "believe[s]" (115:17, 115:25, 116:20) and what her "understanding" was (116:19). She had just testified, "I don't know. . . . I stopped asking questions about that." 115:3-6. Testimony of | Sustained<br><br>Overruled<br><br>____ |



KGL
LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego

KGL
LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego

| NO. | MATERIAL OBJECTED TO | GROUNDS | RULING |
|---|---|---|---|
| | Offered to prove that Max assumed "a lot of debt" and "more than" $50,000, that the debt was unresolved, and that his wages were garnished. | belief and understanding, without a stated basis in personal knowledge, does not establish the underlying fact. Fed. R. Civ. P. 56(c)(4).<br><br>Hearsay and hearsay within hearsay (Fed. R. Evid. 801, 802, 805). Maria's source is Max. Asked whether a relative signed over a business, she answered, "That's what Max told me, yes." 115:7-11. The remaining answers are a one-word "Yes" to leading questions that repeat what she told the detective in Ex. 10 ("A lot of debt, yes," 115:22; "Yes," 116:24, to a question that ends "at least according to your statement"). A witness's one-word agreement to a summary of her own earlier unsworn statement does not supply the knowledge she lacks.<br><br>The testimony is also contradicted by Max Sr., who has personal knowledge, and who testified that he took the business back in his own name in mid-2014 and paid everything that was owed on it. Ex. 25 [Max Sr. Dep.] 26:3-27:11. The Olivares Plaintiffs rely on that testimony in responding to SUF 159-162. | |
| 3. | SUF 159 (Mot. at 64): Ex. 25 [Max Sr. Dep.] 16:15-22; 25:25-26:6. | Incomplete and misleading excerpt (Fed. R. Evid. 106). The cited lines show only that Max Sr. put the business in Max's name. The testimony that follows immediately, at 26:7-27:11, states that he changed it back to his own name in mid-2014 and paid everything that needed to be paid. Without it, the excerpt leaves a misleading impression about who owned the business and whether any debt remained. The Olivares Plaintiffs ask only that 26:7-27:11 be considered with the portion Defendants cite. | Sustained<br><br>Overruled<br><br>____ |
| 4. | SUF 10 (Mot. at 51): Ex. 11 [Rodriguez Interview] at FRESNO 000437, 000439-440.<br><br>SUF 182 and 183 (Mot. at 67): Ex. 11, cited as "[Incident Report]," at FRESNO 000436, 000441. | Hearsay and hearsay within hearsay (Fed. R. Evid. 801, 802, 805). Ex. 11 is Detective Rockwell's transcript of his November 8, 2023 interview of a nonparty, Damian Rodriguez, four days after the shooting. (Sorensen Decl. ¶ 11. SUF 182 and 183 label it an "Incident Report.") It records what a private person said, and Rodriguez in | Sustained<br><br>Overruled<br><br>____ |

KGL
LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego

| NO. | MATERIAL OBJECTED TO | GROUNDS | RULING |
|---|---|---|---|
| | Offered to prove what Max texted to friends and what he said to his friend Damian before returning to the apartment. | turn recounts what Max told him. Each layer needs its own exclusion or exception.<br><br>Defendants have not shown that this material can be presented in an admissible form at trial, or explained the admissible form they anticipate, as Fed. R. Civ. P. 56(c)(2) and its 2010 committee note require of the proponent. They offer no declaration or testimony from Rodriguez, and SUF 182 and 183 rest on the interview alone. | |
| 5. | SUF 2, 6, 7, 8, 9, 11, 12, 16, 21, 35, 88, 89, 92, 98, 156 and 158 (Mot. at 50-58, 64): Ex. 10 [Sosa Interview], the cited pages.<br><br>SUF 35 (Mot. at 52) is supported by Ex. 10 alone. SUF 12 (Mot. at 51) is supported by Ex. 10 and the screenshots. | Hearsay (Fed. R. Evid. 801, 802) and hearsay within hearsay where Maria relays what Max said (Fed. R. Evid. 805). Ex. 10 is an unsworn narrative given to a detective hours after the shooting. It is not a deposition, declaration, or affidavit. It is not a statement of a party-opponent as to the Olivares Plaintiffs.<br><br>The Olivares Plaintiffs object to each use of Ex. 10 to prove the truth of what it says, including Max's alleged statements to Maria, his alleged threats, the sequence of phone calls, the dimensions and handling of the scissors, and what Maria says Max looked at and did. Where Defendants also cite deposition testimony from a witness with personal knowledge, the objection is to Ex. 10 alone. Where Ex. 10 stands by itself (SUF 35 and, apart from the screenshots, SUF 12), the fact is unsupported by admissible evidence.<br><br>To the extent Defendants contend that particular statements show Max's then-existing state of mind under Fed. R. Evid. 803(3), they have not said which statements, and a statement about a past event or a remembered fact is outside that rule. The proponent bears the burden under Fed. R. Civ. P. 56(c)(2) of showing the admissible form it anticipates. | Sustained<br><br>Overruled<br><br>____ |
| 6. | SUF 17, 18, 19 (Mot. at 51): Ex. 1 [911 Tr.]; Ex. 14 [911 Audio]. | Hearsay and hearsay within hearsay (Fed. R. Evid. 801, 802, 805) to the extent offered to prove that Max took a bottle of tequila, went to confront anyone, threatened to kill himself or another, or said he wanted to die. | Sustained<br><br>Overruled<br><br>____ |

