Mildred K. O'Linn (State Bar No. 159055)
*missy.olinn@manningkass.com*
Maya Sorensen (State Bar No. 250722)
*Maya.Sorensen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF FRESNO, FMR. POLICE CHIEF PACO BALDERRAMA, JOHN AYERS, BRANDON CROCKETT, JONATHAN ABRAHAM, and ANTHONY AGUILAR

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

MARTHA ZEPEDA OLIVARES, individually and on behalf of the ESTATE OF MAXIMILIANO SOSA, JR.; MAXIMILIANO SOSA, SR.,

Plaintiffs,

v.

CITY OF FRESNO, UNKNOWN LAW ENFORCEMENT OFFICERS, POLICE CHIEF PACO BALDERRAMA and DOES 1-30,

Defendants.

MARIA SOSA, L.S. by and through guardian ad litem MARIA SOSA, M.S. by and through guardian ad litem JENNIFER LOPEZ, individually and as successors-in-interest to Maximilian Sosa,

Plaintiffs,

v.

CITY OF FRESNO and DOES 1-5,

Defendants.

Case No. 1:23-cv-01575-JLT-SAB

District Judge: Jennifer L. Thurston
Magistrate Judge: Stanley A. Boone

**DEFENDANTS' RESPONSE TO PLAINTIFFS MARIA SOSA, L.S. AND M.S.'S EVIDENTIARY OBJECTIONS**

Judge: Hon. Jennifer L. Thurston
Date: November 20, 2026
Time: 9:00 a.m.
Crtrm.: 4

MANNING | KASS

# I. INTRODUCTION

The Sosa Plaintiffs did not separately state any objections to Defendants' evidence but included their objections in response to Defendants' Separate Statement of Undisputed Material Facts. Dkt. Nos. 93-1, 99-1. Defendants hereby respond to those objections. The Sosa Plaintiffs' objections should be overruled because they frequently challenge the present form of the summary-judgment materials rather than demonstrating that their contents cannot be presented in an admissible form at trial. Several objections also disregard relevant nonhearsay purposes, seek categorical exclusion without regard to the purpose for which a statement is offered, or concern weight rather than admissibility.

# II. LEGAL STANDARD

At summary judgment, the relevant inquiry is whether the cited material can be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2). The Court considers whether the contents of the evidence could be admissible at trial, not merely whether the evidence is presently submitted in an admissible form. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003); *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001).

Accordingly, an objection should not be sustained merely because evidence appears in an interview transcript, recording, or other form that would not itself be admitted at trial. The Court may consider the material when its contents may be presented through competent testimony, authenticated recordings or documents, or another admissible form.

# III. RESPONSE TO SPECIFIC OBJECTIONS

## A. Defendants' Exhibit 3 – CAD Log (Response to SUF 33, 34)

In response to Facts 33 and 34, the Sosa Plaintiffs object to Exhibit 3, the Fresno Police Department's CAD log of the subject incident, as hearsay. Defendants note that the Sosa Plaintiffs also relied on this exhibit. *See* Sosa Plaintiffs' Response to Fact No. 20. The Sosa Plaintiffs cannot have it both ways: the document is not inadmissible hearsay when it is detrimental to them but admissible nonhearsay when it (presumably) favors them.

Regardless, the Court should overrule the objection. Dispatch communications and information relayed to responding officers are relevant to notice, knowledge, and the circumstances

confronting the officers, irrespective of whether every reported fact was true. The recordings may also be admissible upon the appropriate foundation and satisfaction of the applicable evidentiary requirements. Moreover, the recordings could fall under several exceptions including present sense impression, excited utterance, and records of regularly conducted activity. FRE 803(5), FRE 803(1)(2)&(6).

**B. Defendants' Exhibit 7 – Incident Report (Response to SUF 23)**

In response to Fact 23, the Sosa Plaintiffs object to Exhibit 7, the Fresno Police Department's Incident Report of the subject incident, as hearsay. The Court should overrule the objection. The report in its current form does not establish that its contents cannot be presented in an admissible form at trial. The reporting officers can testify to matters within their personal knowledge, including events they personally observed. The report may also be relevant for nonhearsay purposes, including notice, knowledge, and the circumstances confronting the officers, irrespective of whether every reported fact was true. And the incident report may fall under several hearsay exceptions, including recorded recollection and record of a regularly conducted activity. *See* FRE 803(5), 803(6).

**C. Defendants' Exhibit 11 – Rodriguez Interview (Response to SUF 182, 183)**

In response to Facts 182 and 183, the Sosa Plaintiffs object to Exhibit 11, the transcript of Detective Ryan Rockwell's interview with Damian Rodriguez,  as hearsay. The objection should be overruled. The present form of the interview does not establish that its contents cannot be presented in an admissible form at trial. Rodriguez may testify to matters within his personal knowledge, including communications he personally received or observed, subject to the applicable evidentiary rules. Furthermore, this interview could fall under the recorded recollection exception, and Max's statements as related to Rodriguez may fall exceptions for excited utterance and statement of then-existing mental or emotional condition. *See* FRE 803(2), 803(3), 803(5). The Court should also distinguish between statements offered for their truth and statements offered to establish mental state, effect on the hearer, or the occurrence and context of communications. Any objection to a particular statement should be resolved according to its asserted purpose rather than through categorical exclusion of the entire interview.

///

MANNING | KASS

MANNING | KASS

### D. Citations to Ayers' Bodyworn Camera Footage (Response to SUF 53-62)

In response to Facts 53 through 62, the Sosa Plaintiffs object that Defendants' citation to an excerpt of Officer Ayers' bodyworn camera video fails to inform the Court of "the particular portions of the record relied on." Not so. Defendants' citation to a seven-minute excerpt of a 48-minute video is reasonable and satisfies Defendants' obligation to identify "with reasonable particularity" the evidence that supports their motion. *Keenan v.* Allan, 91 F.3d 1275, 1279 (9th Cir. 1996). The Sosa Plaintiffs' cited authorities are readily distinguishable. In *Keenan*, the court chastised counsel for a record citation that "[took] up most of three volumes" of the record, rendering the evidentiary record "impenetrable." 91 F.3d at 1278-79. And in *Carmen v. San Francisco Unified School District*, the moving party relied on a declaration filed two years before the summary judgment motion was filed, but she "did not quote," "mention," or otherwise inform the court of the existence of the declaration. 237 F.3d 1026, 1028-29 (9th Cir. 2001). On those facts, the Ninth Circuit concluded it was not the district court's responsibility to "search the entire record for a genuine issue of fact" or to "perform the lawyer's duty" for the moving party. *See id.* at 1031. Nothing even approximating these circumstances has occurred here. The Court should overrule this objection.

DATED: November 9, 2026

Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Maya Sorensen
Maya Sorensen
Attorneys for Defendants, CITY OF FRESNO, FMR. POLICE CHIEF PACO BALDERRAMA, JOHN AYERS, BRANDON CROCKETT, JONATHAN ABRAHAM, and ANTHONY AGUILAR