Mildred K. O'Linn (State Bar No. 159055)
*missy.olinn@manningkass.com*
Maya Sorensen (State Bar No. 250722)
*Maya.Sorensen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF FRESNO, FMR. POLICE CHIEF PACO BALDERRAMA, JOHN AYERS, BRANDON CROCKETT, JONATHAN ABRAHAM, and ANTHONY AGUILAR

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

MARTHA ZEPEDA OLIVARES, individually and on behalf of the ESTATE OF MAXIMILIANO SOSA, JR.; MAXIMILIANO SOSA, SR.,

Plaintiffs,

v.

CITY OF FRESNO, UNKNOWN LAW ENFORCEMENT OFFICERS, POLICE CHIEF PACO BALDERRAMA and DOES 1-30,

Defendants.

---

MARIA SOSA, L.S. by and through guardian ad litem MARIA SOSA, M.S. by and through guardian ad litem JENNIFER LOPEZ, individually and as successors-in-interest to Maximilian Sosa,

Plaintiffs,

v.

CITY OF FRESNO and DOES 1-5,

Defendants.

Case No. 1:23-cv-01575-JLT-SAB

District Judge: Jennifer L. Thurston
Magistrate Judge: Stanley A. Boone

**DEFENDANTS' RESPONSE TO PLAINTIFFS MARTHA ZEPEDA OLIVARES AND MAXIMILIANO SOSA, SR.'S EVIDENTIARY OBJECTIONS**

*Filed concurrently with*

Judge: Hon. Jennifer L. Thurston
Date: November 20, 2026
Time: 9:00 a.m.
Crtrm.: 4

MK MANNING | KASS

## INTRODUCTION

Defendants hereby respond to the evidentiary objections submitted by Plaintiffs Martha Zepeda Olivares, individually and on behalf of the Estate of Maximiliano Sosa, Jr., and Maximiliano Sosa, Sr. (collectively, the "Olivares Plaintiffs").

The Olivares Plaintiffs object under Federal Rule of Civil Procedure 56(c)(2) to evidence cited in Defendants' Separate Statement of Undisputed Facts and contend that the evidence cannot be presented in an admissible form. Their objections should be overruled because they frequently challenge the present form of the summary-judgment materials rather than demonstrating that their contents cannot be presented in an admissible form at trial. Several objections also disregard relevant nonhearsay purposes, seek categorical exclusion without regard to the purpose for which a statement is offered, or concern weight rather than admissibility.

## LEGAL STANDARD

At summary judgment, the relevant inquiry is whether the cited material can be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2). The Court considers whether the contents of the evidence could be admissible at trial, not merely whether the evidence is presently submitted in an admissible form. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003); *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001).

Accordingly, an objection should not be sustained merely because evidence appears in an interview transcript, recording, or other form that would not itself be admitted at trial. The Court may consider the material when its contents may be presented through competent testimony, authenticated recordings or documents, or another admissible form.

## RESPONSE TO GENERAL OBJECTIONS

### A. Statements Contained in Interviews and 911 Materials

The Olivares Plaintiffs generally characterize Maria Sosa's interview, Damian Rodriguez's interview, and statements contained in the 911 recordings and transcripts as unsworn out-of-court statements. That characterization does not establish that the contents cannot be presented in an admissible form at trial. The declarants may testify to matters within their personal knowledge, and authenticated recordings may be offered subject to an appropriate foundation and an

applicable nonhearsay purpose or hearsay exclusion or exception. "If the contents of a document can be presented in a form that would be admissible at trial—for example, through live testimony by the author of the document—the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment." *Sandoval v. County of San Diego*, 985 F.3d 657, 666 (9th Cir 2021).

Furthermore, the interviews fall under the recorded recollection exception and the 911 calls fall under several exceptions including present sense impression, excited utterance, and records of regularly conducted activity. FRE 803(5), FRE 803(1)(2)&(6).

The objections also improperly assume that every statement is offered for its truth. Statements may be relevant to establish what was communicated, the listener's knowledge, notice, effect on the listener, or the information available to the responding officers. To the extent a statement contains multiple levels of hearsay, Defendants must establish an appropriate basis for each level only when the statement is offered for its truth. Fed. R. Evid. 805.