| NO. | MATERIAL OBJECTED TO | GROUNDS | RULING |
|---|---|---|---|
| | SUF 39, 40, 41 (Mot. at 53): Ex. 2 [Second 911 Tr.]; Ex. 15 [Second 911 Audio].<br><br>Offered to prove Maria's reports to the dispatcher and, through her, what Max had said or done. | The Olivares Plaintiffs do not object to the recordings for the limited purpose of showing what information was communicated to the Officers, if Defendants establish that the Officers received it, but they object to their use to prove the truth of what was said. Maria's report to the dispatcher and what she says Max said or did are separate layers, and each needs its own basis. Fed. R. Evid. 805.<br><br>Authentication of Ex. 2 (Fed. R. Evid. 901). The Price Declaration does not cover the second 911 transcript, and Defendants' counsel lists it among the exhibits not supported by that declaration. (Sorensen Decl. ¶ 31 lists Exs. 1, 3-11 and 13-22.) The Olivares Plaintiffs do not contest the audio (Exs. 14 and 15). | |
| 7. | SUF 3, 9, 11, 12 (Mot. at 50-51): Ex. 12 [Screenshots]. | Completeness (Fed. R. Evid. 106). Selected screenshots of a longer exchange do not show the whole conversation. The Olivares Plaintiffs do not contest authentication, which Defendants attribute to Maria's deposition (Sorensen Decl. ¶ 12).<br><br>Hearsay (Fed. R. Evid. 801, 802, 805) as to any message written by a person other than Max, or by Max to a third person, offered to prove its truth. Max's own words are not a statement of a party-opponent as to the Olivares Plaintiffs. | Sustained<br><br>Overruled<br><br>_____ |

Dated: October 30, 2026

LAW OFFICE OF KEVIN G. LITTLE

By: */s/ Kevin G. Little*
Kevin G. Little
Attorney for Plaintiffs MARTHA ZEPEDA OLIVARES, individually and on behalf of the ESTATE OF MAXIMILIANO SOSA, JR., and MAXIMILIANO SOSA, SR.

KGL
LAW OFFICE OF KEVIN G. LITTLE
*Fresno | San Francisco | San Diego*

KGL
LAW OFFICE OF KEVIN G. LITTLE
*Fresno | San Francisco | San Diego*

**[PROPOSED] ORDER ON PLAINTIFFS' EVIDENTIARY OBJECTIONS**

Having considered the Evidentiary Objections of Plaintiffs Martha Zepeda Olivares and Maximiliano Sosa, Sr. to the evidence cited in support of Defendants' Motion for Summary Judgment (Dkt. 93), and good cause appearing, the Court rules on each objection as indicated in the Ruling column of the Objections. Where an objection is SUSTAINED in whole or in part, the Court has not considered the evidence for the purpose, or to the extent, stated in the objection. Fed. R. Civ. P. 56(c)(2).

IT IS SO ORDERED.

Dated: ____________________

____________________________________
UNITED STATES DISTRICT JUDGE