**B. Statements Attributed to Maximiliano Sosa, Jr., Maximiliano Sosa, Sr., and Maria Sosa**

The Olivares Plaintiffs contend that statements attributed to Maximiliano Sosa, Jr., Maximiliano Sosa, Sr., or Maria Sosa cannot be treated as admissions against Martha Zepeda Olivares or Maximiliano Sosa, Sr. on their individual claims. The objection is overbroad because admissibility depends on the particular statement, the claim for which it is offered, and its evidentiary purpose. Defendants do not contend that every statement by one declarant is automatically admissible against every plaintiff for every purpose.

The Court should assess each statement in relation to the particular claim and purpose for which Defendants cite it. If necessary, the Court may limit its consideration of a statement to the claim or party against whom it is admissible rather than exclude it categorically.

**C. Maria Sosa's Knowledge of Financial and Business Matters**

The Olivares Plaintiffs contend that Maria Sosa lacks personal knowledge of Maximiliano Sosa, Jr.'s finances, his father's business, any debt, and any garnishment. This categorical objection conflates admissibility with weight. Maria Sosa may testify to matters she personally



MK MANNING | KASS

observed, statements she heard, and her own understanding when relevant for a permissible purpose. Any limitations in the basis or extent of her knowledge may be explored through cross-examination and considered in determining the weight of her testimony.

Defendants do not ask the Court to infer personal knowledge merely from speculation. The Court should evaluate the cited testimony in context and determine whether the record provides a sufficient foundation for the particular proposition at issue.

**D. Information Communicated to Officers**

The Olivares Plaintiffs acknowledge that the challenged material may be used for the limited purpose of showing information received by the officers if Defendants establish that the officers received it before using force. The general objection therefore does not support wholesale exclusion. Evidence of information communicated to responding officers is not hearsay when offered to show notice, knowledge, or effect on the listener rather than the truth of the communication. The Court should consider such evidence for those purposes upon the requisite showing.

## RESPONSE TO SPECIFIC OBJECTIONS

**Objection No. 1: Maria Sosa Interview Concerning the Business and Debt**

Objection No. 1 challenges Exhibit 10 as cited in SUF 159 and 160, arguing that Maria Sosa's interview contains hearsay, hearsay within hearsay, speculation, and statements unsupported by personal knowledge concerning the transfer of a business and more than $50,000 in debt.

The objection should be overruled without prejudice to a purpose-specific objection at trial. The fact that Exhibit 10 records an unsworn interview does not establish that its contents cannot be presented through admissible testimony. Maria Sosa may testify to matters within her personal knowledge, including conversations she personally heard, subject to an appropriate evidentiary basis for offering the statements.

Any statement offered to show Maria Sosa's knowledge, understanding, notice, or state of mind is not necessarily offered for its truth. Moreover, whether a particular statement may be considered against an individual plaintiff, the Estate, or only on a particular claim should be



MANNING | KASS

resolved by limiting its use rather than excluding the evidence categorically. Finally, this interview could fall under FRE 803(5) recorded recollection exception.

**Objection No. 2: Maria Sosa Deposition Testimony**

Objection No. 2 challenges Maria Sosa's deposition testimony at pages 115 and 116, asserting that her references to her belief or understanding lack personal knowledge and derive from statements by Maximiliano Sosa, Jr.

The objection should be overruled. Deposition testimony is competent summary-judgment evidence when based on personal knowledge and capable of presentation in admissible form. The use of words such as "believe" or "understanding" does not, by itself, establish that the witness lacked a factual basis for the testimony. The testimony must be considered in its full context. The Olivares Plaintiffs additionally contend that Maximiliano Sosa, Sr.'s testimony contradicts Maria Sosa's testimony concerning ownership of the business and payment of its obligations. A conflict between witnesses presents an issue of weight or a factual dispute; it is not an independent basis for excluding either witness's testimony.

**Objection No. 3: Maximiliano Sosa, Sr. Deposition Excerpts**

Objection No. 3 does not seek categorical exclusion but asks the Court to consider pages 26:7–27:11 of Maximiliano Sosa, Sr.'s deposition together with the excerpts cited by Defendants in support of SUF 159.

Defendants do not oppose the Court's consideration of properly submitted contextual testimony. The request to consider additional testimony, however, does not render Defendants' cited excerpts inadmissible. The Court should consider the relevant portions of the deposition and determine their significance in light of the complete record. Objection No. 3 should therefore be overruled as an objection to admissibility.

**Objection No. 4: Damian Rodriguez Interview**

Objection No. 4 challenges Exhibit 11, Damian Rodriguez's interview, as cited in SUF 10, 182, and 183, on the ground that the interview recounts statements made by Rodriguez and statements attributed by Rodriguez to Maximiliano Sosa, Jr.

The objection should be overruled. The present form of the interview does not establish



MK MANNING | KASS

that its contents cannot be presented in an admissible form at trial. Rodriguez may testify to matters within his personal knowledge, including communications he personally received or observed, subject to the applicable evidentiary rules. Furthermore, this interview could fall under FRE 803(5) recorded recollection exception.

The Court should also distinguish between statements offered for their truth and statements offered to establish notice, the effect on Rodriguez, or the occurrence and context of communications. Any objection to a particular statement should be resolved according to its asserted purpose rather than through categorical exclusion of the entire interview.

**Objection No. 5: Maria Sosa Interview Concerning Events Before the Shooting**

Objection No. 5 challenges the use of Maria Sosa's interview in connection with SUF 2, 6–9, 11, 12, 16, 21, 35, 88, 89, 92, 98, 156, and 158. The objection encompasses statements concerning alleged threats, telephone calls, scissors, and Maria Sosa's observations of Maximiliano Sosa, Jr.'s conduct.

The objection should be overruled because it treats distinct statements and observations as though they present a single evidentiary issue. Maria Sosa may testify to conduct she personally observed and words she personally heard. Her descriptions of what she saw are not hearsay. Statements may also be admissible for a nonhearsay purpose or under an applicable exclusion or exception, depending on the particular statement and the purpose for which it is offered. Where Defendants cite other testimony or documentary evidence supporting the same fact, any objection to Exhibit 10 does not eliminate that independent evidence. The Court should evaluate each asserted fact based on the complete record.

**Objection No. 6: 911 Recordings and Transcripts**

Objection No. 6 challenges the 911 recordings and transcripts cited in SUF 17–19 and 39–41 when offered to prove reports concerning Maximiliano Sosa, Jr.'s conduct and statements. The Olivares Plaintiffs do not contest the audio recordings and acknowledge that the communications may be considered to show information received by the officers if Defendants establish that the officers received it.

The objection should be overruled to that extent. Communications to a dispatcher and

information relayed to responding officers are relevant to notice, knowledge, and the circumstances confronting the officers, irrespective of whether every reported fact was true. The recordings may also be admissible upon the appropriate foundation and satisfaction of the applicable evidentiary requirements. Moreover, the recordings could fall under several exceptions including present sense impression, excited utterance, and records of regularly conducted activity. FRE 803(5), FRE 803(1)(2)&(6).

The Olivares Plaintiffs separately contend that the Price Declaration does not authenticate the second 911 transcript identified as Exhibit 2, although they do not contest the corresponding audio. Any deficiency concerning the transcript's authentication does not require exclusion of the authenticated audio or prevent Defendants from authenticating the transcript through a competent witness or comparison with the recording. The Court may consider the audio itself and treat the transcript as an aid, subject to an appropriate foundation.

**Objection No. 7: Screenshots**

Objection No. 7 challenges screenshots cited in SUF 3, 9, 11, and 12 on completeness and hearsay grounds, while expressly declining to contest their authentication.

The objection should be overruled. A completeness concern ordinarily supports consideration of additional portions necessary to place the cited material in context; it does not automatically make the cited screenshots inadmissible. The Olivares Plaintiffs may submit any additional portions they contend are necessary for a fair understanding of the exchange.

The hearsay objection is likewise overbroad. The Court must consider the author of each message, the party or claim against whom it is offered, and the purpose for which it is offered. Messages may be relevant for nonhearsay purposes, including their effect on the recipient, notice, knowledge, and the context of subsequent conduct. The screenshots should not be excluded categorically.

///

///

///

///





MK MANNING | KASS

MANNING | KASS

## CONCLUSION

Defendants respectfully request that the Court overrule the Olivares Plaintiffs' general and specific evidentiary objections. In the alternative, the Court should consider the challenged evidence only for its permissible purposes, consider any additional portions necessary for context, and defer any remaining purpose-specific objections until the evidence is offered in its anticipated admissible form.

DATED: November 9, 2026

Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Maya Sorensen
Maya Sorensen
Attorneys for Defendants, CITY OF FRESNO, FMR. POLICE CHIEF PACO BALDERRAMA, JOHN AYERS, BRANDON CROCKETT, JONATHAN ABRAHAM, and ANTHONY AGUILAR